**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Central District of California

Case number (*If known*): _____

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy          06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Bin<br>First name<br><br>Middle name<br><br>Zhang<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 3 5 7 8<br>OR<br>9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ ___ |

Debtor 1    Bin      Zhang

First Name    Middle Name     Last Name

Case number (*if known*)_____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Your Employer Identification Number (EIN), if any.** | EIN __ __ – __ __ __ __ __ __ __<br><br>EIN __ __ – __ __ __ __ __ __ __ | EIN __ __ – __ __ __ __ __ __ __<br><br>EIN __ __ – __ __ __ __ __ __ __ |
| **5. Where you live** | 33276 Alagon St<br>Number   Street<br><br>Temecula    CA   92592<br>City      State   ZIP Code<br>Riverside<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number   Street<br><br>P.O. Box<br><br>City      State   ZIP Code | **If Debtor 2 lives at a different address:**<br><br>Number   Street<br><br>City      State   ZIP Code<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>Number   Street<br><br>P.O. Box<br><br>City      State   ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)<br><br>_____<br>_____<br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)<br><br>_____<br>_____<br>_____ |

| Debtor 1 | Bin | Zhang | Case number *(if known)*_____ |
|---|---|---|---|
| | First Name    Middle Name | Last Name | |

---

**Part 2:**    **Tell the Court About Your Bankruptcy Case**

---

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

---

**8.** **How you will pay the fee**

☑ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments**. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

☐ No.

☑ Yes.

| District | Central District of CA | When | 12/30/2025 | Case number | 25-19302 |
|---|---|---|---|---|---|
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No.

☐ Yes.

| Debtor | _____ | | Relationship to you | _____ |
|---|---|---|---|---|
| District | _____ | When _____ | Case number, if known | _____ |
| | | MM / DD / YYYY | | |
| Debtor | _____ | | Relationship to you | _____ |
| District | _____ | When _____ | Case number, if known | _____ |
| | | MM / DD / YYYY | | |

---

**11.** **Do you rent your residence?**

☑ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Debtor 1    __Bin__      __Zhang__        Case number *(if known)*_____
      First Name    Middle Name     Last Name

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number     Street

_____

_____
City                    State      ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

Debtor 1    Bin _____ Zhang _____    Case number *(if known)* _____

| | |
|---|---|
| First Name | Middle Name | Last Name |

---

**Part 4:** **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.    What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
Number          Street

_____

_____
City                                          State        ZIP Code

| Debtor 1 | Bin | Zhang | | Case number *(if known)*_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

- ☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

  Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

  Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

- ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

  To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

  Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

  If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

  Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

- ☐ **I am not required to receive a briefing about credit counseling because of:**

  - ☐ **Incapacity.**    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  - ☐ **Disability.**    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  - ☐ **Active duty.**    I am currently on active military duty in a military combat zone.

  If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

  Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

  Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

- ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

  To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

  Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

  If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

  Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

- ☐ **I am not required to receive a briefing about credit counseling because of:**

  - ☐ **Incapacity.**    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  - ☐ **Disability.**    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  - ☐ **Active duty.**    I am currently on active military duty in a military combat zone.

  If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1 ___Bin___ ___Zhang___    Case number (if known)_____
First Name    Middle Name    Last Name

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
| --- | --- |

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☑ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ No. I am not filing under Chapter 7. Go to line 18.

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☑ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| **Part 7:** | **Sign Below** |
| --- | --- |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ *Bin Zhang* ✗ _____
Signature of Debtor 1    Signature of Debtor 2

Executed on _02/02/2026_    Executed on _____
MM / DD / YYYY    MM / DD / YYYY

Debtor 1   __Bin_____Zhang_____        Case number (if known)_____
      First Name   Middle Name   Last Name

| **For your attorney, if you are represented by one**<br><br>**If you are not represented by an attorney, you do not need to file this page.** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|

✖  _____*Zheng Liu*_____        Date    __02/02/2026_____
     Signature of Attorney for Debtor                                 MM  /  DD  / YYYY

__Zheng "Andy" Liu_____
Printed name

__Aptum Law_____
Firm name

__1660 S Amphlett Blvd Suite 315_____
Number    Street

_____

__San Mateo_____ __CA___ __94402_____
City                                    State     ZIP Code

Contact phone __650-475-6289_____        Email address __Andy.Liu@AptumLaw.us__

__279327_____ __CA___
Bar number                                    State

**Fill in this information to identify your case and this filing:**

| | | |
|---|---|---|
| Debtor 1 | Bin | Zhang |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | |
| Case number | _____ | |

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

**1.1**
33276 Alagon St
Street address, if available, or other description

Temecula          CA    92592
City                State  ZIP Code

Riverside
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**
$ 659000                                    $ 180099.76

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
fee simple

☑ **Check if this is community property** (see instructions)

If you own or have more than one, list here:

**1.2**
_____
Street address, if available, or other description

_____

City          State   ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**
$ _____                                  $ _____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property** (see instructions)

Debtor 1 _____  Case number *(if known)* _____
　　　　　First Name　　　Middle Name　　　Last Name
Bin

| | | |
|---|---|---|
| 1.3. | | |

_____
Street address, if available, or other description

_____

_____

_____
City　　　　　　　　　State　　ZIP Code

_____

_____
County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**　　**Current value of the portion you own?**

$_____　　$_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ……………………………………………→ $ _____180099.76_____

---

**Part 2:**　**Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

| | | |
|---|---|---|
| 3.1. | Make: | _Tesla_ |
| | Model: | _Model Y_ |
| | Year: | _2024_ |
| | Approximate mileage: | _31000_ |
| | Other information: | |

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**　　**Current value of the portion you own?**

$_____31925_____　　$_____0_____

If you own or have more than one, describe here:

| | | |
|---|---|---|
| 3.2. | Make: | _____ |
| | Model: | _____ |
| | Year: | _____ |
| | Approximate mileage: | _____ |
| | Other information: | |

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**　　**Current value of the portion you own?**

$_____　　$_____

Debtor 1 _____    Case number *(if known)* _____
            First Name        Middle Name        Last Name

3.3.  Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

3.4.  Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

4.1.  Make: _____

Model: _____

Year: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, list here:

4.2.  Make: _____

Model: _____

Year: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ......................................................➔

$_____ 0

Debtor 1 _____    Case number _(if known)_ _____
First Name    Middle Name    Last Name

| Part 3: | Describe Your Personal and Household Items |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**

   _Examples_: Major appliances, furniture, linens, china, kitchenware

   ☒ No
   ☐ Yes. Describe.........

   $ _____

7. **Electronics**

   _Examples:_ Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

   ☒ No
   ☐ Yes. Describe..........

   $ _____

8. **Collectibles of value**

   _Examples:_ Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

   ☒ No
   ☐ Yes. Describe..........

   $ _____

9. **Equipment for sports and hobbies**

   _Examples:_ Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

   ☒ No
   ☐ Yes. Describe..........

   $ _____

10. **Firearms**

    _Examples:_ Pistols, rifles, shotguns, ammunition, and related equipment

    ☒ No
    ☐ Yes. Describe..........

    $ _____

11. **Clothes**

    _Examples:_ Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No
    ☒ Yes. Describe..........    Everyday clothes

    $ _____500

12. **Jewelry**

    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

    ☒ No
    ☐ Yes. Describe..........

    $ _____

13. **Non-farm animals**

    _Examples:_ Dogs, cats, birds, horses

    ☒ No
    ☐ Yes. Describe..........

    $ _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☒ No
    ☐ Yes. Give specific information. ..............

    $ _____

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .................................................. ➔    $ _____500

Debtor 1    Bin    Zhang
    First Name    Middle Name    Last Name    Case number *(if known)*

| Part 4: | **Describe Your Financial Assets** |
|---|---|

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

16. **Cash**

  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

  ☑ No

  ☐ Yes .................................................................................................................   Cash: .....................  $_____

17. **Deposits of money**

  *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

  ☐ No

  ☑ Yes .....................    Institution name:

    17.1. Checking account:   JPMorgan Chase   $_____1383.23

    17.2. Checking account:   _____   $_____

    17.3. Savings account:   _____   $_____

    17.4. Savings account:   _____   $_____

    17.5. Certificates of deposit:   _____   $_____

    17.6. Other financial account:   _____   $_____

    17.7. Other financial account:   _____   $_____

    17.8. Other financial account:   _____   $_____

    17.9. Other financial account:   _____   $_____

18. **Bonds, mutual funds, or publicly traded stocks**

  *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

  ☑ No

  ☐ Yes .................   Institution or issuer name:

    _____   $_____

    _____   $_____

    _____   $_____

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

  ☑ No

  ☐ Yes. Give specific information about them........................   Name of entity:      % of ownership:

    _____  _____%  $_____

    _____  _____%  $_____

    _____  _____%  $_____

Debtor 1 _____   Case number *(if known)*_____
        First Name   Middle Name   Last Name

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific   Issuer name:
information about
them...................   _____   $_____

_____   $_____

_____   $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No

☐ Yes. List each   Type of account:      Institution name:
account separately.

401(k) or similar plan:   Principal Financial Group _____   $_____1010.00

Pension plan:   _____   $_____

IRA:   Robinhood Securities Roth IRA _____   $_____9557.26

Retirement account:   _____   $_____

Keogh:   _____   $_____

Additional account:   _____   $_____

Additional account:   _____   $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☑ No

☐ Yes .......................   Institution name or individual:

Electric:   _____   $_____

Gas:   _____   $_____

Heating oil:   _____   $_____

Security deposit on rental unit:   _____   $_____

Prepaid rent:   _____   $_____

Telephone:   _____   $_____

Water:   _____   $_____

Rented furniture:   _____   $_____

Other:   _____   $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes .......................   Issuer name and description:

_____   $_____

_____   $_____

_____   $_____

Debtor 1 _____  Case number *(if known)*_____

Bin           First Name        Middle Name        Last Name          Zheng

---

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes ............................. Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

_____  $_____

_____  $_____

_____  $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No

☐ Yes. Give specific
information about them....   [          ]   $_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No

☐ Yes. Give specific
information about them....   [          ]   $_____

27. **Licenses, franchises, and other general intangibles**
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes. Give specific
information about them....   [          ]   $_____

| Money or property owed to you? | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

☑ No

☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ......................

Federal:   $_____
State:     $_____
Local:     $_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information.............

Alimony:              $_____
Maintenance:          $_____
Support:              $_____
Divorce settlement:   $_____
Property settlement:  $_____

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation,
Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information.............   [          ]   $_____

Debtor 1  _____
             First Name        Middle Name        Last Name

Bin  Zhang                    Case number *(if known)*_____

---

31. **Interests in insurance policies**

    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

    ☑ No

    ☐ Yes. Name the insurance company     Company name:              Beneficiary:                 Surrender or refund value:
       of each policy and list its value. ...

    _____      _____      $_____

    _____      _____      $_____

    _____      _____      $_____

32. **Any interest in property that is due you from someone who has died**

    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

    ☑ No

    ☐ Yes. Give specific information.............   _____   $_____

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

    ☑ No

    ☐ Yes. Describe each claim. ...................   _____   $_____

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

    ☑ No

    ☐ Yes. Describe each claim. .................   _____   $_____

35. **Any financial assets you did not already list**

    ☑ No

    ☐ Yes. Give specific information............   _____   $_____

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ..................................................... ➔   $    11950.49

---

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**

    ☑ No. Go to Part 6.

    ☐ Yes. Go to line 38.

    **Current value of the portion you own?**
    Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**

    ☑ No

    ☐ Yes. Describe.......   _____   $_____

39. **Office equipment, furnishings, and supplies**

    *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

    ☑ No

    ☐ Yes. Describe.......   _____   $_____

---

Debtor 1 _____ Case number _(if known)_____
First Name   Middle Name   Last Name

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe........  [_____]   $_____

41. **Inventory**

☑ No
☐ Yes. Describe........  [_____]   $_____

42. **Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe........     Name of entity:                              % of ownership:
                        _____   _____%   $_____
                        _____   _____%   $_____
                        _____   _____%   $_____

43. **Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))**?**

   ☐ No
   ☐ Yes. Describe........  [_____]   $_____

44. **Any business-related property you did not already list**

☑ No
☐ Yes. Give specific
      information .........   _____   $_____
                           _____   $_____
                           _____   $_____
                           _____   $_____
                           _____   $_____
                           _____   $_____

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
    for Part 5. Write that number here** ...........................................................................   ➡   $_____0

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---------|---------------------------------------------------------------------------------------------|
|         | If you own or have an interest in farmland, list it in Part 1.                               |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the
portion you own?**
Do not deduct secured claims
or exemptions.

47. **Farm animals**
   _Examples_: Livestock, poultry, farm-raised fish

☑ No
☐ Yes.........................  [_____]   $_____0

Debtor 1 _____   Case number *(if known)*_____
    First Name      Middle Name      Last Name

48. **Crops—either growing or harvested**

☑ No
☐ Yes. Give specific information............      $_____

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes.........................      $_____

50. **Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes.........................      $_____

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes. Give specific information............      $_____

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ................ ➔   $_____ 0

---

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
| --- | --- |

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information............      $_____
     $_____
     $_____

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ................ ➔   $_____ 0

---

| **Part 8:** | **List the Totals of Each Part of this Form** |
| --- | --- |

55. **Part 1: Total real estate, line 2** ................................................ ➔   $   180099.76

56. **Part 2: Total vehicles, line 5**      $_____ 0

57. **Part 3: Total personal and household items, line 15**      $_____ 500

58. **Part 4: Total financial assets, line 36**      $_____ 11950.49

59. **Part 5: Total business-related property, line 45**      $_____ 0

60. **Part 6: Total farm- and fishing-related property, line 52**      $_____ 0

61. **Part 7: Total other property not listed, line 54**      + $_____ 0

62. **Total personal property.** Add lines 56 through 61. ....................   $_____ 12450.49   Copy personal property total ➔ + $   12450.49

63. **Total of all property on Schedule A/B.** Add line 55 + line 62..............................................   $_____ 192550.25

---

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Bin | | Zhang |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number _____
(If known)

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt     04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: 33276 Alagon St <br> Line from *Schedule A/B*: 1.1 | $ 180099.76 | ☑ $ 357600 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 <br> _____ |
| Brief description: Tesla Model Y <br> Line from *Schedule A/B*: 3.1 | $ 0 | ☑ $ 7500 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 <br> _____ |
| Brief description: _____ <br> Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____ <br> ☐ 100% of fair market value, up to any applicable statutory limit | _____ <br> _____ |

3. **Are you claiming a homestead exemption of more than $214,000?**

   (Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

     ☐ No

     ☐ Yes

Debtor 1 ___Bin_____Zhang_____    Case number *(if known)*_____
                First Name    Middle Name    Last Name

| Part 2: | Additional Page |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

**Fill in this information to identify your case:**

Debtor 1          Bin                                    Zhang
                  First Name          Middle Name        Last Name

Debtor 2
(Spouse, if filing)  First Name       Middle Name        Last Name

United States Bankruptcy Court for the: Central District of California

Case number _____
(If known)

☐ Check if this is an
   amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

## Part 1:    List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|

**2.1** Nationstar Mortgage LLC

Creditor's Name
8950 Cypress Waters Blvd.
Number      Street

Suite 300

Coppell                  TX    75019
City                   State   ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☑ Check if this claim relates to a
   community debt
Date debt was incurred    10/01/20

**Describe the property that secures the claim:**

33276 Alagon St, Temecula, CA 92592

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

Column A: $ 298800.48    Column B: $ 659000    Column C: $ 0

**2.2** Santander Consumer USA Inc.

Creditor's Name
P.O. Box 961245
Number      Street

Fort Worth               TX    76161
City                   State   ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☑ Check if this claim relates to a
   community debt
Date debt was incurred    07/01/20

**Describe the property that secures the claim:**

2024 Tesla Model Y

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number  2  7  1  3

Column A: $ 32418.22    Column B: $ 31925    Column C: $ 493.22

**Add the dollar value of your entries in Column A on this page. Write that number here:**    $ 331218.70

Debtor 1    Bin                              Zhang
         First Name    Middle Name       Last Name                                Case number *(if known)*_____

| Part 1: | **Additional Page** After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** | Column C **Unsecured portion** If any |
|---|---|---|---|---|

_____    **Describe the property that secures the claim:**    $_____    $_____    $_____
Creditor's Name

_____
Number      Street

_____    **As of the date you file, the claim is:** Check all that apply.
                                    ☐ Contingent
_____    ☐ Unliquidated
City          State   ZIP Code    ☐ Disputed

**Who owes the debt?** Check one.          **Nature of lien.** Check all that apply.
☐ Debtor 1 only                          ☐ An agreement you made (such as mortgage or secured
☐ Debtor 2 only                             car loan)
☐ Debtor 1 and Debtor 2 only              ☐ Statutory lien (such as tax lien, mechanic's lien)
☐ At least one of the debtors and another  ☐ Judgment lien from a lawsuit
                                          ☐ Other (including a right to offset) _____
☐ **Check if this claim relates to a
   community debt**

Date debt was incurred _____    Last 4 digits of account number ___ ___ ___ ___

_____    **Describe the property that secures the claim:**    $_____    $_____    $_____
Creditor's Name

_____
Number      Street

_____    **As of the date you file, the claim is:** Check all that apply.
                                    ☐ Contingent
_____    ☐ Unliquidated
City          State   ZIP Code    ☐ Disputed

**Who owes the debt?** Check one.          **Nature of lien.** Check all that apply.
☐ Debtor 1 only                          ☐ An agreement you made (such as mortgage or secured
☐ Debtor 2 only                             car loan)
☐ Debtor 1 and Debtor 2 only              ☐ Statutory lien (such as tax lien, mechanic's lien)
☐ At least one of the debtors and another  ☐ Judgment lien from a lawsuit
                                          ☐ Other (including a right to offset) _____
☐ **Check if this claim relates to a
   community debt**

Date debt was incurred _____    Last 4 digits of account number ___ ___ ___ ___

_____    **Describe the property that secures the claim:**    $_____    $_____    $_____
Creditor's Name

_____
Number      Street

_____    **As of the date you file, the claim is:** Check all that apply.
                                    ☐ Contingent
_____    ☐ Unliquidated
City          State   ZIP Code    ☐ Disputed

**Who owes the debt?** Check one.          **Nature of lien.** Check all that apply.
☐ Debtor 1 only                          ☐ An agreement you made (such as mortgage or secured
☐ Debtor 2 only                             car loan)
☐ Debtor 1 and Debtor 2 only              ☐ Statutory lien (such as tax lien, mechanic's lien)
☐ At least one of the debtors and another  ☐ Judgment lien from a lawsuit
                                          ☐ Other (including a right to offset) _____
☐ **Check if this claim relates to a
   community debt**

Date debt was incurred _____    Last 4 digits of account number ___ ___ ___ ___

Add the dollar value of your entries in Column A on this page. Write that number here:    $_____

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:    $_____

Debtor 1 _____ _____ Zhang Bin _____    Case number *(if known)* _____

First Name    Middle Name    Last Name

---

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐

_____
Name

_____
Number        Street

_____

_____
City                        State        ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

☐

_____
Name

_____
Number        Street

_____

_____
City                        State        ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

☐

_____
Name

_____
Number        Street

_____

_____
City                        State        ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

☐

_____
Name

_____
Number        Street

_____

_____
City                        State        ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

☐

_____
Name

_____
Number        Street

_____

_____
City                        State        ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

☐

_____
Name

_____
Number        Street

_____

_____
City                        State        ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

| **Print** | **Save As...** | **Add Attachment** | **Reset** |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Bin | | Zhang |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number _____
(If known)

☐ Check if this is an amended filing

## Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims   12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

## Part 1:   List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☑ No. Go to Part 2.
   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** | | | | |

| Priority Creditor's Name | Last 4 digits of account number ___ ___ ___ ___ | $_____ | $_____ | $_____ |
|---|---|---|---|---|

_____
Number        Street

**When was the debt incurred?**  _____

_____

_____
City        State    ZIP Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**Is the claim subject to offset?**
☐ No
☐ Yes

| | |
|---|---|
| **2.2** | |

| Priority Creditor's Name | Last 4 digits of account number ___ ___ ___ ___ | $_____ | $_____ | $_____ |
|---|---|---|---|---|

_____
Number        Street

**When was the debt incurred?**  _____

_____

_____
City        State    ZIP Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**Is the claim subject to offset?**
☐ No
☐ Yes

Debtor 1 _____
First Name      Middle Name      Last Name      Case number *(if known)*_____

Bifi                              Zhang

| Part 1: | Your PRIORITY Unsecured Claims — Continuation Page |
|---|---|

| After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|

☐

_____
Priority Creditor's Name

_____
Number      Street

_____

_____
City                State      ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**Last 4 digits of account number** ___ ___ ___ ___      $_____   $_____   $_____

**When was the debt incurred?**      _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

---

☐

_____
Priority Creditor's Name

_____
Number      Street

_____

_____
City                State      ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**Last 4 digits of account number** ___ ___ ___ ___      $_____   $_____   $_____

**When was the debt incurred?**      _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

---

☐

_____
Priority Creditor's Name

_____
Number      Street

_____

_____
City                State      ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**Last 4 digits of account number** ___ ___ ___ ___      $_____   $_____   $_____

**When was the debt incurred?**      _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

Debtor 1   _Bin_____ _Zhang_____
           First Name   Middle Name   Last Name

Case number _(if known)_____

| Part 2: | List All of Your NONPRIORITY Unsecured Claims |

**3.** **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes

**4.** **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|   |   |   | Total claim |
|---|---|---|---|

**4.1**    American Express
Nonpriority Creditor's Name
P.O. Box 650448
Number      Street
Dallas            TX      75265
City              State   ZIP Code

Last 4 digits of account number  1  0  0  0

When was the debt incurred?  11/01/2024

$ 4543.87

**Who incurred the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  _Credit Card Debt_

**4.2**    Citibank, N.A.
Nonpriority Creditor's Name
P.O. Box 790034
Number      Street
Saint Louis        MO      63179
City              State   ZIP Code

Last 4 digits of account number  0  6  5  3

When was the debt incurred?  01/01/2018

$ 2000.00

**Who incurred the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  _Credit Card Debt_

**4.3**    CVS Corporation
Nonpriority Creditor's Name
1 CVS Drive
Number      Street
Woonsocket         RI      02895
City              State   ZIP Code

Last 4 digits of account number  X  X  X  X

When was the debt incurred?  11/01/2025

$ 310.00

**Who incurred the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  _Medical Bill_

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page | | |
|---|---|---|---|

| After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth. | | | Total claim |
|---|---|---|---|

**4.4**

**Derek Lee**
Nonpriority Creditor's Name

800 S Barranca Ave Ste 238
Number        Street

Covina                   CA      91723
City                     State    ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Last 4 digits of account number** X X X X

**When was the debt incurred?** 12/26/2024

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☑ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  dismissed litigation

$ TBD

---

**4.5**

**Goldman Sachs Bank USA**
Nonpriority Creditor's Name

Lockbox 6112 P.O. Box 7247
Number        Street

Philadelphia             PA      19170
City                     State    ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Last 4 digits of account number** 1 1 6 2

**When was the debt incurred?** 01/01/2021

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Credit Card Debt

$ 1200.00

---

**4.6**

**Kaiser Permanente**
Nonpriority Creditor's Name

P.O. Box 30766
Number        Street

Salt Lake City           UT      84130
City                     State    ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Last 4 digits of account number** X X X X

**When was the debt incurred?** 07/01/2025

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Medical Bill

$ 360.00

Debtor 1    _____Bin_____Zhang_____    Case number *(if known)*_____

First Name          Middle Name              Last Name

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---|---|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.        **Total claim**

---

**4.7**

**Temecula Modern Dentistry**
Nonpriority Creditor's Name

**40705 Winchester Rd Ste A103**
Number      Street

**Covina**                        **CA**      **91723**
City                              State      ZIP Code

**Who incurred the debt? Check one.**
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number  X  X  X  X

When was the debt incurred?      08/01/2025

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   Dentist Bill

$_____350

---

**4.8**

**Yaqin Liu**
Nonpriority Creditor's Name

**2514 Cordoba Ranch Blvd**
Number      Street

**Lutz**                          **PA**      **19170**
City                              State      ZIP Code

**Who incurred the debt? Check one.**
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number  X  X  X  X

When was the debt incurred?      11/18/2022

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   Judgment

$_1635000

---

Nonpriority Creditor's Name

Number      Street

City                              State      ZIP Code

**Who incurred the debt? Check one.**
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number  ___ ___ ___ ___

When was the debt incurred?      _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify_____

$_____

---

Debtor 1    First Name    Middle Name    Last Name    Bin    Zhang    Case number (if known) _____

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. § 159.
   Add the amounts for each type of unsecured claim.

|  |  | Total claim |
|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. $ 0 |
| | 6b. **Taxes and certain other debts you owe the government** | 6b. $ 0 |
| | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. $ 0 |
| | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. + $ 0 |
| | 6e. **Total.** Add lines 6a through 6d. | 6e. $ 0 |

|  |  | Total claim |
|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. $ 0 |
| | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $ 0 |
| | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $ 0 |
| | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. + $ 1643763.87 |
| | 6j. **Total.** Add lines 6f through 6i. | 6j. $ 1643763.87 |

| Print | Save As... | Add Attachment | Reset |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor | Bin | | Zhang |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse If filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number _____
(if known)

☐ Check if this is an
amended filing

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|---|
| 2.1 | Joseph Vu | Single bedroom in 3180 Anacapa Way, Anaheim, CA 92801. |
| | Name | |
| | 3180 Anacapa Way | |
| | Number        Street | |
| | Anaheim          CA      92801 | |
| | City              State    ZIP Code | |
| 2.2 | | |
| | Name | |
| | Number        Street | |
| | City              State    ZIP Code | |
| 2.3 | | |
| | Name | |
| | Number        Street | |
| | City              State    ZIP Code | |
| 2.4 | | |
| | Name | |
| | Number        Street | |
| | City              State    ZIP Code | |
| 2.5 | | |
| | Name | |
| | Number        Street | |
| | City              State    ZIP Code | |

Debtor 1      Bin                    Zhang                                    Case number *(if known)*_____
              First Name    Middle Name    Last Name

**Additional Page if You Have More Contracts or Leases**

| Person or company with whom you have the contract or lease | What the contract or lease is for |
|---|---|

**2.2**

Name

Number    Street

City                State    ZIP Code

**2.__**

Name

Number    Street

City                State    ZIP Code

**2.__**

Name

Number    Street

City                State    ZIP Code

**2.__**

Name

Number    Street

City                State    ZIP Code

**2.__**

Name

Number    Street

City                State    ZIP Code

**2.__**

Name

Number    Street

City                State    ZIP Code

**2.__**

Name

Number    Street

City                State    ZIP Code

**2.__**

Name

Number    Street

City                State    ZIP Code

| Print | Save As... | Add Attachment | | Reset |

**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | Bin | Zhang |
| | First Name       Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name       Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number
(If known)  _____

☐ Check if this is an
amended filing

## Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☑ No

☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.

☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ☐ No

   ☑ Yes. In which community state or territory did you live? California _____. Fill in the name and current address of that person.

   Ying Ying Lv
   Name of your spouse, former spouse, or legal equivalent

   33276 Alagon St
   Number       Street

   Temecula          CA          92592
   City              State       ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on** *Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G)*. Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| **3.1** Ying Ying Lv<br>Name<br>33276 Alagon St<br>Number       Street<br>Temecula          CA          92592<br>City              State       ZIP Code | ☑ Schedule D, line _2.1_<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** <br>Name<br><br>Number       Street<br><br>City              State       ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.3** <br>Name<br><br>Number       Street<br><br>City              State       ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Debtor 1 ___Bin_____Zhang_____    Case number (if known)_____
      First Name     Middle Name     Last Name

## Additional Page to List More Codebtors

| *Column 1:* **Your codebtor** | *Column 2:* **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |

**3.__**

_____
Name

_____
Number          Street

_____
City                          State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

_____
Name

_____
Number          Street

_____
City                          State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

_____
Name

_____
Number          Street

_____
City                          State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

_____
Name

_____
Number          Street

_____
City                          State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

_____
Name

_____
Number          Street

_____
City                          State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

_____
Name

_____
Number          Street

_____
City                          State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

_____
Name

_____
Number          Street

_____
City                          State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

_____
Name

_____
Number          Street

_____
City                          State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

| Print | Save As... | Add Attachment | | Reset |

Official Form 106H          Schedule H: Your Codebtors          page ___ of ___

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Bin       Zhang |
| | First Name     Middle Name     Last Name |
| Debtor 2 (Spouse, if filing) | First Name     Middle Name     Last Name |

United States Bankruptcy Court for the: Central District of California

Case number (If known) _____

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| Occupation | Ship mechanic | Manager |
| Employer's name | Accelleron US Inc . | Pala Casino Spa Resort |
| Employer's address | 23831 Banning Blvd<br>Number   Street | 11154 CA-76<br>Number   Street |
| | Carson    CA    90745<br>City     State    ZIP Code | Pala    CA    92059<br>City     State    ZIP Code |
| How long employed there? | 07/01/2025 | 07/01/2025 |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. 2. | $ 6200 | $ 8300 |
| 3. | **Estimate and list monthly overtime pay.** 3. | + $ 2200 | + $ 0 |
| 4. | **Calculate gross income.** Add line 2 + line 3. 4. | $ 8400 | $ 8300 |

Debtor 1 ___Bin_____Zhang_____   Case number (if known)_____
         First Name    Middle Name    Last Name

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|

Copy line 4 here ..........................................................➔ 4. $____8400____  $____8300____

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 1255.8 | $ 1726.4 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 168 | $ 581 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 336 | $ 0 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0 | $ 0 |
| 5e. **Insurance** | 5e. | $ 302.4 | $ 415 |
| 5f. **Domestic support obligations** | 5f. | $ 0 | $ 0 |
| 5g. **Union dues** | 5g. | $ 0 | $ 0 |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $ 0 | + $ 0 |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h.   6.   $ 2062.2   $ 2722.4

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 6337.8   $ 5577.6

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0 | $ 0 |
| 8b. **Interest and dividends** | 8b. | $ 0 | $ 0 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0 | $ 0 |
| 8d. **Unemployment compensation** | 8d. | $ 0 | $ 0 |
| 8e. **Social Security** | 8e. | $ 0 | $ 0 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0 | $ 0 |
| 8g. **Pension or retirement income** | 8g. | $ 0 | $ 0 |
| 8h. **Other monthly income.** Specify: Youtube Channel | 8h. | + $ 125 | + $ 0 |

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ 125   $ 0

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ 6462.8  +  $ 5577.6  =  $ 12040.4

11. State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____   11. + $_____0

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies   12.   $ 12040.4

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☑ No.
☐ Yes. Explain: _____

**Fill in this information to identify your case:**

Debtor 1    Bin                          Zhang
            First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)   First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Central District of California

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
   expenses as of the following date:

   _____
   MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☑ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No
   ☑ Yes. Fill out this information for each dependent..........................

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Son | 11 | ☐ No  ☑ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  |  | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $_____1300 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. | $_____250 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $_____183.3 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $_____200 |
| 4d. Homeowner's association or condominium dues | 4d. | $_____177 |

Debtor 1  Bin _____ Zhang _____     Case number (if known) _____
         First Name      Middle Name        Last Name

|  |  | Your expenses |
|---|---|---|
| 5. **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 1454.50 |
| 6. **Utilities:** | | |
| 6a.  Electricity, heat, natural gas | 6a. | $ 230 |
| 6b.  Water, sewer, garbage collection | 6b. | $ 150 |
| 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 280 |
| 6d.  Other. Specify: _____ | 6d. | $ |
| 7. **Food and housekeeping supplies** | 7. | $ 500 |
| 8. **Childcare and children's education costs** | 8. | $ 1200 |
| 9. **Clothing, laundry, and dry cleaning** | 9. | $ 100 |
| 10. **Personal care products and services** | 10. | $ 100 |
| 11. **Medical and dental expenses** | 11. | $ 100 |
| 12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 150 |
| 13. **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 0 |
| 14. **Charitable contributions and religious donations** | 14. | $ 0 |
| 15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a.  Life insurance | 15a. | $ 50 |
| 15b.  Health insurance | 15b. | $ 130 |
| 15c.  Vehicle insurance | 15c. | $ 288 |
| 15d.  Other insurance. Specify: _____ | 15d. | $ |
| 16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ 0 |
| 17. **Installment or lease payments:** | | |
| 17a.  Car payments for Vehicle 1 | 17a. | $ 785.19 |
| 17b.  Car payments for Vehicle 2 | 17b. | $ |
| 17c.  Other. Specify: _____ | 17c. | $ |
| 17d.  Other. Specify: _____ | 17d. | $ |
| 18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ 0 |
| 19. **Other payments you make to support others who do not live with you.** Specify: parents | 19. | $ 0 |
| 20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| 20a.  Mortgages on other property | 20a. | $ 0 |
| 20b.  Real estate taxes | 20b. | $ 0 |
| 20c.  Property, homeowner's, or renter's insurance | 20c. | $ 0 |
| 20d.  Maintenance, repair, and upkeep expenses | 20d. | $ 0 |
| 20e.  Homeowner's association or condominium dues | 20e. | $ 0 |

Debtor 1  __Bin_____Zhang_____  Case number *(if known)*_____
First Name        Middle Name          Last Name

21.  **Other**. Specify: _____  21.  +$_____0

22.  **Calculate your monthly expenses.**

22a.  Add lines 4 through 21.  22a.  $_____7627.99

22b.  Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2  22b.  $_____0

22c.  Add line 22a and 22b. The result is your monthly expenses.  22c.  $_____7627.99

23.  **Calculate your monthly net income.**

23a.  Copy line 12 (*your combined monthly income*) from *Schedule I.*  23a.  $_____12040.4

23b.  Copy your monthly expenses from line 22c above.  23b.  −$_____7627.99

23c.  Subtract your monthly expenses from your monthly income.
      The result is your *monthly net income*.  23c.  $_____4412.41

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.    Explain here:

**Fill in this information to identify your case:**

Debtor 1    Bin                              Zhang
            First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the:  Central District of California

Case number _____
            (If known)

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  |  | Your assets<br>Value of what you own |
|---|---|---|
| 1. *Schedule A/B: Property* (Official Form 106A/B) | | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B* ............................................. | $ | 180099.76 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* ........................................ | $ | 12450.49 |
| 1c. Copy line 63, Total of all property on *Schedule A/B* ............................................. | $ | 195550.25 |

### Part 2:    Summarize Your Liabilities

|  |  | Your liabilities<br>Amount you owe |
|---|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D* ............ | $ | 331218.70 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ............................... | $ | 0 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ........................... | + $ | 1643763.87 |
| | Your total liabilities | $ 1974982.57 |

### Part 3:    Summarize Your Income and Expenses

|  |  |  |
|---|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) | | |
| Copy your combined monthly income from line 12 of *Schedule I* ............................................. | $ | 12040.4 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) | | |
| Copy your monthly expenses from line 22c of *Schedule J* .................................................... | $ | 6677.99 |

| Debtor 1 | Bin | | Zhang | | Case number *(if known)*_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 4:**   **Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

   $ _____16825_____

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

|  | Total claim |
|---|---|
| **From Part 4 on *Schedule E/F*, copy the following:** | |
| 9a. Domestic support obligations (Copy line 6a.) | $_____0 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $_____0 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $_____0 |
| 9d. Student loans. (Copy line 6f.) | $_____0 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $_____0 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $_____0 |
| 9g. **Total.** Add lines 9a through 9f. | $_____0 |

<table>
<tr><td colspan="3"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | | |
|---|---|---|
| Debtor 1 | Bin | Zhang |
| | First Name        Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name        Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | |
| Case number (If known) | _____ | |

☐ Check if this is an amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules          12/15

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes.   Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

✗ *Bin Zhang*_____          ✗ _____
Signature of Debtor 1                                    Signature of Debtor 2

Date  02/02/2026_____                     Date _____
      MM / DD / YYYY                                 MM / DD / YYYY

**Fill in this information to identify your case:**

Debtor 1　Bin　　　　　　　　　　　　　　Zhang
First Name　　　Middle Name　　　Last Name

Debtor 2
(Spouse, if filing)　First Name　　　Middle Name　　　Last Name

United States Bankruptcy Court for the:　Central District of California

Case number
(If known)　_____

☐ Check if this is an
amended filing

## Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy　04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:　Give Details About Your Marital Status and Where You Lived Before**

1. **What is your current marital status?**

☑ Married
☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

☑ No
☐ Yes. List all of the places you lived in the last 3 years.  Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| _____ Number　Street | From _____ To _____ | _____ Number　Street | From _____ To _____ |
| _____ City　State　ZIP Code | | _____ City　State　ZIP Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| _____ Number　Street | From _____ To _____ | _____ Number　Street | From _____ To _____ |
| _____ City　State　ZIP Code | | _____ City　State　ZIP Code | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2:　Explain the Sources of Your Income**

| Debtor 1 | Bin | | Zhang | | Case number *(if known)*_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?**

Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.

If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☑ No

☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ |
| **For last calendar year:**<br>(January 1 to December 31, ____)<br>　　　　　　　　　　YYYY | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ |
| **For the calendar year before that:**<br>(January 1 to December 31, ____)<br>　　　　　　　　　　YYYY | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ |

**5. Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☑ No

☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ |
| **For last calendar year:**<br>(January 1 to December 31, ____)<br>　　　　　　　　　　YYYY | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ |
| **For the calendar year before that:**<br>(January 1 to December 31, ____)<br>　　　　　　　　　　YYYY | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ |

Debtor 1    **Bin**                                    **Zhang**                Case number *(if known)*_____

First Name      Middle Name        Last Name

---

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $8,575* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $8,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.

☑ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No. Go to line 7.

☑ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for… |
|---|---|---|---|---|
| _____<br>Creditor's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City        State      ZIP Code | 01/09/2026<br><br>_____<br><br>_____<br><br>_____ | $_____ | $_____ | ☐ Mortgage<br>☑ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |
| _____<br>Creditor's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City        State      ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | $_____ | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |
| _____<br>Creditor's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City        State      ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | $_____ | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |

| Debtor 1 | Bin | | Zhang | Case number *(if known)*_____ |
| | First Name | Middle Name | Last Name | |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ☒ No
   ☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| _____<br>Insider's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City            State    ZIP Code | _____ | $_____ | $_____ | |
| _____<br>Insider's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City            State    ZIP Code | _____ | $_____ | $_____ | |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
   Include payments on debts guaranteed or cosigned by an insider.

   ☒ No
   ☐ Yes. List all payments that benefited an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|
| _____<br>Insider's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City            State    ZIP Code | _____ | $_____ | $_____ | |
| _____<br>Insider's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City            State    ZIP Code | _____ | $_____ | $_____ | |

| Debtor 1 | Bin | | Zhang | Case number (if known)_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**Part 4:**   **Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ☑ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title  Derek Lee v. Alex Zhang<br><br>Case number  _____ | Defamation | Central District of California USDC<br>Court Name<br>255 East Temple Street, Suite 180<br>Number   Street<br>Los Angeles     CA     90012<br>City     State     ZIP Code | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| Case title  YAQIN LIU V. BIN ZHANG; YING YING LV<br><br>Case number  CVSW2302837 | Fradulent Transfer | Riverside County Superior Court<br>Court Name<br>4050 Main Street<br>Number   Street<br>Riverside     CA     92501<br>City     State     ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ☑ No.  Go to line 11.
    ☐ Yes. Fill in the information below.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| _____<br>Creditor's Name<br><br>_____<br>Number   Street<br><br>_____<br>City     State   ZIP Code | | _____ | $_____ |
| | Explain what happened | | |
| | ☐ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>☐ Property was attached, seized, or levied. | | |
| _____<br>Creditor's Name<br><br>_____<br>Number   Street<br><br>_____<br>City     State   ZIP Code | Describe the property | Date _____ | Value of the property<br>$_____ |
| | Explain what happened | | |
| | ☐ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>☐ Property was attached, seized, or levied. | | |

---

| Debtor 1 | Bin _____ Zhang _____ | Case number (if known)_____ |
|---|---|---|
| | First Name    Middle Name    Last Name | |

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ Creditor's Name | | | |
| _____ Number    Street | | _____ | $_____ |
| _____ | | | |
| _____ City    State    ZIP Code | Last 4 digits of account number: XXXX–___ ___ ___ ___ | | |

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

---

**Part 5:    List Certain Gifts and Contributions**

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| _____ Person to Whom You Gave the Gift | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____ Number    Street | | | |
| _____ City    State    ZIP Code | | | |
| Person's relationship to you _____ | | | |

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| _____ Person to Whom You Gave the Gift | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____ Number    Street | | | |
| _____ City    State    ZIP Code | | | |
| Person's relationship to you _____ | | | |

Debtor 1    Bin _____ Zhang _____        Case number (if known)_____
              First Name    Middle Name    Last Name

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No

☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| Charity's Name _____ | | _____ | $ _____ |
| _____ | | _____ | $ _____ |
| Number    Street | | | |
| City    State    ZIP Code | | | |

---

**Part 6:    List Certain Losses**

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No

☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss  Include the amount that insurance has paid. List pending insurance claims on line 33 of Schedule A/B: Property. | Date of your loss | Value of property lost |
|---|---|---|---|
| | | _____ | $ _____ |

---

**Part 7:    List Certain Payments or Transfers**

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☑ No

☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid _____ | | _____ | $ _____ |
| Number    Street | | _____ | $ _____ |
| City    State    ZIP Code | | | |
| Email or website address | | | |
| Person Who Made the Payment, if Not You | | | |

---

Debtor 1    Bin                                    Zhang                    Case number (if known)_____
            First Name    Middle Name        Last Name

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| _____ Person Who Was Paid | | | |
| _____ Number    Street | | _____ | $_____ |
| _____ | | | |
| _____ City          State      ZIP Code | | _____ | $_____ |
| _____ Email or website address | | | |
| _____ Person Who Made the Payment, if Not You | | | |

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**

Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| _____ Person Who Was Paid | | | |
| _____ Number    Street | | _____ | $_____ |
| _____ | | | |
| _____ City          State      ZIP Code | | _____ | $_____ |

**18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**

Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).

Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| _____ Person Who Received Transfer | | | |
| _____ Number    Street | | | _____ |
| _____ | | | |
| _____ City          State      ZIP Code | | | |
| Person's relationship to you _____ | | | |
| _____ Person Who Received Transfer | | | |
| _____ Number    Street | | | _____ |
| _____ | | | |
| _____ City          State      ZIP Code | | | |
| Person's relationship to you _____ | | | |

Debtor 1    Bin _____ Zhang _____        Case number (if known) _____

First Name    Middle Name        Last Name

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☒ No
☐ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust _____ | | _____ |
| _____ | | |

---

**Part 8:    List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
☒ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Bank of America N.A.<br>Name of Financial Institution<br><br>Number  Street<br><br>City        State    ZIP Code | XXXX– 3  8  0  4 | ☒ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 01/08/202 | $_____ 0 |
| Name of Financial Institution<br><br>Number  Street<br><br>City        State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☒ No
☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Name of Financial Institution<br><br>Number  Street<br><br>City    State    ZIP Code | Name<br><br>Number  Street<br><br>City    State    ZIP Code | | ☐ No<br>☐ Yes |

Debtor 1    **Bin**                          **Zhang**          Case number *(if known)*_____
         First Name    Middle Name    Last Name

**22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| _____<br>Name of Storage Facility | _____<br>Name | | ☐ No<br>☐ Yes |
| _____<br>Number    Street | _____<br>Number    Street | | |
| _____<br>City            State    ZIP Code | _____<br>City State  ZIP Code | | |

---

**Part 9:      Identify Property You Hold or Control for Someone Else**

**23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No
☐ Yes. Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| _____<br>Owner's Name | | | $_____ |
| _____<br>Number    Street | _____<br>Number    Street | | |
| _____<br>City            State    ZIP Code | _____<br>City            State    ZIP Code | | |

---

**Part 10:      Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| _____<br>Name of site | _____<br>Governmental unit | | _____ |
| _____<br>Number    Street | _____<br>Number    Street | | |
| _____<br>City            State    ZIP Code | _____<br>City            State    ZIP Code | | |

---

| Debtor 1 | Bin | | Zhang | Case number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**25. Have you notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| _____ | | | _____ |
| Name of site | Governmental unit | | |
| _____ | _____ | | |
| Number    Street | Number    Street | | |
| _____ | _____ | | |
| | City        State    ZIP Code | | |
| _____ | | | |
| City        State    ZIP Code | | | |

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Fill in the details.

| | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title_____ | | | ☐ Pending |
| | Court Name | | ☐ On appeal |
| _____ | _____ | | ☐ Concluded |
| | Number    Street | | |
| _____ | _____ | | |
| Case number | City        State    ZIP Code | | |

---

## Part 11:    Give Details About Your Business or Connections to Any Business

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☑ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.
☑ Yes. Check all that apply above and fill in the details below for each business.

| Alex Zhang | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name | Property Maintenance | |
| _____ | | EIN: __ __ - __ __ __ __ __ __ __ |
| Number    Street | Name of accountant or bookkeeper | Dates business existed |
| _____ | Bin Zhang | |
| Temecula | | From 07/01/202 To 08/01/202 |
| City        State    ZIP Code | | |

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name | | |
| _____ | | EIN: __ __ - __ __ __ __ __ __ __ |
| Number    Street | Name of accountant or bookkeeper | Dates business existed |
| _____ | | |
| | | From _____ To _____ |
| City        State    ZIP Code | | |

Debtor 1    __Bin_____Zhang_____    Case number (if known)_____
        First Name    Middle Name    Last Name

| | Describe the nature of the business | Employer Identification number |
|---|---|---|
| _____ **Business Name** | | Do not include Social Security number or ITIN. |
| _____ **Number   Street** | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| _____ | **Name of accountant or bookkeeper** | **Dates business existed** |
| _____ **City    State    ZIP Code** | | From _____ To _____ |

**28.** Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☑ No
☐ Yes. Fill in the details below.

                                          Date issued

_____   _____
**Name**

_____   MM / DD / YYYY

_____
**Number   Street**

_____

_____
**City    State    ZIP Code**

---

**Part 12:**    **Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _Bin   Zhang_____    ✗ _____
**Signature of Debtor 1**    **Signature of Debtor 2**

Date _02/02/2026_____    Date _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No
☐ Yes. Name of person_____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Print        Save As        Add Attachment        Reset

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Bin | | Zhang |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number (If known) | _____ | | |

☐ Check if this is an
amended filing

Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7    12/15

If you are an individual filing under chapter 7, you must fill out this form if:
- creditors have claims secured by your property, or
- you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

## Part 1:    List Your Creditors Who Have Secured Claims

1. **For any creditors that you listed in Part 1 of** *Schedule D: Creditors Who Have Claims Secured by Property* **(Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Nationstar Mortgage LLC** <br><br> Description of property securing debt: **Real Estate** | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement*. <br> ☑ Retain the property and [explain]: _____ <br> continue making payments | ☐ No <br> ☑ Yes |
| Creditor's name: **Santander Consumer USA Inc.** <br><br> Description of property securing debt: **Motor Vehicle** | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement*. <br> ☑ Retain the property and [explain]: _____ <br> continue making payments | ☐ No <br> ☑ Yes |
| Creditor's name: <br><br> Description of property securing debt: | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement*. <br> ☐ Retain the property and [explain]: _____ | ☐ No <br> ☐ Yes |
| Creditor's name: <br><br> Description of property securing debt: | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement*. <br> ☐ Retain the property and [explain]: _____ | ☐ No <br> ☐ Yes |

Debtor 1 ___Bin_____ _____ ___Zhang_____      Case number *(If known)*_____
     First Name    Middle Name    Last Name

| Part 2: | List Your Unexpired Personal Property Leases |
|---------|----------------------------------------------|

**For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).**

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:  Joseph Vu | ☐ No  ☑ Yes |
| Description of leased property:  Single bedroom in 3180 Anacapa Way, Anaheim, CA | |
| Lessor's name: | ☐ No  ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No  ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No  ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No  ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No  ☐ Yes |
| Description of leased property: | |
| Lessor's name: | ☐ No  ☐ Yes |
| Description of leased property: | |

| Part 3: | Sign Below |
|---------|------------|

**Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.**

✗ *Bin Zhang*
_____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Date  02/02/2026
    MM / DD / YYYY

Date _____
    MM / DD / YYYY

**Fill in this information to identify your case:**

Debtor 1 ___Bin_____Zhang_____
            First Name                    Middle Name                    Last Name

Debtor 2 _____
(Spouse, if filing)  First Name          Middle Name                    Last Name

United States Bankruptcy Court for the:  Central District of California

Case number _____
(If known)

**Check one box only as directed in this form and in Form 122A-1Supp:**

☐ 1. There is no presumption of abuse.

☑ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A–2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

Official Form 122A–1

# Chapter 7 Statement of Your Current Monthly Income                    10/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☑ **Married and your spouse is NOT filing with you.** You and your spouse are:

       ☑ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

       ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 8400 | $ 8300 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0 | $ 0 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 125 | $ 0 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $_____ | $_____ | | | |
| Ordinary and necessary operating expenses | − $_____ | − $_____ | | | |
| Net monthly income from a business, profession, or farm | $ 0 | $ 0 | Copy here ➜ | $ 0 | $ 0 |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $_____ | $_____ | | | |
| Ordinary and necessary operating expenses | − $_____ | − $_____ | | | |
| Net monthly income from rental or other real property | $ 0 | $ 0 | Copy here ➜ | $ 0 | $ 0 |

| 7. | **Interest, dividends, and royalties** | | $ 0 | $ 0 |
|---|---|---|---|---|

Debtor 1    Bin                                    Zhang                    Case number (if known)_____
          First Name    Middle Name    Last Name

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

8. **Unemployment compensation**        $ _____0_     $ _____0_

Do not enter the amount if you contend that the amount received was a benefit
under the Social Security Act. Instead, list it here: ............................. ↓

For you ................................................... $ _____

For your spouse ................................... $ _____

9. **Pension or retirement income.** Do not include any amount received that was a
benefit under the Social Security Act. Also, except as stated in the next sentence, do
not include any compensation, pension, pay, annuity, or allowance paid by the
United States Government in connection with a disability, combat-related injury or
disability, or death of a member of the uniformed services. If you received any retired
pay paid under chapter 61 of title 10, then include that pay only to the extent that it
does not exceed the amount of retired pay to which you would otherwise be entitled if
retired under any provision of title 10 other than chapter 61 of that title.    $ _____0_    $ _____0_

10. **Income from all other sources not listed above.** Specify the source and amount.
Do not include any benefits received under the Social Security Act; payments received
as a victim of a war crime, a crime against humanity, or international or domestic
terrorism; or compensation, pension, pay, annuity, or allowance paid by the United
States Government in connection with a disability, combat-related injury or disability, or
death of a member of the uniformed services. If necessary, list other sources on a
separate page and put the total below.

_____    $ _____0_    $ _____0_

_____    $ _____0_    $ _____0_

Total amounts from separate pages, if any.    + $ _____0_    + $ _____0_

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each
column. Then add the total for Column A to the total for Column B.    $ __8525__ **+** $ __8300__ **=** $ 16825

Total current
monthly income

| Part 2: | Determine Whether the Means Test Applies to You |
|---|---|

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11................................................................... **Copy line 11 here** ➔ $ 16825

Multiply by 12 (the number of months in a year).    **x** 12

12b. The result is your annual income for this part of the form.    12b.    $ __201900__

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    CA

Fill in the number of people in your household.    3

Fill in the median family income for your state and size of household. ............................................. 13.    $ __113553__

To find a list of applicable median income amounts, go online using the link specified in the separate
instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3.

14b. ☑ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
Go to Part 3 and fill out Form 122A–2.

Debtor 1    Bin           Zhang           Case number *(if known)*_____

First Name    Middle Name    Last Name

---

**Part 3:**   **Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ _Bin Zhang_____      ✗ _____

Signature of Debtor 1                     Signature of Debtor 2

Date _02/02/2026__             Date _____
     MM / DD / YYYY                    MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2.

If you checked line 14b, fill out Form 122A–2 and file it with this form.

---

| Print | Save As... | Add Attachment | | Reset |

**Fill in this information to identify your case:**

Debtor 1  Bin _____ Zhang
           First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)  First Name      Middle Name      Last Name

United States Bankruptcy Court for the: Central District of California

Case number
(If known) _____

**Check the appropriate box as directed in lines 40 or 42:**

According to the calculations required by this Statement:

☑ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☐ Check if this is an amended filing

Official Form 122A–2

# Chapter 7 Means Test Calculation

04/25

**To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1).**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).**

## Part 1:   Determine Your Adjusted Income

1. Copy your total current monthly income. ........................................ Copy line 11 from Official Form 122A-1 here ➜ ............ $ ____16825

2. **Did you fill out Column B in Part 1 of Form 122A–1?**

   ☐ No. Fill in $0 for the total on line 3.

   ☑ Yes. Is your spouse filing with you?

      ☑ No. Go to line 3.

      ☐ Yes. Fill in $0 for the total on line 3.

3. **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:

   On line 11, Column B of Form 122A–1, was any amount of the income you reported for your spouse NOT regularly used for the household expenses of you or your dependents?

   ☐ No. Fill in 0 for the total on line 3.

   ☑ Yes. Fill in the information below:

   | **State each purpose for which the income was used** For example, the income is used to pay your spouse's tax debt or to support people other than you or your dependents | **Fill in the amount you are subtracting from your spouse's income** |
   |---|---|
   | Money sent to support spouse's parents | $ 3000 |
   | Spouse's car payment and vehicle expenses | $ 625 |
   | Spouse's personal shopping | + $ 2500 |
   | **Total** ........................................ | $ 6125 |

   Copy total here ............ ➜  − $ 6125

4. **Adjust your current monthly income.** Subtract the total on line 3 from line 1.

   $ 10700

| Debtor 1 | Bin | | Zhang | Case number *(if known)*_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2:   Calculate Your Deductions from Your Income

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted from your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from income in lines 5 and 6 of Form 122A–1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the form refers to *you*, it means both you and your spouse if Column B of Form 122A–1 is filled in.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

   | 3 |

**National Standards**     You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.

   $_____1068

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

   **People who are under 65 years of age**

   7a. Out-of-pocket health care allowance per person      $_____84

   7b. Number of people who are under 65      x ___3

   7c. **Subtotal.** Multiply line 7a by line 7b.      $ 252_____   Copy here➔   $ 252_____

   **People who are 65 years of age or older**

   7d. Out-of-pocket health care allowance per person      $_____149

   7e. Number of people who are 65 or older      x ___0

   7f. **Subtotal.** Multiply line 7d by line 7e.      $ 00_____   Copy here➔   + $ 00_____

   7g. **Total.** Add lines 7c and 7f. ........................................................   $ 252_____   Copy total here➔   $252

Debtor 1 ___Bin_____Zhang_____    Case number (if known)_____
     First Name    Middle Name    Last Name

| Local Standards | You must use the IRS Local Standards to answer the questions in lines 8-15. |
|---|---|

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

- Housing and utilities – Insurance and operating expenses
- Housing and utilities – Mortgage or rent expenses

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart.**

To find the chart, go online using the link specified in the separate instructions for this form.
This chart may also be available at the bankruptcy clerk's office.

8. **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses. ........................................................... $ ____781____

9. **Housing and utilities – Mortgage or rent expenses:**

    9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.......................................................... $ ____2304____

    9b. Total average monthly payment for all mortgages and other debts secured by your home.

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of the creditor | Average monthly payment | |
|---|---|---|
| Nationstar Mortgage LLC | $ ___1454.5___ | |
| Joseph Vu | $ ___1300___ | |
| _____ | + $ _____ | |
| Total average monthly payment | $ 2754.5 | **Copy here** ➜ − $ 2754.5   Repeat this amount on line 33a. |

    9c. Net mortgage or rent expense.
    Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0. .................................... $ 0   **Copy here** ➜ $ 0

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.** ........... $ ____0____

    Explain why: _____
    _____

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.
☑ 1. Go to line 12.
☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area. $ ____353____

| Debtor 1 | Bin | | Zhang | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1**   Describe Vehicle 1:   2024 Tesla Model Y

13a.   Ownership or leasing costs using IRS Local Standard. ..................................................   $_____ 662

13b.   Average monthly payment for all debts secured by Vehicle 1.
Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you filed for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| Santander Consumer USA Inc. | $    785.19 |
| | + $_____ |

Total average monthly payment   $ 785.19    **Copy here** → − $ 785.19    Repeat this amount on line 33b.

13c.   Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. If this amount is less than $0, enter $0. ...........................   $ 0    **Copy net Vehicle 1 expense here** → $ 0

**Vehicle 2**   Describe Vehicle 2: _____

13d.   Ownership or leasing costs using IRS Local Standard. ..................................................   $_____

13e.   Average monthly payment for all debts secured by Vehicle 2.
Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| | $_____ |
| | + $_____ |

Total average monthly payment   $ 0    **Copy here** → − $ 0    Repeat this amount on line 33c.

13f.   Net Vehicle 2 ownership or lease expense
Subtract line 13e from line 13d. If this amount is less than $0, enter $0. ...............................   $ 0    **Copy net Vehicle 2 expense here** → $ 0

14. **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.   $_____ 0

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.   $_____ 244

| Debtor 1 | Bin | | Zhang | | Case number (if known) |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, self-employment taxes, Social Security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes.

$ 2982.2

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.

$ 749

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance. Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.

$ 302.4

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.

$ 0

20. **Education:** The total monthly amount that you pay for education that is either required:

- as a condition for your job, or
- for your physically or mentally challenged dependent child if no public education is available for similar services.

$ 0

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education.

$ 0

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25.

$ 0

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122A-1, or any amount you previously deducted.

+ $ 280

24. **Add all of the expenses allowed under the IRS expense allowances.**

Add lines 6 through 23.

$ 7011.6

Debtor 1    Bin             Zhang          Case number *(if known)*_____

<span style="font-size:smaller">First Name     Middle Name       Last Name</span>

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. |
|---|---|
| | *Note*: Do not include any expense allowances listed in lines 6-24. |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

     Health insurance                  $_____

     Disability insurance               $_____

     Health savings account         + $_____

     Total                            $ 0          Copy total here ➔ .................................... $ 0____

     Do you actually spend this total amount?

     ☐ No. How much do you actually spend?      $_____

     ☐ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b).      $_____ 0

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.      $_____ 0

     By law, the court must keep the nature of these expenses confidential.

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

     If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.

     You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.      $_____ 0

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $214.58* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

     You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.      $_____ 0

     * Subject to adjustment on 4/01/28, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.      $_____ 0

     To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

     You must show that the additional amount claimed is reasonable and necessary.

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 26 U.S.C. § 170(c)(1)-(2).      + $_____ 0

32. **Add all of the additional expense deductions.**      $_____ 0

     Add lines 25 through 31.

| Debtor 1 | Bin | | Zhang | | Case number (if known) _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

### Deductions for Debt Payment

**33. For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

**Mortgages on your home:**

|  |  | Average monthly payment |
|---|---|---|
| 33a. | Copy line 9b here .................................................................➔ | $ 2754.5 |

**Loans on your first two vehicles:**

| 33b. | Copy line 13b here. .............................................................➔ | $ 785.19 |
|---|---|---|
| 33c. | Copy line 13e here. .............................................................➔ | $ 0 |

33d.  List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? |  |
|---|---|---|---|
| _____ | _____ | ☐ No ☐ Yes | $ _____ |
| _____ | _____ | ☐ No ☐ Yes | $ _____ |
| _____ | _____ | ☐ No ☐ Yes | + $ _____ |

| 33e. Total average monthly payment. Add lines 33a through 33d...................... | $ 3539.69 | Copy total here ➔ | $ 3539.69 |
|---|---|---|---|

**34. Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

☐ No.  Go to line 35.

☑ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| _____ | _____ | $ _____ | ÷ 60 = | $ _____ |
| _____ | _____ | $ _____ | ÷ 60 = | $ _____ |
| _____ | _____ | $ _____ | ÷ 60 = | + $ _____ |
| | | Total | | |

| | | Total | $ 00 | Copy total here ➔ | $ 00 |
|---|---|---|---|---|---|

**35. Do you owe any priority claims such as a priority tax, child support, or alimony — that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

☑ No.  Go to line 36.

☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims ....................................................  $ _____ ÷ 60 = $ _____

Debtor 1    Bin            Zhang           Case number *(if known)*_____

First Name    Middle Name    Last Name

36. **Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).
For more information, go online using the link for *Bankruptcy Basics* specified in the separate instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

☑ No. Go to line 37.

☐ Yes. Fill in the following information.

Projected monthly plan payment if you were filing under Chapter 13    $_____

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).    x _____

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

Average monthly administrative expense if you were filing under Chapter 13    $ 0    Copy total here ➔    $ 0

37. **Add all of the deductions for debt payment.**
Add lines 33e through 36. ..................    $ 3539.6

## Total Deductions from Income

38. **Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS expense allowances* .................... $ 7011.6

Copy line 32, *All of the additional expense deductions*.......... $ 0

Copy line 37, *All of the deductions for debt payment* ............ + $ 3539.69

Total deductions    $ 10551.29    **Copy total here** ................................. ➔    $ 10551.29

### Part 3: Determine Whether There Is a Presumption of Abuse

39. **Calculate monthly disposable income for 60 months**

39a. Copy line 4, *adjusted current monthly income* .....    $ 10700

39b. Copy line 38, *Total deductions*..........    − $ 10551.29

39c. Monthly disposable income. 11 U.S.C. § 707(b)(2).
Subtract line 39b from line 39a.    $ 168.71    Copy here ➔    $ 168.71

For the next 60 months (5 years)................................................................    x 60

39d. **Total**. Multiply line 39c by 60. .................    $ 10122.6    Copy here ➔    $ 10122.6

40. **Find out whether there is a presumption of abuse.** Check the box that applies:

☑ **The line 39d is less than $10,275\*.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐ **The line 39d is more than $17,150\*.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

☐ **The line 39d is at least $10,275\*, but not more than $17,150\*.** Go to line 41.

   \* Subject to adjustment on 4/01/28, and every 3 years after that for cases filed on or after the date of adjustment.

| Debtor 1 | Bin | | Zhang | Case number (if known)_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

41.  41a. **Fill in the amount of your total nonpriority unsecured debt.** If you filled out *A Summary of Your Assets and Liabilities and Certain Statistical Information Schedules* (Official Form 106Sum), you may refer to line 3b on that form............................................................    $_____

x  .25

41b.  **25% of your total nonpriority unsecured debt. 11 U.S.C. § 707(b)(2)(A)(i)(I).**
Multiply line 41a by 0.25. .......................................................................    $_____   Copy here→   $_____

42.  **Determine whether the income you have left over after subtracting all allowed deductions is enough to pay 25% of your unsecured, nonpriority debt.**
Check the box that applies:

☐ **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse*. Go to Part 5.

☐ **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse*. You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

---

**Part 4:    Give Details About Special Circumstances**

43. **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

☑ No.  Go to Part 5.

☐ Yes. Fill in the following information. All figures should reflect your average monthly expense or income adjustment for each item. You may include expenses you listed in line 25.

You must give a detailed explanation of the special circumstances that make the expenses or income adjustments necessary and reasonable. You must also give your case trustee documentation of your actual expenses or income adjustments.

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

---

**Part 5:    Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗  *Bin Zhang*                                          ✗  _____

  Signature of Debtor 1                                    Signature of Debtor 2

  Date  02/02/2026                                         Date  _____
      MM / DD  / YYYY                                           MM / DD  / YYYY

---

<span style="color:red">Print</span>     <span style="color:red">Save As</span>     <span style="color:red">Add Attachment</span>     <span style="color:red">Reset</span>

Official Form 122 (Committee Note)

### 2025-04 STAFF NOTATION

The dollar amounts listed in lines 29 and 40 of 122A-2, and line 29 of 122C-2 are adjusted effective April 1, 2025, as part of the tri-annual dollar adjustments required by 11 U.S.C. § 104.

### 2022-04 STAFF NOTATION

The CARES Act changes Official Forms 122A-1, 122B, and 122C-1 described in the 2020-04 Committee Note lapsed on March 27, 2022.  The three forms have reverted to their pre-CARES Act versions (December 2019 in the case of 122A-1, October 2019 as amended in December 2021 in the case of 122B, and October 2019 in the case of 122C-1).

In addition, the dollar amounts listed in lines 29 and 40 of 122A-2, and line 29 of 122C-2 are adjusted effective April 1, 2022, as part of the tri-annual dollar adjustments required by 11 U.S.C. § 104.

### 2021-12 COMMITTEE NOTE

Official Form 122B is amended in response to the enactment of the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, 133 Stat. 1079. That law gives a small business debtor the option of electing to be a debtor under subchapter V of chapter 11. As amended, the initial instruction in the form includes an exception for subchapter V cases. Because Code § 1129(a)(15) is inapplicable to such cases, there is no need for an individual debtor in a subchapter V case to file a statement of current monthly income.

### 2020-04 COMMITTEE NOTE

Official Forms 122A-1, 122B, and 122C-1 are amended in response to the enactment of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281.[1] That law

---

[1] As amended by the COVID-19 Bankruptcy Relief Extension Act of 2021, Pub. L. 117-5, 135 Stat. 249 (providing that the CARES Act

Official Form 22 (Committee Note)

modifies the definition of "current monthly income" in
§101(10A) and the definition of "disposable income" in
§1325(b)(2) to exclude "payments made under the Federal
law relating to the national emergency declared by the
President under the National Emergencies Act (50 U.S.C.
1601 et seq.) with respect to the coronavirus disease 2019
(COVID-19)." Each form is modified to expressly exclude
these amounts from line 10.   These amendments will
terminate one year after the date of enactment of the
CARES Act.

### 2019-12 COMMITTEE NOTE

The instruction on line 14a of Official Form 122A-1
is amended to remind a debtor for whom there is no
presumption of abuse that Official Form 122A-2 (*Chapter
7 Means Test* Calculation) should not be filled out or filed.

### 2019-10 COMMITTEE NOTE

Official Forms 122A-1, 122B, and 122C-1 are
amended in response to the enactment of the Honoring
American Veterans in Extreme Need Act of 2019 (the
"HAVEN Act"), Pub. L. No. 116-52, 133 Stat. 1076.  That
law modifies the definition of "current monthly income" in
§ 101(10A) to exclude certain amounts payable "in
connection with a disability, combat-related injury or
disability or death of a member of the uniformed services."
The exclusion for servicemember retired pay is limited,
however, and the debtor should exclude from current
monthly income only that amount of retired pay that
exceeds the amount that the recipient would otherwise be
entitled to receive had the recipient retired for a reason
other than disability.  Each form is modified to expressly
exclude these amounts from lines 9 and 10.

---

definition of "debtor" for determining eligibility to proceed under
subchapter V of the chapter 11 will terminate two years (on March 27,
2022) after the CARES Act was enacted).

Official Form 22 (Committee Note)

Official Form 22 (Committee Note)

# 2015 COMMITTEE NOTE

Official Forms 122A-1, 122A-1Supp, 122A-2, 122B, 122C-1, and 122C-2 are updated to comport with the form numbering style developed as part of the Forms Modernization Project. The forms are derived from Official Forms 22A-1, 22A-1Supp, 22A-2, 22B, 122C-1, and 22C-2.

A statement is added to line 26 of Forms 122A-2 and 122C-2 explaining that contributions to qualified ABLE accounts, as defined in 26 U.S.C. § 529A(b), may be included in the deduction for contributions to the care of household or family members. Authorization of the deduction of such contributions was added to Bankruptcy Code § 707(b)(2)(A)(ii)(II) by the Tax Increase Prevention Act of 2014, Pub. Law No. 113-295.

Official Forms 122A-1, 122B, and 122C-1 are revised to add a workspace column for debtor 2 at questions 5 and 6 on the forms.

Official Form 122B is also revised to remove former Part 2. This portion of the form provided for the exclusion of certain income of a debtor's non-filing spouse; since that income is not required to be reported, its exclusion is unnecessary.

Other stylistic changes were made throughout the forms.

Official Form 22 (Committee Note)

# HISTORICAL NOTES

## 2010 COMMITTEE NOTE

Form 22A, lines 19A, 19B, 20A, and 20B, and Form 22C, lines 24A, 24B, 25A, and 25B, are amended to delete the terms "household" and "household size" and to replace them with "number of persons" or "family size." Under § 707(b)(2)(A)(ii)(I) means test deductions for food, clothing, and other items and for health care are permitted to be taken in the amounts specified in the IRS National Standards. The IRS National Standards are based on numbers of persons, not household size. Similarly, the IRS Local Standards are based on family, not household, size. The IRS itself generally determines the applicable number of persons or family size for these purposes according to the number of dependents that the debtor claims for federal income tax purposes.

In order for Forms 22A and 22C to reflect more accurately the manner in which the specified National and Local Standards are applied by the IRS, the references to "household" and "household size" are deleted, and the substituted terms – "number of persons" and "family size" – are defined in terms of exemptions on the debtor's federal income tax return and other dependents.

Form 22A, line 8, Form 22B, line 7, and Form 22C, line 7, are amended to add an instruction that only one joint filer should report regular payments by another person for household expenses. Reporting of the figure by both spouses results in an erroneous double-counting of this source of income.

The introductory instruction to Part I of Form 22A is amended to direct debtors in joint cases to file separate forms if only one of the debtors is entitled to an exemption under Part I and the debtors believe that the filing of separate forms is required by § 707(b)(2)(C) of the Code. The language of § 707(b) is ambiguous about how the exclusions from means testing authorized by § 707(b)(1) (for debtors whose debts are not primarily consumer debts) and (b)(2)(D) (for certain disabled veterans, National Guard members, and Armed Forces reservists) are to be applied in joint cases. The form does not impose a particular interpretation of these provisions. It leaves up to joint

Official Form 22 (Committee Note)

debtors the initial determination of whether the exclusion of one spouse from means testing relieves the other spouse from the obligation to complete the form, and allows any dispute over this matter to be resolved by the courts.

2008 COMMITTEE NOTE

The chapter 7 form is amended to implement the temporary exclusion from means testing created by the National Guard and Reservists Debt Relief Act of 2008. That law amended §707(b)(2)(D) for a period of three years by adding a new subsection (ii) to provide a temporary exclusion from the application of the means test for certain members of the National Guard and reserve components of the Armed Forces. The new temporary exclusion would last for the period that the qualifying debtor is on active duty or is performing a homeland defense activity, and for 540 days thereafter.

Because the exclusion for Reservists and National Guard members applies only for a defined period of time, it may expire during the course of the chapter 7 case filed by a debtor initially entitled to the exclusion. For that reason, a new check box is added to the top of the form that states that the "presumption is temporarily inapplicable." A debtor who is entitled to claim the Reservists and National Guard exclusion at the commencement of the chapter 7 case may check that box.

The new exclusion applies only to a debtor who satisfies all of the requirements of §707(b)(2)(D)(ii), and its expiration date depends on facts specific to each debtor. Therefore, in a joint case in which the exclusion in part 1C is claimed by either or both filers, each joint filer must complete a separate statement. If only one joint debtor qualifies for the exclusion in part IC, the other joint debtor must complete the form.

Part 1C is added to the form to allow qualifying debtors to claim the temporary exclusion under § 707(b)(2)(D)(ii). Debtors who declare under penalty of perjury that they satisfy all of the requirements of that provision are directed to verify their declaration in Part VIII and to check the "temporary presumption" box at the beginning of the form. They are not required to complete the remaining parts of the form for so long as the exclusion

Official Form 22 (Committee Note)

remains applicable.

A debtor who is or has been a Reservist or a National Guard member may qualify for the exclusion described in part 1C by being called to active duty service after September 11, 2001, for a period of at least 90 days, or while performing homeland defense activity for a period of at least 90 days. After the debtor has been released from active duty or has ceased performing homeland defense activity, the exclusion applies for a period of 540 days after the release date or cessation of homeland defense activity. Under those circumstances the debtor must state the date of release from active duty or the date on which the performance of homeland defense activity terminated.

If the Reservist and National Guard exclusion terminates during the course of a chapter 7 case – because of the expiration of the 540 day period following the release from active duty or the cessation of homeland defense activity – then the debtor may be required to complete the remaining parts of the form that are applicable to the debtor. If the exclusion terminates while a timely motion to dismiss under § 707(b)(2) may still be filed, Interim Rule 1007-I(n) requires that the debtor complete the remaining parts of the form no later than 14 days after the termination. If the obligation to complete the form arises in these circumstances and the debtor has not previously completed the form, the clerk is required to give the debtor notice of the obligation.

2005-2008 COMMITTEE NOTE[2]

A.  Overview

Among the changes introduced by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 was a set of interlocking provisions defining "current monthly income" and establishing a means test to determine whether relief under Chapter 7 should be presumed abusive.  Current monthly income ("CMI") is defined in § 101(10A) of the Code, and the means test is set out in § 707(b)(2).  These provisions have a variety of

---

[2]The 2005-2008 Committee Note incorporates Committee Notes previously published in 2005 and 2006 and changes effective through January 2008.

Official Form 22 (Committee Note)

applications.  In Chapter 7, if the debtor's CMI exceeds a defined level the debtor is subject to the means test, and § 707(b)(2)(C) specifically requires debtors to file a statement of CMI and calculations to determine the applicability of the means test presumption.  In Chapters 11 and 13, CMI provides the starting point for determining the disposable income that debtors may be required to pay to unsecured creditors.  Moreover, Chapter 13 debtors with CMI above defined median income levels are required by § 1325(b)(3) to use the deductions from income prescribed by the means test in order to determine what part of their income is "disposable," and pursuant to § 1325(b)(4), the level of CMI determines the "applicable commitment period" over which projected disposable income must be paid to unsecured creditors.

To provide for the reporting and calculation of CMI and for the completion of the means test where required, three separate official forms have been created—one for Chapter 7, one for Chapter 11, and one for Chapter 13.  This note first describes the calculation of CMI that is common to all three of the forms, next describes the means test deductions set out in the Chapter 7 and 13 forms, and finally addresses particular issues that are unique to each of the separate forms.

B.  Calculation of CMI

Although Chapters 7, 11, and 13 use CMI for different purposes, the basic computation is the same in each.  As defined in § 101(10A), CMI is the monthly average of certain income that the debtor (and in a joint case, the debtor's spouse) received in the six calendar months before the bankruptcy filing.  The definition includes in this average (1) income from all sources, whether or not taxable, and (2) any amount paid by an entity other than the debtor (or the debtor's spouse in a joint case) on a regular basis for the household expenses of the debtor, the debtor's dependents, and (in a joint case) the debtor's spouse if not otherwise a dependent.  At the same time, the definition excludes from the averaged income "benefits received under the Social Security Act" and certain payments to victims of terrorism, war crimes, and crimes against humanity.

Official Form 22 (Committee Note)

Each of the three forms provides for reporting income items constituting CMI.  The items are reported in a set of entry lines—Part II of the form for Chapter 7 and Part I of the forms for Chapter 11 and Chapter 13—that include separate columns for reporting income of the debtor and of the debtor's spouse. The first of these entry lines includes a set of instructions and check boxes indicating when the "debtor's spouse" column must be completed. The instructions also direct the required averaging of reported income.

The subsequent entry lines for income reporting specify several common types of income and are followed by a "catch-all" line for other income.  The entry lines address (a) gross wages; (b) business income; (c) rental income; (d) interest, dividends, and royalties; (e) pension and retirement income; (f) regular payments of the household expenses of the debtor or the debtor's dependents; (g) unemployment compensation, and (h) all other forms of income (the "catch-all" line).

Gross wages (before taxes) are required to be entered.  However, consistent with usage in the Internal Revenue Manual and the American Community Survey of the Census Bureau, business and rental income are defined as gross receipts less ordinary and necessary expenses.

Unemployment compensation is given special treatment.  Because the federal government provides funding for state unemployment compensation under the Social Security Act, there may be a dispute about whether unemployment compensation is a "benefit received under the Social Security Act."  The forms take no position on the merits of this argument, but give debtors the option of reporting unemployment compensation separately from the CMI calculation.  This separate reporting allows parties in interest to determine the materiality of an exclusion of unemployment compensation and to challenge it.

Alimony and child support are also given special treatment.  Child support is not generally considered "income" to the recipient.  See 26 U.S.C. § 71(c).  Thus, child support is only part of CMI if it is paid on a regular basis for the household expenses of the debtor or the debtor's dependents.  On the other hand, alimony and other forms of spousal support are considered income to the

Official Form 22 (Committee Note)

recipient, and thus are within CMI regardless of the regularity and use of the payments.  To address this distinction, the instruction in the entry line for regular payments of household expenses directs that the entry include regular child support payments used for household expenses of the debtor or the debtor's dependents, and the instruction for the "catch-all" line directs inclusion of all spousal support payments that are not otherwise reported as spousal income.

The forms provide for totaling the income reporting lines.

C.  The means test: deductions from current monthly income

The means test operates by deducting from CMI defined allowances for living expenses and payment of secured and priority debt, leaving disposable income presumptively available to pay unsecured non-priority debt. These deductions from CMI are set out in the Code at § 707(b)(2)(A)(ii)-(iv). The forms for Chapter 7 and Chapter 13 have similar sections (Parts V and IV, respectively) for calculating these deductions.  The calculations are divided into subparts reflecting three different kinds of allowed deductions.

1.      Deductions under IRS standards

Subpart A deals with deductions from CMI, set out in § 707(b)(2)(A)(ii), for "the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides."   The forms provide entry lines for each of the specified expense deductions under the IRS standards, and instructions on the entry lines identify the website of the U.S. Trustee Program, where the relevant IRS allowances can be found.  As with all of the deductions in § 707(b)(2)(A)(ii), deductions under the IRS standards are subject to the proviso that they not include "any payments for debts."

*National Standards.* The IRS National Standards

Official Form 22 (Committee Note)

provide a single allowance for food, clothing, household supplies, personal care, and miscellany, depending on household size, which can be entered directly from a table supplied by the IRS. There is also a National Standard for out-of-pocket health care expenses, which provides two different per-person allowances, depending on age group: the allowance for persons 65 or older is greater than the allowance for those under 65. Accordingly, the forms direct debtors to compute the National Standard allowance for health care by first multiplying each of the two age-group allowances by the number of household members within that age group and then adding subtotals for the two age groups to obtain the total allowance.

*Local Standards.* The IRS Local Standards provide one set of deductions for housing and utilities and another set for transportation expenses, with different amounts for different areas of the country, depending on the size of the debtor's household and the number of the debtor's vehicles. Each of the amounts specified in the Local Standards are treated by the IRS as a cap on actual expenses, but because § 707(b)(2)(A)(ii) provides for deductions in the "amounts specified under the . . . Local Standards," the forms treat these amounts as allowed deductions.

The Local Standards for housing and utilities, as published by the IRS for its internal purposes, present single amounts covering all housing expenses; however, for bankruptcy purposes, the IRS has provided the Executive Office for United States Trustees with information allowing a division of these amounts into a non-mortgage component and a mortgage/rent component. The non-mortgage component covers a variety of expenses involved in maintaining a residence, such as utilities, repairs and maintenance. The mortgage/rent component covers the cost of acquiring the residence. The forms take no position on the question of whether the debtor must actually be making payments on a home in order to claim a mortgage/rent allowance. For homeowners with mortgages, the mortgage/rent allowance involves debt payment, since the cost of a mortgage is the basis for the allowance. Accordingly, the forms require debtors to deduct from the mortgage/rent allowance their average monthly mortgage payment, up to the full amount of the IRS mortgage/rent allowance, and instruct debtors that this average monthly payment is the one reported on the

separate line of the forms for deductions of secured debt
under § 707(b)(2)(a)(iii).  The forms allow debtors to
challenge the appropriateness of this method of computing
the Local Standards allowance for housing and utilities and
to claim any additional housing allowance to which they
contend they are entitled, but the forms require
specification of the basis for such a contention.

The IRS issues Local Standards for transportation in
two components for its internal purposes as well as for
bankruptcy: one component covers vehicle operation/public
transportation expense and the other ownership/lease
expense.  The amount of the vehicle operation/public
transportation allowance depends on the number of
vehicles the debtor operates; debtors who do not operate
vehicles are given a public transportation allowance,
regardless of whether they actually use public
transportation.  It is not clear whether the public
transportation allowance may also be claimed by debtors
who do make use of public transportation but also operate
vehicles.  The forms permit debtors to claim both a public
transportation and vehicle operating allowance, but take no
position as to whether it is appropriate to claim both
allowances. No debt payment is involved in the vehicle
operation/public transportation component of the Local
Standards for transportation.

The ownership/lease component, on the other hand,
may involve debt payment.  Accordingly, the forms require
debtors to reduce the allowance for ownership/lease
expense by the average monthly loan payment amount
(principal and interest), up to the full amount of the IRS
ownership/lease expense amount.  This average payment is
as reported on the separate line of the forms for deductions
of secured debt under § 707(b)(2)(a)(iii). The forms take no
position on the question of whether the debtor must
actually be making payments on a vehicle in order to claim
the ownership/lease allowance.

*Other Necessary Expenses.*  The IRS does not set
out specific dollar allowances for "Other Necessary
Expenses."  Rather, it specifies a number of categories for
such expenses, and describes the nature of the expenses that
may be deducted in each of these categories. Section
707(b)(2)(a)(ii) allows a deduction for the debtor's actual
expenses in these specified categories, subject to its

Official Form 22 (Committee Note)

requirement that payment of debt not be included.  Several
of the IRS categories deal with debt repayment and so are
not included in the forms.  Several other categories deal
with expense items that are more expansively addressed by
specific statutory allowances.  Subpart A sets out the
remaining categories of "Other Necessary Expenses" in
individual entry lines.  Instructions in these entry lines
reflect limitations imposed by the IRS and the need to
avoid inclusion of items deducted elsewhere on the forms.

Subpart A concludes with a subtotal of the
deductions allowed under the IRS standards.

1.   Additional statutory expense deductions


In addition to the expense deductions allowed under
the IRS standards, the means test makes provision—in
subclauses (I), (II), (IV), and (V) of § 707(b)(2)(A)(ii)—for
six special expense deductions.  Each of these additional
expense items is set out on a separate entry line in Subpart
B, introduced by an instruction that tracks the statutory
language and provides that there should not be double
counting of any expense already included in the IRS
deductions.

One of these special expense deductions presents a
problem of statutory construction.  Section
707(b)(2)A)(ii)(I), after directing the calculation of the
debtor's monthly expenses under the IRS standards, states,
"Such expenses shall include reasonably necessary health
insurance, disability insurance, and health saving account
expenses . . . ."  There is no express statutory limitation to
expenses actually incurred by the debtor, and so the
provision appears to allow a reasonable "monthly expense"
deduction for health and disability insurance or a health
savings account even if the debtor does not make such
payments, similar to the way in which the National
Standards give an allowance for food, clothing and
personal care expenses without regard to the debtor's actual
expenditures.  However, the statutory language might also
be read as providing that the debtor's "Other Necessary
Expenses" should include reasonable insurance and health
savings account payments.  Since "Other Necessary
Expenses" are limited to actual expenditures, such a
limitation could be implied here.  The forms deal with this
ambiguity by allowing the debtor to claim a deduction for

Official Form 22 (Committee Note)

reasonable insurance and health savings account expenses
even if not made, but also require a statement of the amount
actually expended in these categories, thus allowing a
challenge by any party who believes that only actual
expenditures are properly deductible.

Contributions to tax-exempt charities provide
another statutory expense deduction. Section 707(b)(1)
provides that in considering whether a Chapter 7 filing is an
abuse, the court may not take into consideration "whether a
debtor . . . continues to make [tax-exempt] charitable
contributions." Section 1325(b)(2)(A)(ii) expressly allows
a deduction from CMI for such contributions that are
"reasonably necessary" (up to 15% of the debtor's gross
income), and the Religious Liberty and Charitable
Donation Clarification Act of 2005 added language to §
1325(b)(3) to provide the same deduction for above-median
income debtors whose disposable income is determined
using means test deductions. Accordingly, Subpart B of
both the Chapter 7 and Chapter 13 forms includes an entry
line for charitable contributions, employing the different
statutory deductions allowed in each context.

The Subpart B concludes with a subtotal of the
additional statutory expense deductions.

2.   Deductions for payment of debt

Subpart C deals with the means test's deductions
from CMI for payment of secured and priority debt, as well
as a deduction for administrative fees that would be
incurred if the debtor paid debts through a Chapter 13 plan.

In accord with § 707(b)(2)(A)(iii), the deduction for
secured debt is divided into two entry lines—one for
payments that are contractually due during the 60 months
following the bankruptcy filing, the other for amounts
needed to retain necessary collateral securing debts in
default. In each situation, the instructions for the entry
lines require dividing the total payment amount by 60, as
the statute directs. The forms recognize another ambiguity
in this connection: "payments contractually due" might
either be understood as limited to payments of principal
and interest (payable to secured creditor) or, in the context
of a mortgage with an escrow, might be understood as
including payments of property taxes and insurance

Official Form 22 (Committee Note)

(ultimately paid to taxing bodies and insurers, but initially payable to the mortgagee).   The forms require the debtor to specify whether the amount deducted includes taxes and insurance, allowing a party in interest to inquire into the deduction and raise an objection.

Priority debt, deductible pursuant to § 707(b)(2)(A)(iv), is treated on a single entry line, also requiring division by 60.  The instruction for this line makes clear that only past due priority debt—not anticipated debts—should be included.  Thus, future support or tax obligations, and future fees that might be payable to a Chapter 13 debtor's attorney, are not included.

The defined deduction for the expenses of administering a Chapter 13 plan is allowed by § 707(b)(2)(A)(ii)(III) only for debtors eligible for Chapter 13.  The forms treat this deduction in an entry line requiring the eligible debtor to state the amount of the prospective Chapter 13 plan payment and multiply that payment amount by the percentage fee established for the debtor's district by the Executive Office for United States Trustees. The forms refer debtors to the website of the U.S. Trustee Program to obtain this percentage fee.

The subpart concludes with a subtotal of debt payment deductions.

3.   Total deductions

Finally, the forms direct that the subtotals from Subparts A, B, and C be added together to arrive at the total of allowed deductions from CMI under the means test.

4.   Additional claimed deductions

The forms do not provide for means test deductions from CMI for expenses in categories that are not specifically identified as "Other Necessary Expenses" in the Internal Revenue Manual.  However, debtors may wish to claim expenses that do not fall within the categories listed as "Other Necessary Expenses" in the forms.  Part VII of the Chapter 7 form and Part VI of the Chapter 13 form provide for such expenses to be identified and totaled. Although expenses listed in these sections are not deducted

Official Form 22 (Committee Note)

from CMI for purposes of the means test calculation, the listing provides a basis for debtors to assert that these expenses should be deducted from CMI under § 707(b)(2)(A)(ii)(I), and that the results of the forms' calculation should therefore be modified.

D.  The chapter-specific forms

   1.  Chapter 7

       The Chapter 7 form has several unique aspects.  The form includes, in the upper right corner of the first page, a check box directing the debtor to state whether or not the calculations required by the form result in a presumption of abuse.  The debtor is not bound by this statement and may argue, in response to a motion brought under § 707(b)(1), that there should be no presumption despite the calculations required by the form.  The check box is intended to give clerks of court a conspicuous indication of the cases for which they are required to provide notice of a presumption of abuse pursuant to § 342(d).

       Part I implements the provision of § 707(b)(2)(D) that excludes certain disabled veterans from all means testing, making it unnecessary to compute the CMI of such veterans.  Debtors who declare under penalty of perjury that they are disabled veterans within the statutory definition are directed to verify their declaration in Part VII, to check the "no presumption" box at the beginning of the form, and to disregard the remaining parts of the form.

       Part I also provides an exclusion for debtors who do not have primarily consumer debts.  These debtors are not subject to any of the provisions of § 707(b)—including the requirement of § 707(b)(2)(C) for filing a CMI statement— since § 707(b) applies, by its terms, only to "an individual debtor . . . whose debts are primarily consumer debts." However, a debtor may be found to have asserted non-consumer status incorrectly.  Unless such a debtor has filed the CMI form within the 45 days after filing the case, the case could be subject to automatic dismissal under § 521(i). To avoid this possibility, debtors asserting principally non-consumer status may complete the appropriate portions of Part I, claim an exclusion from the balance of the form, and promptly file the form.  If it is subsequently determined that the debtor does have primarily consumer debts, the

Official Form 22 (Committee Note)

form will have been filed within the deadline established by
§ 521(i), and can be amended to include the necessary CMI
and means test information.

Part II computes CMI for purposes of the safe
harbor of § 707(b)(7).  Section 707(b)(7) prohibits a motion
to dismiss based on the means test's presumption of abuse
if the debtor's annualized CMI does not exceed a defined
median state income.  For this purpose, the statute directs
that CMI of the debtor's spouse be combined with the
debtor's CMI even if the debtor's spouse is not a joint
debtor, unless the debtor declares under penalty of perjury
that the spouses are legally separated or living separately
other than for purposes of evading the means test.
Accordingly, the calculation of CMI in Part II directs a
computation of the CMI of the debtor's spouse not only in
joint cases, but also in cases of married debtors who do not
make the specified declaration, and the CMI of both
spouses in these cases is combined for purposes of
determining standing under § 707(b)(7).

Part III compares the debtor's CMI to the applicable
state median income for purposes of § 707(b)(7).  It then
directs debtors whose income does not exceed the
applicable median to verify the form, to check the "no
presumption" box at the beginning of the form, and not to
complete the remaining parts of the form.  Debtors whose
CMI does exceed the applicable state median are required
to complete the remaining parts of the form.

Part IV adjusts the CMI of a married debtor, not
filing jointly, whose spouse's CMI was combined with the
debtor's in Part II.  The means test itself does not charge a
married debtor in a non-joint case with the income of the
non-filing spouse, but only with payments regularly made
by that spouse for the household expenses of the debtor or
the debtor's dependents, as provided in the definition of
CMI in § 101(10A).  Accordingly, Part IV calls for the
combined CMI of Part II to be reduced by the amount of
the non-filing spouse's income that was not regularly paid
for the household expenses of the debtor or the debtor's
dependents.  The form requires that the alternative uses of
the spouse's income be specified.

Part V of the form provides for a calculation of the
means test's deductions from the debtor's CMI, as

Official Form 22 (Committee Note)

described above in § C.

Part VI provides for a determination of whether the debtor's CMI, less the allowed deductions, gives rise to a presumption of abuse under § 707(b)(2)(A). Depending on the outcome of this determination, the debtor is directed to check the appropriate box at the beginning of the form and to sign the verification in Part VIII. Part VII allows the debtor to claim additional deductions, as discussed above in § C.5.

 2.   Chapter 11

The Chapter 11 form is the simplest of the three, since the means-test deductions of § 707(b)(2) are not employed in determining the extent of an individual Chapter 11 debtor's disposable income. Section 1129(a)(15) requires payments of disposable income "as defined in section 1325(b)(2)," and that paragraph allows calculation of disposable income under judicially-determined standards, rather than pursuant to the means test deductions, specified for higher income Chapter 13 debtors by § 1325(b)(3). However, § 1325(b)(2) does require that CMI be used as the starting point in the judicial determination of disposable income, and so the Chapter 11 form requires this calculation (in Part I of the form), as described above, together with a verification (in Part II).

 3.   Chapter 13

Like the Chapter 7 form, the form for Chapter 13 debtors contains a number of special provisions. The upper right corner of the first page includes check boxes requiring the debtor to state whether, under the calculations required by the statement, the applicable commitment period under § 1325(b)(4) is three years or five years and whether § 1325(b)(3) requires the means-test deductions to be used in determining the debtor's disposable income. The check box is intended to inform standing trustees and other interested parties about these items, but does not prevent the debtor from arguing that the calculations required by the form do not accurately reflect the debtor's disposable income.

Official Form 22 (Committee Note)

Part I is a report of income to be used for determining CMI.  In the absence of full payment of allowed unsecured claims, § 1325(b)(4) imposes a five-year applicable commitment period—rather than a three-year period—if the debtor's annualized CMI is not less than a defined median state income.  For this purpose, as under § 707(b)(7), § 1325(b)(4) requires that the CMI of the debtor's spouse be combined with the debtor's CMI, but, unlike § 707(b)(7), no exception is made for spouses who are legally separated or living separately.  Accordingly, the report of income in Part I directs a combined reporting of the income of both spouses in all cases of married debtors.

Part II computes the applicable commitment period by annualizing the income calculated in Part I and comparing it to the applicable state median.  The form allows debtors to contend that the income of a non-filing spouse should not be treated as CMI and permits debtors to claim a deduction for any income of a non-filing spouse to the extent that this income was not regularly paid for the household expenses of the debtor or the debtor's dependents (with the alternative uses specified).  The debtor is directed to check the appropriate box at the beginning of the form, stating the applicable commitment period.   The check box does not prevent a debtor from proposing an applicable commitment period of less than three or five years in conjunction with a plan that pays all allowed unsecured claims in full.

Part III compares the debtor's CMI to the applicable state median, allowing a determination of whether the means-test deductions must be used, pursuant to § 1325(b)(3), in calculating disposable income.  For this purpose, since § 1325(b)(3) does not provide for including the income of the debtor's spouse, the form directs a deduction of the income of a non-filing spouse that was not contributed to the household expenses of the debtor or the debtor's dependents.  Again, the debtor is directed to check the appropriate box at the beginning of the form, indicating whether the means test deductions are applicable.  If so, the debtor is directed to complete the remainder of the form.  If not, the debtor is directed to complete the verification in Part VII but not complete the other parts of the form.

Part IV provides for calculation of the means-test deductions provided in § 707(b)(2), described above in § C,

Official Form 22 (Committee Note)

as incorporated by § 1325(b)(3) for debtors with CMI above the applicable state median.

Part V provides for four adjustments required by special provisions affecting disposable income in Chapter 13.  First, § 1325(b)(2) itself excludes from the CMI used in determining disposable income certain "child support payments, foster care payments, [and] disability payments for a dependent child."  Because payments of this kind are included in the definition of CMI in § 101(10A), a line entry for deduction of these payments is provided.  Second, a line entry is provided for deduction of contributions by the debtor to certain retirement plans, listed in § 541(b)(7)(B), since that provision states that such contributions "shall not constitute disposable income, as defined in section 1325(b)."  Third, the same line entry also allows a deduction from disposable income for payments on loans from retirement accounts that are excepted from the automatic stay by § 362(b)(19), since § 1322(f) provides that for a "loan described in section 362(b)(19) . . . any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."  Finally, § 1325(b)(3) requires that deductions from income for above-median income debtors be determined not only in accordance with the means test deductions, set out in subparagraph (A) of § 707(b)(2), but also in accordance with subparagraph (B), which sets out the grounds for rebutting a presumption of abuse based on a demonstration of additional expenses justified by special circumstances.  Part V includes an entry line for such additional expenses, with a warning that the debtor will be required (as provided by § 707(b)(2)(B)) to document the expenses and provide a detailed explanation of the special circumstances that make them reasonable and necessary.

The Chapter 13 form does not provide a deduction from disposable income for the Chapter 13 debtor's anticipated attorney fees.  No specific statutory allowance for such a deduction exists, and none appears necessary. Section 1325(b)(1)(B) requires that disposable income contributed to a Chapter 13 plan be used to pay "unsecured creditors." A debtor's attorney who has not taken a security interest in the debtor's property is an unsecured creditor who may be paid from disposable income.

Official Form 22 (Committee Note)

Part VI allows the debtor to declare expenses not allowed under the form without deducting them from CMI, as described above in § C.5.

## 2006 COMMITTEE NOTE

Forms 22A, Line 43, and Form 22C, Line 48, are amended to delete the phrase "in default" with respect to "Other payments on secured claims."  A debtor may be required to make other payments to the creditor even when the debt is not in default, such as to retain collateral.  Form 22C, Line 17, also is amended to require all chapter 13 debtors, including those whose income falls below the applicable median income, to determine their disposable income under § 1325(b)(3) of the Code by completing Part III of the form.  Both forms contain stylistic amendments to conform the wording more closely to that used in the 2005 Act.

Official Form 22 (Committee Note)

## 2005-2008 COMMITTEE NOTE

A.      Overview

Among the changes introduced by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 are interlocking provisions defining "current monthly income" and establishing a means test to determine whether relief under Chapter 7 should be presumed abusive. Current monthly income ("CMI") is defined in § 101(10A) of the Code, and the means test is set out in § 707(b)(2). These provisions have a variety of applications.  In Chapter 7, if the debtor's CMI exceeds a defined level the debtor is subject to the means test, and § 707(b)(2)(c) specifically requires debtors to file a statement of CMI and calculations to determine the applicability of the means test presumption.  In Chapters 11 and 13, CMI provides the starting point for determining the disposable income that must be contributed to payment of unsecured creditors. Moreover, Chapter 13 debtors with CMI above defined levels are required by § 1325(b)(3) to complete the means test in order to determine the amount of their monthly disposable income, and pursuant to § 1325(b)(4), the level of CMI determines the "applicable commitment period" over which projected disposable income must be paid to unsecured creditors.

To provide for the reporting and calculation of CMI and for the completion of  the means test where required, three separate official forms have been created—one for Chapter 7, one for Chapter 11, and one for Chapter 13. This note first describes the calculation of CMI that is common to all three of the forms, next describes the means test as set out in the Chapter 7 and 13 forms, and finally addresses particular issues that are unique to each of the separate forms.

B.      Calculation of CMI

Although Chapters 7, 11, and 13 use CMI for different purposes, the basic computation is the same in each.  As defined in § 101(10A), CMI is the monthly average of certain income that the debtor (and in a joint case, the debtor's spouse) received in the six calendar months before the bankruptcy filing.  The definition includes in this average (1) income from all sources,

Official Form 22 (Committee Note)

whether or not taxable, and (2) any amount paid by an entity other than the debtor (or the debtor's spouse in a joint case) on a regular basis for the household expenses of the debtor, the debtor's dependents, and (in a joint case) the debtor's spouse if not otherwise a dependent.  At the same time, the definition excludes from the averaged income "benefits received under the Social Security Act" and certain payments to victims of terrorism, war crimes, and crimes against humanity.

Each of the forms provides for reporting income items constituting CMI.  The items are reported in a set of entry lines—Part II of the Chapter 7 form and Part I of the forms for Chapter 11 and Chapter 13—that include separate columns for reporting income of the debtor and of the debtor's spouse. The first of these entry lines includes a set of instructions and check boxes indicating when the "debtor's spouse" column must be completed.  The instructions also direct the required averaging of reported income.

The subsequent entry lines specify several common types of income and are followed by a "catch-all" line for other income.  The specific entry lines address (a) gross wages; (b) business income; (c) rental income; (d) interest, dividends, and royalties; (e) pension and retirement income; (f) regular contributions to the debtor's household expenses; and (g) unemployment compensation.  Gross wages (before taxes) are required to be entered.  Consistent with usage in the Internal Revenue Manual and the American Community Survey of the Census Bureau, business and rental income is defined as gross receipts less ordinary and necessary expenses.  Unemployment compensation is given special treatment.  Because the federal government provides funding for state unemployment compensation under the Social Security Act, there may be a dispute about whether unemployment compensation is a "benefit received under the Social Security Act."  The forms take no position on the merits of this argument, but give debtors the option of reporting unemployment compensation separately from the CMI calculation.  This separate reporting allows parties in interest to determine the materiality of an exclusion of unemployment compensation and to challenge it.  The forms provide for totaling the income lines.

Official Form 22 (Committee Note)

C.      The means test: deductions from current monthly income (CMI)

The means test operates by deducting from CMI defined allowances for living expenses and payment of secured and priority debt, leaving disposable income presumptively available to pay unsecured non-priority debt. These deductions from CMI under are set out in the Code at § 707(b)(2)(A)(ii)-(iv). The forms for Chapter 7 and Chapter 13 have identical sections (Parts V and III, respectively) for calculating these deductions.  The calculations are divided into subparts reflecting three different kinds of allowed deductions.

1.      Deductions under IRS standards

Subpart A deals with deductions from CMI, set out in § 707(b)(2)(A)(ii), for "the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides."   The forms provide entry lines for each of the specified expense deductions under the IRS standards, and instructions on the entry lines identify the website of the U.S. Trustee Program, where the relevant IRS allowances can be found.  As with all of the deductions in § 707(b)(2)(A)(ii), deductions under the IRS standards are subject to the proviso that they not include "any payments for debts."

The IRS National Standards provide a single allowance for food, clothing, household supplies, personal care, and miscellany, depending on income and household size.   The forms contain an entry line for the applicable allowance.

The IRS Local Standards provide one set of deductions for housing and utilities and another set for transportation expenses, with different amounts for different areas of the country, depending on the size of the debtor's family and the number of the debtor's vehicles. Each of the amounts specified in the Local Standards are

Official Form 22 (Committee Note)

treated by the IRS as a cap on actual expenses, but because
§ 707(b)(2)(A)(ii) provides for deductions in the "amounts
specified under the . . . Local Standards," the forms treat
these amounts as allowed deductions. The forms again
direct debtors to the website of the U.S. Trustee Program to
obtain the appropriate allowances.

The Local Standards for housing and utilities, as
published by the IRS for its internal purposes, present
single amounts covering all housing expenses; however, for
bankruptcy purposes, the IRS has separated these amounts
into a non-mortgage component and a mortgage/rent
component.  The non-mortgage component covers a variety
of expenses involved in maintaining a residence, such as
utilities, repairs and maintenance.  The mortgage/rent
component covers the cost of acquiring the residence.  For
homeowners with mortgages, the mortgage/rent component
involves debt payment, since the cost of a mortgage is part
of the allowance.  Accordingly, the forms require debtors to
deduct from the mortgage/rent component their average
monthly mortgage payment (including required payments
for taxes and insurance), up to the full amount of the IRS
mortgage/rent component, and instruct debtors that this
average monthly payment is the one reported on the
separate line of the forms for deductions of secured debt
under § 707(b)(2)(a)(iii).  The forms allow debtors to
challenge the appropriateness of this method of computing
the Local Standards allowance for housing and utilities and
to claim any additional housing allowance to which they
contend they are entitled, but the forms require
specification of the basis for such a contention.

The IRS issues Local Standards for transportation in
two components for its internal purposes as well as for
bankruptcy: one component covers vehicle operation/public
transportation expense and the other ownership/lease
expense.  The amount of the vehicle operation/public
transportation allowance depends on the number of
vehicles the debtor operates, with debtors who do not
operate vehicles being given a public transportation
allowance.  The instruction for this line item makes it clear
that every debtor is thus entitled to some transportation
expense allowance.   No debt payment is involved in this
allowance.  The ownership/lease component, on the other
hand, may involve debt payment.  Accordingly, the forms
require debtors to reduce the allowance for ownership/lease

Official Form 22 (Committee Note)

expense by the average monthly loan payment amount (principal and interest), up to the full amount of the IRS ownership/lease expense amount.  This average payment is as reported on the separate line of the forms for deductions of secured debt under § 707(b)(2)(a)(iii).

The IRS does not set out specific dollar allowances for "Other Necessary Expenses."  Rather, it specifies a number of categories for such expenses, and describes the nature of the expenses that may be deducted in each of these categories. Section 707(b)(2)(a)(ii) allows a deduction for the debtor's actual expenses in these specified categories, subject to its requirement that payment of debt not be included.  Several of the IRS categories deal with debt repayment and so are not included in the forms. Several other categories deal with expense items that are more expansively addressed by specific statutory allowances. Subpart A sets out the remaining categories of "Other Necessary Expenses" in individual entry lines. Instructions in these entry lines reflect limitations imposed by the IRS and the need to avoid inclusion of items deducted elsewhere on the forms.

Subpart A concludes with a subtotal of the deductions allowed under the IRS standards.

2.      Additional statutory expense deductions

In addition to the expense deductions allowed under the IRS standards, the means test makes provision—in subclauses (I), (II), (IV), and (V) of § 707(b)(2)(A)(ii)—for six special expense deductions.  Each of these additional expense items is set out on a separate entry line in Subpart B, introduced by an instruction that there should not be double counting of any expense already included in the IRS deductions.  Contributions to tax-exempt charities provide another statutory expense deduction.  Section 1325(b)(2)(A)(ii) expressly allows a deduction from CMI for such contributions (up to 15% of the debtor's gross income), and § 707(b)(1) provides that in considering whether a Chapter 7 filing is an abuse, the court may not take into consideration "whether a debtor . . . continues to make [tax-exempt] charitable contributions."  Accordingly, Subpart B also includes an entry line for charitable contributions.  The subpart concludes with a subtotal of the additional statutory expense deductions.

Official Form 22 (Committee Note)

3.      Deductions for payment of debt

Subpart C of the forms deals with the means test's deductions from CMI for payment of secured and priority debt, as well as a deduction for administrative fees that would be incurred if the debtor paid debts through a Chapter 13 plan.  In accord with § 707(b)(2)(A)(iii), the deduction for secured debt is divided into two entry lines— one for payments that are contractually due during the 60 months following the bankruptcy filing, the other for amounts needed to retain necessary collateral securing debts in default.  In each situation, the instructions for the entry lines require dividing the total payment amount by 60, as the statute directs.  Priority debt, deductible pursuant to § 707(b)(2)(A)(iv), is treated on a single entry line, also requiring division by 60.  The defined deduction for the expenses of administering a Chapter 13 plan is allowed by § 707(b)(2)(A)(ii)(III) only for debtors eligible for Chapter 13.  The forms treat this deduction in an entry line requiring the eligible debtor to state the amount of the prospective Chapter 13 plan payment and multiply that payment amount by the percentage fee established for the debtor's district by the Executive Office for United States Trustees. The forms refer debtors to the website of the U.S. Trustee Program to obtain this percentage fee.  The subpart concludes with a subtotal of debt payment deductions.

4.      Total deductions

Finally, the forms direct that the subtotals from Subparts A, B, and C be added together to arrive at the total of allowed deductions from CMI under the means test.

5.      Additional claimed deductions

The forms do not provide for means test deductions from CMI for expenses in categories that are not specifically identified as "Other Necessary Expenses" in the Internal Revenue Manual.  However, debtors may wish to claim expenses that do not fall within the categories listed as "Other Necessary Expenses" in the forms.  Part VII of the Chapter 7 form and Part VI of the Chapter 13 form provide for such expenses to be identified and totaled.

Official Form 22 (Committee Note)

Although expenses listed in these sections are not deducted from CMI for purposes of the means test calculation, the listing provides a basis for debtors to assert that these expenses should be deducted from CMI under § 707(b)(2)(A)(ii)(I), and that the results of the forms' calculation, therefore, should be modified.

D.       The chapter-specific forms

      1.        Chapter 7

The Chapter 7 form has several unique aspects.  The form includes, in the upper right corner of the first page, a check box directing the debtor to state whether or not the calculations required by the form result in a presumption of abuse.  The debtor is not bound by this statement and may argue, in response to a motion brought under § 707(b)(1), that there should be no presumption despite the calculations required by the form.  The check box is intended to give clerks of court a conspicuous indication of the cases for which they are required to provide notice of a presumption of abuse pursuant to § 342(d).

Part I of the form implements the provision of § 707(b)(2)(D) that excludes certain disabled veterans from all means testing, making it unnecessary to compute the CMI of such veterans.  Debtors who declare under penalty of perjury that they are disabled veterans within the statutory definition are directed to verify their declaration in Part VII, to check the "no presumption" box at the beginning of the form, and to disregard the remaining parts of the form.

Part II of the form is the computation of CMI. Section 707(b)(7) eliminates standing to assert the means test's presumption of abuse if the debtor's annualized CMI does not exceed a defined median state income.  For this purpose, the statute directs that CMI of the debtor's spouse be combined with the debtor's CMI even if the debtor's spouse is not a joint debtor, unless the debtor declares under penalty of perjury that the spouses are legally separated or living separately other than for purposes of evading the means test.  Accordingly, the calculation of CMI in Part II directs a computation of the CMI of the debtor's spouse not only in joint cases, but also in cases of

Official Form 22 (Committee Note)

married debtors who do not make the specified declaration, and the CMI of both spouses in these cases is combined for purposes of determining standing under § 707(b)(7).

Part III of the form provides for the comparison of the debtor's CMI to the applicable state median income for purposes of § 707(b)(7).  It then directs debtors whose income does not exceed the applicable median to verify the form, to check the "no presumption" box at the beginning of the form, and not to complete the remaining parts of the form.  Debtors whose CMI does exceed the applicable state median are required to complete the remaining parts of the form.

Part IV of the form provides for an adjustment to the CMI of a married debtor, not filing jointly, whose spouse's CMI was combined with the debtor's for purposes of determining standing to assert the means test presumption.  The means test itself does not charge a married debtor in a non-joint case with the income of the non-filing spouse, but rather only with contributions made by that spouse to the household expenses of the debtor or the debtor's dependents, as provided in the definition of CMI in § 101(10A).  Accordingly, Part IV calls for the combined CMI of Part II to be reduced by the amount of the non-filing spouse's income that was not contributed to the household expenses of the debtor or the debtor's dependents.

Part V of the form provides for a calculation of the means test's deductions from the debtor's CMI, as described above.

Part VI provides for a determination of whether the debtor's CMI, less the allowed deductions, gives rise to a presumption of abuse under § 707(b)(2)(A).  Depending on the outcome of this determination, the debtor is directed to check the appropriate box at the beginning of the form and to sign the verification in Part VIII.  Part VII allows the debtor to claim additional deductions, as discussed above.

2.      Chapter 11

The Chapter 11 form is the simplest of the three, since the means-test deductions of

Official Form 22 (Committee Note)

§ 707(b)(2) are not employed in determining the extent of an individual Chapter 11 debtor's disposable income. Section 1129(a)(15) requires payments of disposable income "as defined in section 1325(b)(2)," and that paragraph allows calculation of disposable income under judicially-determined standards, rather than pursuant to the means test deductions, specified for higher income Chapter 13 debtors by § 1325(b)(3). However, § 1325(b)(2) does require that CMI be used as the starting point in the judicial determination of disposable income, and so the Chapter 11 form requires this calculation (in Part I of the form), as described above, together with a verification (in Part II).

3.      Chapter 13

Like the Chapter 7 form, the form for Chapter 13 debtors contains a number of special provisions. The upper right corner of the first page includes check boxes requiring the debtor to state whether, under the calculations required by the statement, the applicable commitment period under § 1325(b)(4) is three years or five years and whether the means test deductions are required by § 1325(b)(3) to be used in determining the debtor's disposable income. The check box is intended to inform standing trustees and other interested parties about these items, but does not prevent the debtor from arguing that the calculations required by the form do not accurately reflect the debtor's disposable income.

Part I of the form is a report of income to be used for determining CMI. Section 1325(b)(4) imposes a five-year applicable commitment period—rather than a three-year period—if the debtor's annualized CMI is not less than a defined median state income. For this purpose, as under § 707(b)(4), the CMI of the debtor's spouse is required by the statute to be combined with the debtor's CMI, and there is no exception for spouses who are legally separated and living separately. Accordingly, the report of income in Part I directs a combined reporting of the income of both spouses in all cases of married debtors.

Part II of the form computes the applicable commitment period by annualizing the income calculated in Part I and comparing it to the applicable state median. The form allows debtors to contend that the income of a non-filing spouse should not be treated as CMI and permits

Official Form 22 (Committee Note)

debtors to claim a deduction for any income of a non-filing spouse to the extent that this income was not contributed to the household expenses of the debtor or the debtor's dependents.  The debtor is directed to check the appropriate box at the beginning of the form, stating the applicable commitment period.

Part III of the form compares the debtor's CMI to the applicable state median, allowing a determination of whether the means-test deductions must be used, pursuant to § 1325(b)(3), in calculating disposable income.  For this purpose, since § 1325(b)(3) does not provide for including the income of the debtor's spouse, the form directs a deduction of the income of a non-filing spouse that is not contributed to the household expenses of the debtor or the debtor's dependents.  Again, the debtor is directed to check the appropriate box at the beginning of the form, indicating whether the means test deductions are applicable.  If so, the debtor is directed to complete the remainder of the form.  If not, the debtor is directed to complete the verification in Part VII but not complete the other parts of the form.

Part IV provides for calculation of the means-test deductions provided in § 707(b)(2), described above, as incorporated by § 1325(b)(3) for debtors with CMI above the applicable state median.

Part V provides for three adjustments required by special provisions affecting disposable income in Chapter 13.  First, § 1325(b)(2) itself excludes from the CMI used in determining disposable income certain "child support payments, foster care payments, [and] disability payments for a dependent child."  Because payments of this kind are included in the definition of CMI in § 101(10A), a line entry for deduction of these payments is provided.  Second, a line entry is provided for deduction of contributions by the debtor to certain retirement plans, listed in § 541(b)(7)(B), since that provision states that such contributions "shall not constitute disposable income, as defined in section 1325(b)."  Third, the same line entry also allows a deduction from disposable income for payments on loans from retirement accounts that are excepted from the automatic stay by § 362(b)(19), since § 1322(f) provides that for a "loan described in section 362(b)(19) . . . any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."

Official Form 22 (Committee Note)

The Chapter 13 form does not provide a deduction from disposable income for the Chapter 13 debtor's anticipated attorney fees.  There is no specific statutory allowance for such a deduction, and none appears necessary.  Section 1325(b)(1)(B) requires that disposable income contributed to a Chapter 13 plan be used to pay "unsecured creditors." A debtor's attorney who has not taken a security interest in the debtor's property is an unsecured creditor who may be paid from disposable income.

Part VI of the form allows the debtor to claim additional deductions, as described above, and Part VII is the verification.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Zheng "Andy" Liu (SBN 279327)<br>Aptum Law<br>1660 S Amphlett Blvd Suite 315<br>San Mateo, CA 94402<br>Tel.: (650) 475-6289<br>Email: Andy.Liu@AptumLaw.us | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>Bin Zhang | CASE NO.:<br>CHAPTER: 7 |
|---|---|
| | **DEBTOR'S ATTORNEY'S DISCLOSURE OF COMPENSATION ARRANGEMENT IN INDIVIDUAL CHAPTER 7 CASE**<br>[LBR 2090-1(a)(3)] |
| Debtor(s). | |

1. **Compensation Arrangement.** Pursuant to 11 U.S.C. § 329(a), FRBP 2016(b), and LBR 2090-1(a)(3) and (4), I disclose that:

   a. I am the attorney for the Debtor.

   b. Compensation that was paid to me, within one year before the petition was filed, or was agreed to be paid to me, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with this bankruptcy case, is as follows:

   i. For legal services, I have agreed to accept ☒ an hourly rate of $ __450__ ; or a ☐ flat fee of $ _____

   ii. ☒ Prior to filing this disclosure I received __2500__

   iii. ☐ $ The balance due is $ _____

2. **Source of Compensation Paid Postpetition (Postpetition Compensation).**

   a. **Already Paid.** The source(s) of the Postpetition Compensation paid to me was:

      ☐ Debtor(s)    ☐ Other (*specify*): _____

   b. **To be Paid.** The source(s) of the Postpetition Compensation to be paid to me is:

      ☒ Debtor(s)    ☐ Other (*specify*): _____

3. **Sharing of Compensation Paid Postpetition.**

   ☒ I have not agreed to share Postpetition Compensation with any other person unless they are members or regular associates of my law firm within the meaning of FRBP 9001(10).

   ☐ I have agreed to share Postpetition Compensation with other person or persons who are not members or regular associates of my law firm within the meaning of FRBP 9001(10). Attached as Exhibit A is a copy of the agreement and a list of the names of the people sharing in the Postpetition Compensation.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Limited Scope of Services**.  A limited scope of appearance is permitted under LBR 2090-1(a)(3), unless otherwise required by the presiding judge.  In return for the fee disclosed above, I have agreed to provide the required legal services indicated below in paragraph "a", and, if any are indicated, the additional services checked in paragraph "4.b".

    a.  **Services required to be provided:**

        i.  Analysis of the Debtor's financial situation, and advice to the Debtor in determining whether to file a bankruptcy petition;

        ii.  Preparation and filing of any petition, lists, schedules and statements and any other required case commencement documents; and

        iii.  Representation of the Debtor at the initial § 341(a) meeting of creditors.

    b.  ☒  **Additional legal services I will provide:**

        i.  ☒  Any proceeding related to relief from stay motions.

        ii.  ☒  Any proceeding involving an objection to the Debtor's discharge pursuant to 11 U.S.C. § 727.

        iii.  ☒  Any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523.

        iv.  ☒  Reaffirmation of a debt.

        v.  ☒  Any lien avoidance under 11 U.S.C. § 522(f)

        vi.  ☐  Other *(specify):*

5.  If in the future I agree to represent the Debtor in additional matters, I will complete and file the Attorney's Disclosure of Postpetition Compensation, LBR form F 2016-1.4.ATTY.COMP.DISCLSR.

---

### DECLARATION OF ATTORNEY FOR THE DEBTOR

    I declare under penalty of perjury that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the Debtor in this bankruptcy case

Date: 02/02/2026

_____
Signature of attorney for the Debtor

Zheng "Andy" Liu
_____
Printed name of attorney

Aptum Law
_____
Printed name of law firm

---

### DECLARATION OF THE DEBTOR

    I/we declare under penalty of perjury that my attorney has explained to me/us the limited scope of representation as outlined above.  I/we understand that I/we have paid or agreed to pay solely for the required services listed in paragraph 4a, and the additional services (if any) that are checked off in paragraph 4b above, and that I/we am representing myself/ourselves for any other proceedings unless a new agreement is reached with an attorney.

Date: 02/02/2026                    Date: _____

_____    _____
Signature of Debtor 1                Signature of Debtor 2 (Joint Debtor)(if applicable)

Bin Zhang
_____    _____
Printed name of Debtor 1             Printed name of Debtor 2

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Fill in this information to identify your case:**

Debtor 1    Bin                                            Zhang
            First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name      Last Name

United States Bankruptcy Court for the: Central District of California

Case number
(if known)  _____

☐ Check if this is an amended filing

## Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7    12/15

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information.
Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

## Part 1:    List Your Creditors Who Have Secured Claims

1. **For any creditors that you listed in Part 1 of** *Schedule D: Creditors Who Have Claims Secured by Property* **(Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Nationstar Mortgage LLC**<br>Description of property securing debt: **Real Estate** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☑ Retain the property and [explain]: _____<br>continue making payments | ☐ No<br>☑ Yes |
| Creditor's name: **Santander Consumer USA Inc.**<br>Description of property securing debt: **Motor Vehicle** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☑ Retain the property and [explain]: _____<br>continue making payments | ☐ No<br>☑ Yes |
| Creditor's name:<br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☐ Retain the property and [explain]: _____ | ☐ No<br>☐ Yes |
| Creditor's name:<br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☐ Retain the property and [explain]: _____ | ☐ No<br>☐ Yes |

Debtor 1    Bin _____ Zhang _____    Case number (If known)_____
First Name    Middle Name    Last Name

| Part 2: | List Your Unexpired Personal Property Leases |

For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:  Joseph Vu | ☐ No |
| Description of leased property:  Single bedroom in 3180 Anacapa Way, Anaheim, CA | ☑ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |

| Part 3: | Sign Below |

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

✗ _Bin Zhang_____        ✗ _____
Signature of Debtor 1                              Signature of Debtor 2

Date  02/02/2026                                    Date _____
MM / DD / YYYY                                      MM / DD / YYYY

| Fill in this information to identify your case: | |
|---|---|

Debtor 1    Bin                                          Zhang
            First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)  First Name        Middle Name        Last Name

United States Bankruptcy Court for the:  Central District of California

Case number
(If known)    _____

**Check one box only as directed in this form and in Form 122A-1Supp:**

☐ 1. There is no presumption of abuse.

☑ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A–2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A—1

# Chapter 7 Statement of Your Current Monthly Income

10/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☑ **Married and your spouse is NOT filing with you.** You and your spouse are:

      ☑ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions) | $ 8400 | $ 8300 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0 | $ 0 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 125 | $ 0 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $_____ | $_____ | | | |
| Ordinary and necessary operating expenses | – $_____ | – $_____ | | | |
| Net monthly income from a business, profession, or farm | $0 | $0 | Copy here→ | $ 0 | $ 0 |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $_____ | $_____ | | | |
| Ordinary and necessary operating expenses | – $_____ | – $_____ | | | |
| Net monthly income from rental or other real property | $0 | $0 | Copy here→ | $ 0 | $ 0 |

7. **Interest, dividends, and royalties** | | | $ 0 | $ 0 |

| Debtor 1 | Bin | | Zhang | | | Case number *(if known)*_____ |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

**8. Unemployment compensation**    $ _____ 0    $ _____ 0

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ...............................↓

For you ...................................................................... $ _____

For your spouse ....................................... $ _____

**9. Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.    $ _____ 0    $ _____ 0

**10. Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

_____    $ _____ 0    $ _____ 0

_____    $ _____ 0    $ _____ 0

Total amounts from separate pages, if any.    + $ _____ 0    + $ _____ 0

**11. Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.    $ _____ 8525    + $ _____ 8300    = $ 16825

**Total current monthly income**

---

**Part 2:    Determine Whether the Means Test Applies to You**

**12. Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11.................................................................. Copy line 11 here➔    $ 16825

Multiply by 12 (the number of months in a year).    x 12

12b. The result is your annual income for this part of the form.    12b.    $ 201900

**13. Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    CA

Fill in the number of people in your household.    3

Fill in the median family income for your state and size of household. ............13.    $ 113553

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**14. How do the lines compare?**

14a. ☐  Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ☑  Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.* Go to Part 3 and fill out Form 122A–2.

| Debtor 1 | Bin | | Zhang | | Case number (*if known*)_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 3:**   **Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ _____        ✗ _____
  Signature of Debtor 1                                              Signature of Debtor 2

Date   02/02/2026                                                     Date   _____
       MM / DD  / YYYY                                                      MM /  DD  / YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2.

If you checked line 14b, fill out Form 122A–2 and file it with this form.

---

**Print**        **Save As...**        **Add Attachment**                **Reset**

**Fill in this information to identify your case:**

Debtor 1    Bin                                    Zhang
            First Name          Middle Name        Last Name

Debtor 2    _____
(Spouse, if filing)  First Name    Middle Name     Last Name

United States Bankruptcy Court for the:  Central District of California

Case number    _____
(If known)

**Check the appropriate box as directed in lines 40 or 42:**

According to the calculations required by this Statement:

☑ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☐ Check if this is an amended filing

## Official Form 122A–2

# Chapter 7 Means Test Calculation                                          04/25

To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1).

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).**

## Part 1:    Determine Your Adjusted Income

1. Copy your total current monthly income. ................................................ Copy line 11 from Official Form 122A-1 here ➔ ........... $ ___16825___

2. **Did you fill out Column B in Part 1 of Form 122A–1?**

   ☐ No. Fill in $0 for the total on line 3.

   ☑ Yes. Is your spouse filing with you?

      ☑ No. Go to line 3.

      ☐ Yes. Fill in $0 for the total on line 3.

3. **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:

   On line 11, Column B of Form 122A–1, was any amount of the income you reported for your spouse NOT regularly used for the household expenses of you or your dependents?

   ☐ No. Fill in 0 for the total on line 3.

   ☑ Yes. Fill in the information below:

   | State each purpose for which the income was used<br>For example, the income is used to pay your spouse's tax debt or to support people other than you or your dependents | Fill in the amount you are subtracting from your spouse's income |
   |---|---|
   | Money sent to support spouse's parents | $ 3000 |
   | Spouse's car payment and vehicle expenses | $ 625 |
   | Spouse's personal shopping | + $ 2500 |
   | **Total**. ................................................ | $ 6125 |

   Copy total here ............ ➔ − $ 6125

4. **Adjust your current monthly income.** Subtract the total on line 3 from line 1.        $ 10700

| Debtor 1 | Bin | | Zhang | | Case number *(if known)*_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| **Part 2:** | **Calculate Your Deductions from Your Income** |
|---|---|

**The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.**

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted from your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from income in lines 5 and 6 of Form 122A–1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the form refers to *you*, it means both you and your spouse if Column B of Form 122A–1 is filled in.

5. **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

| 3 |
|---|

| **National Standards** | You must use the IRS National Standards to answer the questions in lines 6-7. |
|---|---|

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items. $_____1068

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

| **People who are under 65 years of age** |
|---|

7a. Out-of-pocket health care allowance per person      $_____84

7b. Number of people who are under 65      x ___3

7c. **Subtotal.** Multiply line 7a by line 7b.      $ 252_____   Copy here ➡   $ 252_____

| **People who are 65 years of age or older** |
|---|

7d. Out-of-pocket health care allowance per person      $_____149

7e. Number of people who are 65 or older      x ___0

7f. **Subtotal.** Multiply line 7d by line 7e.      $ 00_____   Copy here ➡   + $ 00

7g. **Total**. Add lines 7c and 7f........................................................................   $ 252_____   Copy total here ➡   $252

| Debtor 1 | Bin | Zhang | | Case number *(if known)*_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Local Standards** | You must use the IRS Local Standards to answer the questions in lines 8-15. |
|---|---|

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

- **Housing and utilities – Insurance and operating expenses**
- **Housing and utilities – Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart.**

To find the chart, go online using the link specified in the separate instructions for this form.
This chart may also be available at the bankruptcy clerk's office.

8. **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses. ........................................................................ $_____781

9. **Housing and utilities – Mortgage or rent expenses:**

9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.......................................................... $_____2304

9b. Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| Nationstar Mortgage LLC | $_____1454.5 |
| Joseph Vu | $_____1300 |
| _____ | + $_____ |

| | Total average monthly payment | $ 2754.5 | **Copy here** ➔ | − $ 2754.5 | Repeat this amount on line 33a. |
|---|---|---|---|---|---|

9c. Net mortgage or rent expense.
Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0. ..........................................    $ 0    **Copy here** ➔    $ 0

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $_____0

Explain why: _____
_____

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

- ☐ 0. Go to line 14.
- ☑ 1. Go to line 12.
- ☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.    $_____353

Debtor 1    Bin            Zhang

First Name      Middle Name      Last Name            Case number *(if known)*_____

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1**    Describe Vehicle 1:    2024 Tesla Model Y

13a. Ownership or leasing costs using IRS Local Standard. ................................................. $_____662

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you filed for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| Santander Consumer USA Inc. | $ 785.19 |
| _____ + | $_____ |

Total average monthly payment    $ 785.19    **Copy here** ➤    − $ 785.19    Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. If this amount is less than $0, enter $0. ......................... $ 0    **Copy net Vehicle 1 expense here** ➤    $ 0

**Vehicle 2**    Describe Vehicle 2: _____

13d. Ownership or leasing costs using IRS Local Standard. ................................................. $_____

13e. Average monthly payment for all debts secured by Vehicle 2.

Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| _____ | $_____ |
| _____ + | $_____ |

Total average monthly payment    $ 0    **Copy here** ➤    − $ 0    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense

Subtract line 13e from line 13d. If this amount is less than $0, enter $0. ......................... $ 0    **Copy net Vehicle 2 expense here** ➤    $ 0

14. **Public transportation expense**: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.    $_____ 0

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.    $_____ 244

Debtor 1    Bin _____ Zhang _____

First Name    Middle Name    Last Name

Case number *(if known)*_____

---

**Other Necessary Expenses**    In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.

16. **Taxes:** The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, self-employment taxes, Social Security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes.

$ 2982.2

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.

$ 749

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance. Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.

$ 302.4

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.

$ 0

20. **Education:** The total monthly amount that you pay for education that is either required:
   ▪ as a condition for your job, or
   ▪ for your physically or mentally challenged dependent child if no public education is available for similar services.

$ 0

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education.

$ 0

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25.

$ 0

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122A-1, or any amount you previously deducted.

+ $ 280

24. **Add all of the expenses allowed under the IRS expense allowances.**

Add lines 6 through 23.

$ 7011.6

Debtor 1    **Bin**                **Zhang**
 _____    _____    _____               Case number *(if known)*_____
 First Name    Middle Name    Last Name

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. |
| | *Note*: Do not include any expense allowances listed in lines 6-24. |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

 Health insurance                                  $_____

 Disability insurance                               $_____

 Health savings account                    +    $_____

 Total                                                  $ 0          Copy total here ➡ ...................................... $ 0_____

 Do you actually spend this total amount?

 ☐ No. How much do you actually spend?        $_____
 ☐ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b).        $_____ 0

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
 By law, the court must keep the nature of these expenses confidential.        $_____ 0

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.
 If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.
 You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.        $_____ 0

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $214.58* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.
 You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.        $_____ 0

 *  Subject to adjustment on 4/01/28, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.
 To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.
 You must show that the additional amount claimed is reasonable and necessary.        $_____ 0

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 26 U.S.C. § 170(c)(1)-(2).        +  $_____ 0

32. **Add all of the additional expense deductions.**
 Add lines 25 through 31.        $_____ 0

| Debtor 1 | Bin | | Zhang | | Case number (if known)_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

|  |  | Average monthly payment |
|---|---|---|
| **Mortgages on your home:** | | |
| 33a. Copy line 9b here .................................................................. ➔ | | $ 2754.5 |
| **Loans on your first two vehicles:** | | |
| 33b. Copy line 13b here. ................................................................. ➔ | | $ 785.19 |
| 33c. Copy line 13e here. ................................................................. ➔ | | $ 0 |

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| _____ | _____ | ☐ No<br>☐ Yes | $_____ |
| _____ | _____ | ☐ No<br>☐ Yes | $_____ |
| _____ | _____ | ☐ No<br>☐ Yes | + $_____ |

33e. Total average monthly payment. Add lines 33a through 33d........... $ 3539.69      Copy total here ➔   $ 3539.69

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

   ☐ No.  Go to line 35.
   ☑ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| _____ | _____ | $_____ | ÷ 60 = | $_____ |
| _____ | _____ | $_____ | ÷ 60 = | $_____ |
| _____ | _____ | $_____ | ÷ 60 = | + $_____ |
| | | Total | | $ 00   Copy total here ➔   $ 00 |

35. **Do you owe any priority claims such as a priority tax, child support, or alimony — that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

   ☑ No.  Go to line 36.
   ☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

   Total amount of all past-due priority claims ................................................. $_____   ÷ 60 =   $_____

| Debtor 1 | Bin | | Zhang | Case number *(if known)*_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

36. **Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).
For more information, go online using the link *Bankruptcy Basics* specified in the separate
instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

☑ No.  Go to line 37.
☐ Yes. Fill in the following information.

Projected monthly plan payment if you were filing under Chapter 13 $_____

Current multiplier for your district as stated on the list issued by the
Administrative Office of the United States Courts (for districts in Alabama and
North Carolina) or by the Executive Office for United States Trustees (for all
other districts).                                                      x  _____

To find a list of district multipliers that includes your district, go online using the
link specified in the separate instructions for this form. This list may also be
available at the bankruptcy clerk's office.

Average monthly administrative expense if you were filing under Chapter 13    $ 0   Copy total here ➔    $ 0

37. **Add all of the deductions for debt payment.**
Add lines 33e through 36. ....................................................................................    $ 3539.6

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS*
*expense allowances* ........    $        7011.6

Copy line 32, *All of the additional expense deductions* ..........    $        0

Copy line 37, *All of the deductions for debt payment* ...........  + $     3539.69

Total deductions    $ 10551.29    Copy total here ...............................➔    $ 10551.29

**Part 3:**    **Determine Whether There Is a Presumption of Abuse**

39. **Calculate monthly disposable income for 60 months**

39a.  Copy line 4, *adjusted current monthly income* ...    $ 10700

39b.  Copy line 38, *Total deductions* ..........    – $ 10551.29

39c.  Monthly disposable income. 11 U.S.C. § 707(b)(2).    $ 168.71    Copy here ➔    $ 168.71
Subtract line 39b from line 39a.

For the next 60 months (5 years) ....................................................................    x 60

39d.  **Total**. Multiply line 39c by 60. ..............................................................    $ 10122.6    Copy here ➔    $ 10122.6

40. **Find out whether there is a presumption of abuse.** Check the box that applies:

☑ **The line 39d is less than $10,275\***. On the top of page 1 of this form, check box 1, *There is no presumption of abuse*. Go
to Part 5.

☐ **The line 39d is more than $17,150\***. On the top of page 1 of this form, check box 2, *There is a presumption of abuse*. You
may fill out Part 4 if you claim special circumstances. Then go to Part 5.

☐ **The line 39d is at least $10,275\*, but not more than $17,150\***. Go to line 41.

\* Subject to adjustment on 4/01/28, and every 3 years after that for cases filed on or after the date of adjustment.

Debtor 1  **Bin** _____ **Zhang** _____  Case number *(if known)*_____

First Name   Middle Name   Last Name

41.  41a.  **Fill in the amount of your total nonpriority unsecured debt.** If you filled out *A Summary of Your Assets and Liabilities and Certain Statistical Information Schedules* (Official Form 106Sum), you may refer to line 3b on that form.................................................  $_____

x   .25

41b.  **25% of your total nonpriority unsecured debt.** 11 U.S.C. § 707(b)(2)(A)(i)(I).
Multiply line 41a by 0.25. ................................................................  $_____  Copy here ➔  $_____

42.  **Determine whether the income you have left over after subtracting all allowed deductions is enough to pay 25% of your unsecured, nonpriority debt.**
Check the box that applies:

☐  **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐  **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

| Part 4: | Give Details About Special Circumstances |
|---|---|

43. **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

☑  No. Go to Part 5.

☐  Yes. Fill in the following information. All figures should reflect your average monthly expense or income adjustment for each item. You may include expenses you listed in line 25.

You must give a detailed explanation of the special circumstances that make the expenses or income adjustments necessary and reasonable. You must also give your case trustee documentation of your actual expenses or income adjustments.

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

| Part 5: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ _____     ✗ _____
Signature of Debtor 1                              Signature of Debtor 2

Date **02/02/2026** _____          Date _____
MM / DD  / YYYY                      MM / DD  / YYYY

Print      Save As      Add Attachment                        Reset

Official Form 122 (Committee Note)

### 2025-04 STAFF NOTATION

The dollar amounts listed in lines 29 and 40 of 122A-2, and line 29 of 122C-2 are adjusted effective April 1, 2025, as part of the tri-annual dollar adjustments required by 11 U.S.C. § 104.

### 2022-04 STAFF NOTATION

The CARES Act changes Official Forms 122A-1, 122B, and 122C-1 described in the 2020-04 Committee Note lapsed on March 27, 2022. The three forms have reverted to their pre-CARES Act versions (December 2019 in the case of 122A-1, October 2019 as amended in December 2021 in the case of 122B, and October 2019 in the case of 122C-1).

In addition, the dollar amounts listed in lines 29 and 40 of 122A-2, and line 29 of 122C-2 are adjusted effective April 1, 2022, as part of the tri-annual dollar adjustments required by 11 U.S.C. § 104.

### 2021-12 COMMITTEE NOTE

Official Form 122B is amended in response to the enactment of the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, 133 Stat. 1079. That law gives a small business debtor the option of electing to be a debtor under subchapter V of chapter 11. As amended, the initial instruction in the form includes an exception for subchapter V cases. Because Code § 1129(a)(15) is inapplicable to such cases, there is no need for an individual debtor in a subchapter V case to file a statement of current monthly income.

### 2020-04 COMMITTEE NOTE

Official Forms 122A-1, 122B, and 122C-1 are amended in response to the enactment of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281.[1] That law

---

[1] As amended by the COVID-19 Bankruptcy Relief Extension Act of 2021, Pub. L. 117-5, 135 Stat. 249 (providing that the CARES Act

Official Form 22 (Committee Note)

modifies the definition of "current monthly income" in §101(10A) and the definition of "disposable income" in §1325(b)(2) to exclude "payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19)." Each form is modified to expressly exclude these amounts from line 10.   These amendments will terminate one year after the date of enactment of the CARES Act.

## 2019-12 COMMITTEE NOTE

The instruction on line 14a of Official Form 122A-1 is amended to remind a debtor for whom there is no presumption of abuse that Official Form 122A-2 (*Chapter 7 Means Test* Calculation) should not be filled out or filed.

## 2019-10 COMMITTEE NOTE

Official Forms 122A-1, 122B, and 122C-1 are amended in response to the enactment of the Honoring American Veterans in Extreme Need Act of 2019 (the "HAVEN Act"), Pub. L. No. 116-52, 133 Stat. 1076.  That law modifies the definition of "current monthly income" in § 101(10A) to exclude certain amounts payable "in connection with a disability, combat-related injury or disability or death of a member of the uniformed services." The exclusion for servicemember retired pay is limited, however, and the debtor should exclude from current monthly income only that amount of retired pay that exceeds the amount that the recipient would otherwise be entitled to receive had the recipient retired for a reason other than disability.  Each form is modified to expressly exclude these amounts from lines 9 and 10.

---

definition of "debtor" for determining eligibility to proceed under subchapter V of the chapter 11 will terminate two years (on March 27, 2022) after the CARES Act was enacted).

Official Form 22 (Committee Note)

Official Form 22 (Committee Note)

## 2015 COMMITTEE NOTE

Official Forms 122A-1, 122A-1Supp, 122A-2, 122B, 122C-1, and 122C-2 are updated to comport with the form numbering style developed as part of the Forms Modernization Project. The forms are derived from Official Forms 22A-1, 22A-1Supp, 22A-2, 22B, 122C-1, and 22C-2.

A statement is added to line 26 of Forms 122A-2 and 122C-2 explaining that contributions to qualified ABLE accounts, as defined in 26 U.S.C. § 529A(b), may be included in the deduction for contributions to the care of household or family members. Authorization of the deduction of such contributions was added to Bankruptcy Code § 707(b)(2)(A)(ii)(II) by the Tax Increase Prevention Act of 2014, Pub. Law No. 113-295.

Official Forms 122A-1, 122B, and 122C-1 are revised to add a workspace column for debtor 2 at questions 5 and 6 on the forms.

Official Form 122B is also revised to remove former Part 2.  This portion of the form provided for the exclusion of certain income of a debtor's non-filing spouse; since that income is not required to be reported, its exclusion is unnecessary.

Other stylistic changes were made throughout the forms.

Official Form 22 (Committee Note)

# HISTORICAL NOTES

## 2010 COMMITTEE NOTE

Form 22A, lines 19A, 19B, 20A, and 20B, and Form 22C, lines 24A, 24B, 25A, and 25B, are amended to delete the terms "household" and "household size" and to replace them with "number of persons" or "family size." Under § 707(b)(2)(A)(ii)(I) means test deductions for food, clothing, and other items and for health care are permitted to be taken in the amounts specified in the IRS National Standards. The IRS National Standards are based on numbers of persons, not household size. Similarly, the IRS Local Standards are based on family, not household, size. The IRS itself generally determines the applicable number of persons or family size for these purposes according to the number of dependents that the debtor claims for federal income tax purposes.

In order for Forms 22A and 22C to reflect more accurately the manner in which the specified National and Local Standards are applied by the IRS, the references to "household" and "household size" are deleted, and the substituted terms – "number of persons" and "family size" – are defined in terms of exemptions on the debtor's federal income tax return and other dependents.

Form 22A, line 8, Form 22B, line 7, and Form 22C, line 7, are amended to add an instruction that only one joint filer should report regular payments by another person for household expenses. Reporting of the figure by both spouses results in an erroneous double-counting of this source of income.

The introductory instruction to Part I of Form 22A is amended to direct debtors in joint cases to file separate forms if only one of the debtors is entitled to an exemption under Part I and the debtors believe that the filing of separate forms is required by § 707(b)(2)(C) of the Code. The language of § 707(b) is ambiguous about how the exclusions from means testing authorized by § 707(b)(1) (for debtors whose debts are not primarily consumer debts) and (b)(2)(D) (for certain disabled veterans, National Guard members, and Armed Forces reservists) are to be applied in joint cases. The form does not impose a particular interpretation of these provisions. It leaves up to joint

debtors the initial determination of whether the exclusion of one spouse from means testing relieves the other spouse from the obligation to complete the form, and allows any dispute over this matter to be resolved by the courts.

### 2008 COMMITTEE NOTE

The chapter 7 form is amended to implement the temporary exclusion from means testing created by the National Guard and Reservists Debt Relief Act of 2008. That law amended §707(b)(2)(D) for a period of three years by adding a new subsection (ii) to provide a temporary exclusion from the application of the means test for certain members of the National Guard and reserve components of the Armed Forces. The new temporary exclusion would last for the period that the qualifying debtor is on active duty or is performing a homeland defense activity, and for 540 days thereafter.

Because the exclusion for Reservists and National Guard members applies only for a defined period of time, it may expire during the course of the chapter 7 case filed by a debtor initially entitled to the exclusion. For that reason, a new check box is added to the top of the form that states that the "presumption is temporarily inapplicable." A debtor who is entitled to claim the Reservists and National Guard exclusion at the commencement of the chapter 7 case may check that box.

The new exclusion applies only to a debtor who satisfies all of the requirements of §707(b)(2)(D)(ii), and its expiration date depends on facts specific to each debtor. Therefore, in a joint case in which the exclusion in part 1C is claimed by either or both filers, each joint filer must complete a separate statement. If only one joint debtor qualifies for the exclusion in part IC, the other joint debtor must complete the form.

Part 1C is added to the form to allow qualifying debtors to claim the temporary exclusion under § 707(b)(2)(D)(ii). Debtors who declare under penalty of perjury that they satisfy all of the requirements of that provision are directed to verify their declaration in Part VIII and to check the "temporary presumption" box at the beginning of the form. They are not required to complete the remaining parts of the form for so long as the exclusion

Official Form 22 (Committee Note)

remains applicable.

A debtor who is or has been a Reservist or a National Guard member may qualify for the exclusion described in part 1C by being called to active duty service after September 11, 2001, for a period of at least 90 days, or while performing homeland defense activity for a period of at least 90 days. After the debtor has been released from active duty or has ceased performing homeland defense activity, the exclusion applies for a period of 540 days after the release date or cessation of homeland defense activity. Under those circumstances the debtor must state the date of release from active duty or the date on which the performance of homeland defense activity terminated.

If the Reservist and National Guard exclusion terminates during the course of a chapter 7 case – because of the expiration of the 540 day period following the release from active duty or the cessation of homeland defense activity – then the debtor may be required to complete the remaining parts of the form that are applicable to the debtor. If the exclusion terminates while a timely motion to dismiss under § 707(b)(2) may still be filed, Interim Rule 1007-I(n) requires that the debtor complete the remaining parts of the form no later than 14 days after the termination. If the obligation to complete the form arises in these circumstances and the debtor has not previously completed the form, the clerk is required to give the debtor notice of the obligation.

2005-2008 COMMITTEE NOTE[2]

A.  Overview

Among the changes introduced by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 was a set of interlocking provisions defining "current monthly income" and establishing a means test to determine whether relief under Chapter 7 should be presumed abusive.  Current monthly income ("CMI") is defined in § 101(10A) of the Code, and the means test is set out in § 707(b)(2).  These provisions have a variety of

---

[2]The 2005-2008 Committee Note incorporates Committee Notes previously published in 2005 and 2006 and changes effective through January 2008.

Official Form 22 (Committee Note)

applications.  In Chapter 7, if the debtor's CMI exceeds a defined level the debtor is subject to the means test, and § 707(b)(2)(C) specifically requires debtors to file a statement of CMI and calculations to determine the applicability of the means test presumption.  In Chapters 11 and 13, CMI provides the starting point for determining the disposable income that debtors may be required to pay to unsecured creditors.  Moreover, Chapter 13 debtors with CMI above defined median income levels are required by § 1325(b)(3) to use the deductions from income prescribed by the means test in order to determine what part of their income is "disposable," and pursuant to § 1325(b)(4), the level of CMI determines the "applicable commitment period" over which projected disposable income must be paid to unsecured creditors.

To provide for the reporting and calculation of CMI and for the completion of the means test where required, three separate official forms have been created—one for Chapter 7, one for Chapter 11, and one for Chapter 13. This note first describes the calculation of CMI that is common to all three of the forms, next describes the means test deductions set out in the Chapter 7 and 13 forms, and finally addresses particular issues that are unique to each of the separate forms.

B.  Calculation of CMI

Although Chapters 7, 11, and 13 use CMI for different purposes, the basic computation is the same in each.  As defined in § 101(10A), CMI is the monthly average of certain income that the debtor (and in a joint case, the debtor's spouse) received in the six calendar months before the bankruptcy filing.  The definition includes in this average (1) income from all sources, whether or not taxable, and (2) any amount paid by an entity other than the debtor (or the debtor's spouse in a joint case) on a regular basis for the household expenses of the debtor, the debtor's dependents, and (in a joint case) the debtor's spouse if not otherwise a dependent.  At the same time, the definition excludes from the averaged income "benefits received under the Social Security Act" and certain payments to victims of terrorism, war crimes, and crimes against humanity.

Official Form 22 (Committee Note)

Each of the three forms provides for reporting income items constituting CMI. The items are reported in a set of entry lines—Part II of the form for Chapter 7 and Part I of the forms for Chapter 11 and Chapter 13—that include separate columns for reporting income of the debtor and of the debtor's spouse. The first of these entry lines includes a set of instructions and check boxes indicating when the "debtor's spouse" column must be completed. The instructions also direct the required averaging of reported income.

The subsequent entry lines for income reporting specify several common types of income and are followed by a "catch-all" line for other income. The entry lines address (a) gross wages; (b) business income; (c) rental income; (d) interest, dividends, and royalties; (e) pension and retirement income; (f) regular payments of the household expenses of the debtor or the debtor's dependents; (g) unemployment compensation, and (h) all other forms of income (the "catch-all" line).

Gross wages (before taxes) are required to be entered. However, consistent with usage in the Internal Revenue Manual and the American Community Survey of the Census Bureau, business and rental income are defined as gross receipts less ordinary and necessary expenses.

Unemployment compensation is given special treatment. Because the federal government provides funding for state unemployment compensation under the Social Security Act, there may be a dispute about whether unemployment compensation is a "benefit received under the Social Security Act." The forms take no position on the merits of this argument, but give debtors the option of reporting unemployment compensation separately from the CMI calculation. This separate reporting allows parties in interest to determine the materiality of an exclusion of unemployment compensation and to challenge it.

Alimony and child support are also given special treatment. Child support is not generally considered "income" to the recipient. See 26 U.S.C. § 71(c). Thus, child support is only part of CMI if it is paid on a regular basis for the household expenses of the debtor or the debtor's dependents. On the other hand, alimony and other forms of spousal support are considered income to the

Official Form 22 (Committee Note)

recipient, and thus are within CMI regardless of the
regularity and use of the payments.  To address this
distinction, the instruction in the entry line for regular
payments of household expenses directs that the entry
include regular child support payments used for household
expenses of the debtor or the debtor's dependents, and the
instruction for the "catch-all" line directs inclusion of all
spousal support payments that are not otherwise reported as
spousal income.

The forms provide for totaling the income reporting
lines.

C.  The means test: deductions from current monthly
income

The means test operates by deducting from CMI
defined allowances for living expenses and payment of
secured and priority debt, leaving disposable income
presumptively available to pay unsecured non-priority debt.
These deductions from CMI are set out in the Code at §
707(b)(2)(A)(ii)-(iv). The forms for Chapter 7 and Chapter
13 have similar sections (Parts V and IV, respectively) for
calculating these deductions.  The calculations are divided
into subparts reflecting three different kinds of allowed
deductions.

1.      Deductions under IRS standards

Subpart A deals with deductions from CMI, set out
in § 707(b)(2)(A)(ii), for "the debtor's applicable monthly
expense amounts specified under the National Standards
and Local Standards, and the debtor's actual monthly
expenses for the categories specified as Other Necessary
Expenses issued by the Internal Revenue Service for the
area in which the debtor resides."   The forms provide entry
lines for each of the specified expense deductions under the
IRS standards, and instructions on the entry lines identify
the website of the U.S. Trustee Program, where the relevant
IRS allowances can be found.  As with all of the deductions
in § 707(b)(2)(A)(ii), deductions under the IRS standards
are subject to the proviso that they not include "any
payments for debts."

*National Standards.* The IRS National Standards

Official Form 22 (Committee Note)

provide a single allowance for food, clothing, household supplies, personal care, and miscellany, depending on household size, which can be entered directly from a table supplied by the IRS.  There is also a National Standard for out-of-pocket health care expenses, which provides two different per-person allowances, depending on age group: the allowance for persons 65 or older is greater than the allowance for those under 65.  Accordingly, the forms direct debtors to compute the National Standard allowance for health care by first multiplying each of the two age-group allowances by the number of household members within that age group and then adding subtotals for the two age groups to obtain the total allowance.

*Local Standards.* The IRS Local Standards provide one set of deductions for housing and utilities and another set for transportation expenses, with different amounts for different areas of the country, depending on the size of the debtor's household and the number of the debtor's vehicles. Each of the amounts specified in the Local Standards are treated by the IRS as a cap on actual expenses, but because § 707(b)(2)(A)(ii) provides for deductions in the "amounts specified under the . . . Local Standards," the forms treat these amounts as allowed deductions.

The Local Standards for housing and utilities, as published by the IRS for its internal purposes, present single amounts covering all housing expenses; however, for bankruptcy purposes, the IRS has provided the Executive Office for United States Trustees with information allowing a division of these amounts into a non-mortgage component and a mortgage/rent component.  The non-mortgage component covers a variety of expenses involved in maintaining a residence, such as utilities, repairs and maintenance.  The mortgage/rent component covers the cost of acquiring the residence. The forms take no position on the question of whether the debtor must actually be making payments on a home in order to claim a mortgage/rent allowance.  For homeowners with mortgages, the mortgage/rent allowance involves debt payment, since the cost of a mortgage is the basis for the allowance.  Accordingly, the forms require debtors to deduct from the mortgage/rent allowance their average monthly mortgage payment, up to the full amount of the IRS mortgage/rent allowance, and instruct debtors that this average monthly payment is the one reported on the

Official Form 22 (Committee Note)

separate line of the forms for deductions of secured debt
under § 707(b)(2)(a)(iii).  The forms allow debtors to
challenge the appropriateness of this method of computing
the Local Standards allowance for housing and utilities and
to claim any additional housing allowance to which they
contend they are entitled, but the forms require
specification of the basis for such a contention.

The IRS issues Local Standards for transportation in
two components for its internal purposes as well as for
bankruptcy: one component covers vehicle operation/public
transportation expense and the other ownership/lease
expense.  The amount of the vehicle operation/public
transportation allowance depends on the number of
vehicles the debtor operates; debtors who do not operate
vehicles are given a public transportation allowance,
regardless of whether they actually use public
transportation.  It is not clear whether the public
transportation allowance may also be claimed by debtors
who do make use of public transportation but also operate
vehicles.  The forms permit debtors to claim both a public
transportation and vehicle operating allowance, but take no
position as to whether it is appropriate to claim both
allowances. No debt payment is involved in the vehicle
operation/public transportation component of the Local
Standards for transportation.

The ownership/lease component, on the other hand,
may involve debt payment.  Accordingly, the forms require
debtors to reduce the allowance for ownership/lease
expense by the average monthly loan payment amount
(principal and interest), up to the full amount of the IRS
ownership/lease expense amount.  This average payment is
as reported on the separate line of the forms for deductions
of secured debt under § 707(b)(2)(a)(iii). The forms take no
position on the question of whether the debtor must
actually be making payments on a vehicle in order to claim
the ownership/lease allowance.

*Other Necessary Expenses.*  The IRS does not set
out specific dollar allowances for "Other Necessary
Expenses."  Rather, it specifies a number of categories for
such expenses, and describes the nature of the expenses that
may be deducted in each of these categories. Section
707(b)(2)(a)(ii) allows a deduction for the debtor's actual
expenses in these specified categories, subject to its

requirement that payment of debt not be included.  Several of the IRS categories deal with debt repayment and so are not included in the forms.  Several other categories deal with expense items that are more expansively addressed by specific statutory allowances. Subpart A sets out the remaining categories of "Other Necessary Expenses" in individual entry lines.  Instructions in these entry lines reflect limitations imposed by the IRS and the need to avoid inclusion of items deducted elsewhere on the forms.

Subpart A concludes with a subtotal of the deductions allowed under the IRS standards.

1.  Additional statutory expense deductions

In addition to the expense deductions allowed under the IRS standards, the means test makes provision—in subclauses (I), (II), (IV), and (V) of § 707(b)(2)(A)(ii)—for six special expense deductions.  Each of these additional expense items is set out on a separate entry line in Subpart B, introduced by an instruction that tracks the statutory language and provides that there should not be double counting of any expense already included in the IRS deductions.

One of these special expense deductions presents a problem of statutory construction.  Section 707(b)(2)A)(ii)(I), after directing the calculation of the debtor's monthly expenses under the IRS standards, states, "Such expenses shall include reasonably necessary health insurance, disability insurance, and health saving account expenses . . . ."  There is no express statutory limitation to expenses actually incurred by the debtor, and so the provision appears to allow a reasonable "monthly expense" deduction for health and disability insurance or a health savings account even if the debtor does not make such payments, similar to the way in which the National Standards give an allowance for food, clothing and personal care expenses without regard to the debtor's actual expenditures.  However, the statutory language might also be read as providing that the debtor's "Other Necessary Expenses" should include reasonable insurance and health savings account payments.  Since "Other Necessary Expenses" are limited to actual expenditures, such a limitation could be implied here.  The forms deal with this ambiguity by allowing the debtor to claim a deduction for

Official Form 22 (Committee Note)

reasonable insurance and health savings account expenses
even if not made, but also require a statement of the amount
actually expended in these categories, thus allowing a
challenge by any party who believes that only actual
expenditures are properly deductible.

Contributions to tax-exempt charities provide
another statutory expense deduction. Section 707(b)(1)
provides that in considering whether a Chapter 7 filing is an
abuse, the court may not take into consideration "whether a
debtor . . . continues to make [tax-exempt] charitable
contributions." Section 1325(b)(2)(A)(ii) expressly allows
a deduction from CMI for such contributions that are
"reasonably necessary" (up to 15% of the debtor's gross
income), and the Religious Liberty and Charitable
Donation Clarification Act of 2005 added language to §
1325(b)(3) to provide the same deduction for above-median
income debtors whose disposable income is determined
using means test deductions. Accordingly, Subpart B of
both the Chapter 7 and Chapter 13 forms includes an entry
line for charitable contributions, employing the different
statutory deductions allowed in each context.

The Subpart B concludes with a subtotal of the
additional statutory expense deductions.

2.  Deductions for payment of debt

Subpart C deals with the means test's deductions
from CMI for payment of secured and priority debt, as well
as a deduction for administrative fees that would be
incurred if the debtor paid debts through a Chapter 13 plan.

In accord with § 707(b)(2)(A)(iii), the deduction for
secured debt is divided into two entry lines—one for
payments that are contractually due during the 60 months
following the bankruptcy filing, the other for amounts
needed to retain necessary collateral securing debts in
default.  In each situation, the instructions for the entry
lines require dividing the total payment amount by 60, as
the statute directs.  The forms recognize another ambiguity
in this connection: "payments contractually due" might
either be understood as limited to payments of principal
and interest (payable to secured creditor) or, in the context
of a mortgage with an escrow, might be understood as
including payments of property taxes and insurance

Official Form 22 (Committee Note)

(ultimately paid to taxing bodies and insurers, but initially payable to the mortgagee).   The forms require the debtor to specify whether the amount deducted includes taxes and insurance, allowing a party in interest to inquire into the deduction and raise an objection.

Priority debt, deductible pursuant to § 707(b)(2)(A)(iv), is treated on a single entry line, also requiring division by 60.  The instruction for this line makes clear that only past due priority debt—not anticipated debts—should be included.  Thus, future support or tax obligations, and future fees that might be payable to a Chapter 13 debtor's attorney, are not included.

The defined deduction for the expenses of administering a Chapter 13 plan is allowed by § 707(b)(2)(A)(ii)(III) only for debtors eligible for Chapter 13.  The forms treat this deduction in an entry line requiring the eligible debtor to state the amount of the prospective Chapter 13 plan payment and multiply that payment amount by the percentage fee established for the debtor's district by the Executive Office for United States Trustees. The forms refer debtors to the website of the U.S. Trustee Program to obtain this percentage fee.

The subpart concludes with a subtotal of debt payment deductions.

3.   Total deductions

Finally, the forms direct that the subtotals from Subparts A, B, and C be added together to arrive at the total of allowed deductions from CMI under the means test.

4.   Additional claimed deductions

The forms do not provide for means test deductions from CMI for expenses in categories that are not specifically identified as "Other Necessary Expenses" in the Internal Revenue Manual.  However, debtors may wish to claim expenses that do not fall within the categories listed as "Other Necessary Expenses" in the forms.  Part VII of the Chapter 7 form and Part VI of the Chapter 13 form provide for such expenses to be identified and totaled. Although expenses listed in these sections are not deducted

Official Form 22 (Committee Note)

from CMI for purposes of the means test calculation, the
listing provides a basis for debtors to assert that these
expenses should be deducted from CMI under §
707(b)(2)(A)(ii)(I), and that the results of the forms'
calculation should therefore be modified.

D.  The chapter-specific forms

1.  Chapter 7

The Chapter 7 form has several unique aspects.  The
form includes, in the upper right corner of the first page, a
check box directing the debtor to state whether or not the
calculations required by the form result in a presumption of
abuse.  The debtor is not bound by this statement and may
argue, in response to a motion brought under § 707(b)(1),
that there should be no presumption despite the calculations
required by the form.  The check box is intended to give
clerks of court a conspicuous indication of the cases for
which they are required to provide notice of a presumption
of abuse pursuant to § 342(d).

Part I implements the provision of § 707(b)(2)(D)
that excludes certain disabled veterans from all means
testing, making it unnecessary to compute the CMI of such
veterans.  Debtors who declare under penalty of perjury
that they are disabled veterans within the statutory
definition are directed to verify their declaration in Part
VII, to check the "no presumption" box at the beginning of
the form, and to disregard the remaining parts of the form.

Part I also provides an exclusion for debtors who do
not have primarily consumer debts.  These debtors are not
subject to any of the provisions of § 707(b)—including the
requirement of § 707(b)(2)(C) for filing a CMI statement—
since § 707(b) applies, by its terms, only to "an individual
debtor . . . whose debts are primarily consumer debts."
However, a debtor may be found to have asserted non-
consumer status incorrectly.  Unless such a debtor has filed
the CMI form within the 45 days after filing the case, the
case could be subject to automatic dismissal under § 521(i).
To avoid this possibility, debtors asserting principally non-
consumer status may complete the appropriate portions of
Part I, claim an exclusion from the balance of the form, and
promptly file the form.  If it is subsequently determined
that the debtor does have primarily consumer debts, the

Official Form 22 (Committee Note)

form will have been filed within the deadline established by § 521(i), and can be amended to include the necessary CMI and means test information.

Part II computes CMI for purposes of the safe harbor of § 707(b)(7).  Section 707(b)(7) prohibits a motion to dismiss based on the means test's presumption of abuse if the debtor's annualized CMI does not exceed a defined median state income.  For this purpose, the statute directs that CMI of the debtor's spouse be combined with the debtor's CMI even if the debtor's spouse is not a joint debtor, unless the debtor declares under penalty of perjury that the spouses are legally separated or living separately other than for purposes of evading the means test.  Accordingly, the calculation of CMI in Part II directs a computation of the CMI of the debtor's spouse not only in joint cases, but also in cases of married debtors who do not make the specified declaration, and the CMI of both spouses in these cases is combined for purposes of determining standing under § 707(b)(7).

Part III compares the debtor's CMI to the applicable state median income for purposes of § 707(b)(7).  It then directs debtors whose income does not exceed the applicable median to verify the form, to check the "no presumption" box at the beginning of the form, and not to complete the remaining parts of the form.  Debtors whose CMI does exceed the applicable state median are required to complete the remaining parts of the form.

Part IV adjusts the CMI of a married debtor, not filing jointly, whose spouse's CMI was combined with the debtor's in Part II.  The means test itself does not charge a married debtor in a non-joint case with the income of the non-filing spouse, but only with payments regularly made by that spouse for the household expenses of the debtor or the debtor's dependents, as provided in the definition of CMI in § 101(10A).  Accordingly, Part IV calls for the combined CMI of Part II to be reduced by the amount of the non-filing spouse's income that was not regularly paid for the household expenses of the debtor or the debtor's dependents.  The form requires that the alternative uses of the spouse's income be specified.

Part V of the form provides for a calculation of the means test's deductions from the debtor's CMI, as

Official Form 22 (Committee Note)

described above in § C.

Part VI provides for a determination of whether the debtor's CMI, less the allowed deductions, gives rise to a presumption of abuse under § 707(b)(2)(A).  Depending on the outcome of this determination, the debtor is directed to check the appropriate box at the beginning of the form and to sign the verification in Part VIII.  Part VII allows the debtor to claim additional deductions, as discussed above in § C.5.

2.   Chapter 11

The Chapter 11 form is the simplest of the three, since the means-test deductions of § 707(b)(2) are not employed in determining the extent of an individual Chapter 11 debtor's disposable income.  Section 1129(a)(15) requires payments of disposable income "as defined in section 1325(b)(2)," and that paragraph allows calculation of disposable income under judicially-determined standards, rather than pursuant to the means test deductions, specified for higher income Chapter 13 debtors by § 1325(b)(3).  However, § 1325(b)(2) does require that CMI be used as the starting point in the judicial determination of disposable income, and so the Chapter 11 form requires this calculation (in Part I of the form), as described above, together with a verification (in Part II).

3.   Chapter 13

Like the Chapter 7 form, the form for Chapter 13 debtors contains a number of special provisions. The upper right corner of the first page includes check boxes requiring the debtor to state whether, under the calculations required by the statement, the applicable commitment period under § 1325(b)(4) is three years or five years and whether § 1325(b)(3) requires the means-test deductions to be used in determining the debtor's disposable income.  The check box is intended to inform standing trustees and other interested parties about these items, but does not prevent the debtor from arguing that the calculations required by the form do not accurately reflect the debtor's disposable income.

Official Form 22 (Committee Note)

Part I is a report of income to be used for determining CMI.  In the absence of full payment of allowed unsecured claims, § 1325(b)(4) imposes a five-year applicable commitment period—rather than a three-year period—if the debtor's annualized CMI is not less than a defined median state income.  For this purpose, as under § 707(b)(7), § 1325(b)(4) requires that the CMI of the debtor's spouse be combined with the debtor's CMI, but, unlike § 707(b)(7), no exception is made for spouses who are legally separated or living separately.  Accordingly, the report of income in Part I directs a combined reporting of the income of both spouses in all cases of married debtors.

Part II computes the applicable commitment period by annualizing the income calculated in Part I and comparing it to the applicable state median.  The form allows debtors to contend that the income of a non-filing spouse should not be treated as CMI and permits debtors to claim a deduction for any income of a non-filing spouse to the extent that this income was not regularly paid for the household expenses of the debtor or the debtor's dependents (with the alternative uses specified).  The debtor is directed to check the appropriate box at the beginning of the form, stating the applicable commitment period.  The check box does not prevent a debtor from proposing an applicable commitment period of less than three or five years in conjunction with a plan that pays all allowed unsecured claims in full.

Part III compares the debtor's CMI to the applicable state median, allowing a determination of whether the means-test deductions must be used, pursuant to § 1325(b)(3), in calculating disposable income.  For this purpose, since § 1325(b)(3) does not provide for including the income of the debtor's spouse, the form directs a deduction of the income of a non-filing spouse that was not contributed to the household expenses of the debtor or the debtor's dependents.  Again, the debtor is directed to check the appropriate box at the beginning of the form, indicating whether the means test deductions are applicable.  If so, the debtor is directed to complete the remainder of the form.  If not, the debtor is directed to complete the verification in Part VII but not complete the other parts of the form.

Part IV provides for calculation of the means-test deductions provided in § 707(b)(2), described above in § C,

Official Form 22 (Committee Note)

as incorporated by § 1325(b)(3) for debtors with CMI
above the applicable state median.

Part V provides for four adjustments required by
special provisions affecting disposable income in Chapter
13.  First, § 1325(b)(2) itself excludes from the CMI used
in determining disposable income certain "child support
payments, foster care payments, [and] disability payments
for a dependent child."  Because payments of this kind are
included in the definition of CMI in § 101(10A), a line
entry for deduction of these payments is provided.  Second,
a line entry is provided for deduction of contributions by
the debtor to certain retirement plans, listed in §
541(b)(7)(B), since that provision states that such
contributions "shall not constitute disposable income, as
defined in section 1325(b)."  Third, the same line entry also
allows a deduction from disposable income for payments
on loans from retirement accounts that are excepted from
the automatic stay by § 362(b)(19), since § 1322(f)
provides that for a "loan described in section 362(b)(19) . . .
any amounts required to repay such loan shall not
constitute 'disposable income' under section 1325."
Finally, § 1325(b)(3) requires that deductions from income
for above-median income debtors be determined not only in
accordance with the means test deductions, set out in
subparagraph (A) of § 707(b)(2), but also in accordance
with subparagraph (B), which sets out the grounds for
rebutting a presumption of abuse based on a demonstration
of additional expenses justified by special circumstances.
Part V includes an entry line for such additional expenses,
with a warning that the debtor will be required (as provided
by § 707(b)(2)(B)) to document the expenses and provide a
detailed explanation of the special circumstances that make
them reasonable and necessary.

The Chapter 13 form does not provide a deduction
from disposable income for the Chapter 13 debtor's
anticipated attorney fees.  No specific statutory allowance
for such a deduction exists, and none appears necessary.
Section 1325(b)(1)(B) requires that disposable income
contributed to a Chapter 13 plan be used to pay "unsecured
creditors." A debtor's attorney who has not taken a security
interest in the debtor's property is an unsecured creditor
who may be paid from disposable income.

Official Form 22 (Committee Note)

Part VI allows the debtor to declare expenses not allowed under the form without deducting them from CMI, as described above in § C.5.

## 2006 COMMITTEE NOTE

Forms 22A, Line 43, and Form 22C, Line 48, are amended to delete the phrase "in default" with respect to "Other payments on secured claims."  A debtor may be required to make other payments to the creditor even when the debt is not in default, such as to retain collateral.  Form 22C, Line 17, also is amended to require all chapter 13 debtors, including those whose income falls below the applicable median income, to determine their disposable income under
§ 1325(b)(3) of the Code by completing Part III of the form.  Both forms contain stylistic amendments to conform the wording more closely to that used in the 2005 Act.

Official Form 22 (Committee Note)

## 2005-2008 COMMITTEE NOTE

A.      Overview

Among the changes introduced by the Bankruptcy
Abuse Prevention and Consumer Protection Act of 2005
are interlocking provisions defining "current monthly
income" and establishing a means test to determine whether
relief under Chapter 7 should be presumed abusive.
Current monthly income ("CMI") is defined in § 101(10A)
of the Code, and the means test is set out in § 707(b)(2).
These provisions have a variety of applications.  In Chapter
7, if the debtor's CMI exceeds a defined level the debtor is
subject to the means test, and § 707(b)(2)(c) specifically
requires debtors to file a statement of CMI and calculations
to determine the applicability of the means test
presumption.  In Chapters 11 and 13, CMI provides the
starting point for determining the disposable income that
must be contributed to payment of unsecured creditors.
Moreover, Chapter 13 debtors with CMI above defined
levels are required by § 1325(b)(3) to complete the means
test in order to determine the amount of their monthly
disposable income, and pursuant to § 1325(b)(4), the level
of CMI determines the "applicable commitment period"
over which projected disposable income must be paid to
unsecured creditors.

To provide for the reporting and calculation of CMI
and for the completion of  the means test where required,
three separate official forms have been created—one for
Chapter 7, one for Chapter 11, and one for Chapter 13.
This note first describes the calculation of CMI that is
common to all three of the forms, next describes the means
test as set out in the Chapter 7 and 13 forms, and finally
addresses particular issues that are unique to each of the
separate forms.

B.      Calculation of CMI

Although Chapters 7, 11, and 13 use CMI for
different purposes, the basic computation is the same in
each.  As defined in § 101(10A), CMI is the monthly
average of certain income that the debtor (and in a joint
case, the debtor's spouse) received in the six calendar
months before the bankruptcy filing.  The definition
includes in this average (1) income from all sources,

Official Form 22 (Committee Note)

whether or not taxable, and (2) any amount paid by an entity other than the debtor (or the debtor's spouse in a joint case) on a regular basis for the household expenses of the debtor, the debtor's dependents, and (in a joint case) the debtor's spouse if not otherwise a dependent.  At the same time, the definition excludes from the averaged income "benefits received under the Social Security Act" and certain payments to victims of terrorism, war crimes, and crimes against humanity.

Each of the forms provides for reporting income items constituting CMI.  The items are reported in a set of entry lines—Part II of the Chapter 7 form and Part I of the forms for Chapter 11 and Chapter 13—that include separate columns for reporting income of the debtor and of the debtor's spouse. The first of these entry lines includes a set of instructions and check boxes indicating when the "debtor's spouse" column must be completed.  The instructions also direct the required averaging of reported income.

The subsequent entry lines specify several common types of income and are followed by a "catch-all" line for other income.  The specific entry lines address (a) gross wages; (b) business income; (c) rental income; (d) interest, dividends, and royalties; (e) pension and retirement income; (f) regular contributions to the debtor's household expenses; and (g) unemployment compensation.  Gross wages (before taxes) are required to be entered.  Consistent with usage in the Internal Revenue Manual and the American Community Survey of the Census Bureau, business and rental income is defined as gross receipts less ordinary and necessary expenses.  Unemployment compensation is given special treatment.  Because the federal government provides funding for state unemployment compensation under the Social Security Act, there may be a dispute about whether unemployment compensation is a "benefit received under the Social Security Act."  The forms take no position on the merits of this argument, but give debtors the option of reporting unemployment compensation separately from the CMI calculation.  This separate reporting allows parties in interest to determine the materiality of an exclusion of unemployment compensation and to challenge it.  The forms provide for totaling the income lines.

Official Form 22 (Committee Note)

C.      The means test: deductions from current monthly
        income (CMI)


        The means test operates by deducting from CMI
defined allowances for living expenses and payment of
secured and priority debt, leaving disposable income
presumptively available to pay unsecured non-priority debt.
These deductions from CMI under are set out in the Code
at
§ 707(b)(2)(A)(ii)-(iv). The forms for Chapter 7 and
Chapter 13 have identical sections (Parts V and III,
respectively) for calculating these deductions.  The
calculations are divided into subparts reflecting three
different kinds of allowed deductions.

        1.      Deductions under IRS standards


        Subpart A deals with deductions from CMI, set out
in § 707(b)(2)(A)(ii), for "the debtor's applicable monthly
expense amounts specified under the National Standards
and Local Standards, and the debtor's actual monthly
expenses for the categories specified as Other Necessary
Expenses issued by the Internal Revenue Service for the
area in which the debtor resides."   The forms provide entry
lines for each of the specified expense deductions under the
IRS standards, and instructions on the entry lines identify
the website of the U.S. Trustee Program, where the relevant
IRS allowances can be found.  As with all of the deductions
in
§ 707(b)(2)(A)(ii), deductions under the IRS standards are
subject to the proviso that they not include "any payments
for debts."

        The IRS National Standards provide a single
allowance for food, clothing, household supplies, personal
care, and miscellany, depending on income and household
size.   The forms contain an entry line for the applicable
allowance.

        The IRS Local Standards provide one set of
deductions for housing and utilities and another set for
transportation expenses, with different amounts for
different areas of the country, depending on the size of the
debtor's family and the number of the debtor's vehicles.
Each of the amounts specified in the Local Standards are

Official Form 22 (Committee Note)

treated by the IRS as a cap on actual expenses, but because
§ 707(b)(2)(A)(ii) provides for deductions in the "amounts
specified under the . . . Local Standards," the forms treat
these amounts as allowed deductions. The forms again
direct debtors to the website of the U.S. Trustee Program to
obtain the appropriate allowances.

The Local Standards for housing and utilities, as
published by the IRS for its internal purposes, present
single amounts covering all housing expenses; however, for
bankruptcy purposes, the IRS has separated these amounts
into a non-mortgage component and a mortgage/rent
component.  The non-mortgage component covers a variety
of expenses involved in maintaining a residence, such as
utilities, repairs and maintenance.  The mortgage/rent
component covers the cost of acquiring the residence.  For
homeowners with mortgages, the mortgage/rent component
involves debt payment, since the cost of a mortgage is part
of the allowance.  Accordingly, the forms require debtors to
deduct from the mortgage/rent component their average
monthly mortgage payment (including required payments
for taxes and insurance), up to the full amount of the IRS
mortgage/rent component, and instruct debtors that this
average monthly payment is the one reported on the
separate line of the forms for deductions of secured debt
under § 707(b)(2)(a)(iii).  The forms allow debtors to
challenge the appropriateness of this method of computing
the Local Standards allowance for housing and utilities and
to claim any additional housing allowance to which they
contend they are entitled, but the forms require
specification of the basis for such a contention.

The IRS issues Local Standards for transportation in
two components for its internal purposes as well as for
bankruptcy: one component covers vehicle operation/public
transportation expense and the other ownership/lease
expense.  The amount of the vehicle operation/public
transportation allowance depends on the number of
vehicles the debtor operates, with debtors who do not
operate vehicles being given a public transportation
allowance.  The instruction for this line item makes it clear
that every debtor is thus entitled to some transportation
expense allowance.   No debt payment is involved in this
allowance.  The ownership/lease component, on the other
hand, may involve debt payment.  Accordingly, the forms
require debtors to reduce the allowance for ownership/lease

Official Form 22 (Committee Note)

expense by the average monthly loan payment amount
(principal and interest), up to the full amount of the IRS
ownership/lease expense amount.  This average payment is
as reported on the separate line of the forms for deductions
of secured debt under § 707(b)(2)(a)(iii).

The IRS does not set out specific dollar allowances
for "Other Necessary Expenses."  Rather, it specifies a
number of categories for such expenses, and describes the
nature of the expenses that may be deducted in each of
these categories. Section 707(b)(2)(a)(ii) allows a
deduction for the debtor's actual expenses in these specified
categories, subject to its requirement that payment of debt
not be included.  Several of the IRS categories deal with
debt repayment and so are not included in the forms.
Several other categories deal with expense items that are
more expansively addressed by specific statutory
allowances. Subpart A sets out the remaining categories of
"Other Necessary Expenses" in individual entry lines.
Instructions in these entry lines reflect limitations imposed
by the IRS and the need to avoid inclusion of items
deducted elsewhere on the forms.

Subpart A concludes with a subtotal of the
deductions allowed under the IRS standards.

2.      Additional statutory expense deductions

In addition to the expense deductions allowed under
the IRS standards, the means test makes provision—in
subclauses (I), (II), (IV), and (V) of § 707(b)(2)(A)(ii)—for
six special expense deductions.  Each of these additional
expense items is set out on a separate entry line in Subpart
B, introduced by an instruction that there should not be
double counting of any expense already included in the IRS
deductions.  Contributions to tax-exempt charities provide
another statutory expense deduction.  Section
1325(b)(2)(A)(ii) expressly allows a deduction from CMI
for such contributions (up to 15% of the debtor's gross
income), and § 707(b)(1) provides that in considering
whether a Chapter 7 filing is an abuse, the court may not
take into consideration "whether a debtor . . . continues to
make [tax-exempt] charitable contributions."  Accordingly,
Subpart B also includes an entry line for charitable
contributions.  The subpart concludes with a subtotal of the
additional statutory expense deductions.

Official Form 22 (Committee Note)

3.      Deductions for payment of debt

Subpart C of the forms deals with the means test's deductions from CMI for payment of secured and priority debt, as well as a deduction for administrative fees that would be incurred if the debtor paid debts through a Chapter 13 plan.  In accord with § 707(b)(2)(A)(iii), the deduction for secured debt is divided into two entry lines— one for payments that are contractually due during the 60 months following the bankruptcy filing, the other for amounts needed to retain necessary collateral securing debts in default.  In each situation, the instructions for the entry lines require dividing the total payment amount by 60, as the statute directs.  Priority debt, deductible pursuant to § 707(b)(2)(A)(iv), is treated on a single entry line, also requiring division by 60.  The defined deduction for the expenses of administering a Chapter 13 plan is allowed by § 707(b)(2)(A)(ii)(III) only for debtors eligible for Chapter 13.  The forms treat this deduction in an entry line requiring the eligible debtor to state the amount of the prospective Chapter 13 plan payment and multiply that payment amount by the percentage fee established for the debtor's district by the Executive Office for United States Trustees. The forms refer debtors to the website of the U.S. Trustee Program to obtain this percentage fee.  The subpart concludes with a subtotal of debt payment deductions.

4.      Total deductions

Finally, the forms direct that the subtotals from Subparts A, B, and C be added together to arrive at the total of allowed deductions from CMI under the means test.

5.      Additional claimed deductions

The forms do not provide for means test deductions from CMI for expenses in categories that are not specifically identified as "Other Necessary Expenses" in the Internal Revenue Manual.  However, debtors may wish to claim expenses that do not fall within the categories listed as "Other Necessary Expenses" in the forms.  Part VII of the Chapter 7 form and Part VI of the Chapter 13 form provide for such expenses to be identified and totaled.

Although expenses listed in these sections are not deducted from CMI for purposes of the means test calculation, the listing provides a basis for debtors to assert that these expenses should be deducted from CMI under § 707(b)(2)(A)(ii)(I), and that the results of the forms' calculation, therefore, should be modified.

D.      The chapter-specific forms


1.      Chapter 7


The Chapter 7 form has several unique aspects.  The form includes, in the upper right corner of the first page, a check box directing the debtor to state whether or not the calculations required by the form result in a presumption of abuse.  The debtor is not bound by this statement and may argue, in response to a motion brought under § 707(b)(1), that there should be no presumption despite the calculations required by the form.  The check box is intended to give clerks of court a conspicuous indication of the cases for which they are required to provide notice of a presumption of abuse pursuant to § 342(d).

Part I of the form implements the provision of § 707(b)(2)(D) that excludes certain disabled veterans from all means testing, making it unnecessary to compute the CMI of such veterans.  Debtors who declare under penalty of perjury that they are disabled veterans within the statutory definition are directed to verify their declaration in Part VII, to check the "no presumption" box at the beginning of the form, and to disregard the remaining parts of the form.

Part II of the form is the computation of CMI. Section 707(b)(7) eliminates standing to assert the means test's presumption of abuse if the debtor's annualized CMI does not exceed a defined median state income.  For this purpose, the statute directs that CMI of the debtor's spouse be combined with the debtor's CMI even if the debtor's spouse is not a joint debtor, unless the debtor declares under penalty of perjury that the spouses are legally separated or living separately other than for purposes of evading the means test.  Accordingly, the calculation of CMI in Part II directs a computation of the CMI of the debtor's spouse not only in joint cases, but also in cases of

Official Form 22 (Committee Note)

married debtors who do not make the specified declaration, and the CMI of both spouses in these cases is combined for purposes of determining standing under § 707(b)(7).

Part III of the form provides for the comparison of the debtor's CMI to the applicable state median income for purposes of § 707(b)(7). It then directs debtors whose income does not exceed the applicable median to verify the form, to check the "no presumption" box at the beginning of the form, and not to complete the remaining parts of the form. Debtors whose CMI does exceed the applicable state median are required to complete the remaining parts of the form.

Part IV of the form provides for an adjustment to the CMI of a married debtor, not filing jointly, whose spouse's CMI was combined with the debtor's for purposes of determining standing to assert the means test presumption. The means test itself does not charge a married debtor in a non-joint case with the income of the non-filing spouse, but rather only with contributions made by that spouse to the household expenses of the debtor or the debtor's dependents, as provided in the definition of CMI in § 101(10A). Accordingly, Part IV calls for the combined CMI of Part II to be reduced by the amount of the non-filing spouse's income that was not contributed to the household expenses of the debtor or the debtor's dependents.

Part V of the form provides for a calculation of the means test's deductions from the debtor's CMI, as described above.

Part VI provides for a determination of whether the debtor's CMI, less the allowed deductions, gives rise to a presumption of abuse under § 707(b)(2)(A). Depending on the outcome of this determination, the debtor is directed to check the appropriate box at the beginning of the form and to sign the verification in Part VIII. Part VII allows the debtor to claim additional deductions, as discussed above.

2.      Chapter 11

The Chapter 11 form is the simplest of the three, since the means-test deductions of

Official Form 22 (Committee Note)

§ 707(b)(2) are not employed in determining the extent of an individual Chapter 11 debtor's disposable income. Section 1129(a)(15) requires payments of disposable income "as defined in section 1325(b)(2)," and that paragraph allows calculation of disposable income under judicially-determined standards, rather than pursuant to the means test deductions, specified for higher income Chapter 13 debtors by § 1325(b)(3). However, § 1325(b)(2) does require that CMI be used as the starting point in the judicial determination of disposable income, and so the Chapter 11 form requires this calculation (in Part I of the form), as described above, together with a verification (in Part II).

       3.      Chapter 13

Like the Chapter 7 form, the form for Chapter 13 debtors contains a number of special provisions. The upper right corner of the first page includes check boxes requiring the debtor to state whether, under the calculations required by the statement, the applicable commitment period under § 1325(b)(4) is three years or five years and whether the means test deductions are required by § 1325(b)(3) to be used in determining the debtor's disposable income. The check box is intended to inform standing trustees and other interested parties about these items, but does not prevent the debtor from arguing that the calculations required by the form do not accurately reflect the debtor's disposable income.

Part I of the form is a report of income to be used for determining CMI. Section 1325(b)(4) imposes a five-year applicable commitment period—rather than a three-year period—if the debtor's annualized CMI is not less than a defined median state income. For this purpose, as under § 707(b)(4), the CMI of the debtor's spouse is required by the statute to be combined with the debtor's CMI, and there is no exception for spouses who are legally separated or living separately. Accordingly, the report of income in Part I directs a combined reporting of the income of both spouses in all cases of married debtors.

Part II of the form computes the applicable commitment period by annualizing the income calculated in Part I and comparing it to the applicable state median. The form allows debtors to contend that the income of a non-filing spouse should not be treated as CMI and permits

Official Form 22 (Committee Note)

debtors to claim a deduction for any income of a non-filing spouse to the extent that this income was not contributed to the household expenses of the debtor or the debtor's dependents. The debtor is directed to check the appropriate box at the beginning of the form, stating the applicable commitment period.

Part III of the form compares the debtor's CMI to the applicable state median, allowing a determination of whether the means-test deductions must be used, pursuant to § 1325(b)(3), in calculating disposable income. For this purpose, since § 1325(b)(3) does not provide for including the income of the debtor's spouse, the form directs a deduction of the income of a non-filing spouse that is not contributed to the household expenses of the debtor or the debtor's dependents. Again, the debtor is directed to check the appropriate box at the beginning of the form, indicating whether the means test deductions are applicable. If so, the debtor is directed to complete the remainder of the form. If not, the debtor is directed to complete the verification in Part VII but not complete the other parts of the form.

Part IV provides for calculation of the means-test deductions provided in § 707(b)(2), described above, as incorporated by § 1325(b)(3) for debtors with CMI above the applicable state median.

Part V provides for three adjustments required by special provisions affecting disposable income in Chapter 13. First, § 1325(b)(2) itself excludes from the CMI used in determining disposable income certain "child support payments, foster care payments, [and] disability payments for a dependent child." Because payments of this kind are included in the definition of CMI in § 101(10A), a line entry for deduction of these payments is provided. Second, a line entry is provided for deduction of contributions by the debtor to certain retirement plans, listed in § 541(b)(7)(B), since that provision states that such contributions "shall not constitute disposable income, as defined in section 1325(b)." Third, the same line entry also allows a deduction from disposable income for payments on loans from retirement accounts that are excepted from the automatic stay by § 362(b)(19), since § 1322(f) provides that for a "loan described in section 362(b)(19) . . . any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."

Official Form 22 (Committee Note)

The Chapter 13 form does not provide a deduction from disposable income for the Chapter 13 debtor's anticipated attorney fees.  There is no specific statutory allowance for such a deduction, and none appears necessary.  Section 1325(b)(1)(B) requires that disposable income contributed to a Chapter 13 plan be used to pay "unsecured creditors." A debtor's attorney who has not taken a security interest in the debtor's property is an unsecured creditor who may be paid from disposable income.

Part VI of the form allows the debtor to claim additional deductions, as described above, and Part VII is the verification.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Zheng "Andy" Liu (SBN 279327)<br>Aptum Law<br>1660 S Amphlett Blvd Suite 315<br>San Mateo, CA 94402<br>Tel.: (650) 475-6289<br>Email: Andy.Liu@AptumLaw.us | FOR COURT USE ONLY |
|---|---|

☐ *Debtor(s) appearing without an attorney*
☐ *Attorney for Debtor(s)*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** RIVERSIDE DIVISION

| In re:<br>Bin Zhang | CASE NO.:<br><br>CHAPTER: 7 |
|---|---|
| | **DECLARATION BY DEBTOR(S)<br>AS TO WHETHER INCOME WAS RECEIVED<br>FROM AN EMPLOYER WITHIN 60 DAYS OF<br>THE PETITION DATE**<br>[11 U.S.C. § 521(a)(1)(B)(iv)] |
| Debtor(s). | [No hearing required] |

Debtor(s) provides the following declaration(s) as to whether income was received from an employer within 60 days of the Debtor(s) filing this bankruptcy case (Petition Date), as required by 11 U.S.C. § 521(a)(1)(B)(iv):

<u>Declaration of Debtor 1</u>

1. ☒ I am Debtor 1 in this case, and I declare under penalty of perjury that the following information is true and correct:

   **During the 60-day period before the Petition Date (<u>*Check only ONE box below*</u>):**

   ☒ **I was paid by an employer**. Attached are copies of all statements of earnings, pay stubs, or other proof of employment income I received from my employer during this 60-day period. (*If the Debtor's social security number or bank account is on a pay stub or other proof of income, the Debtor must cross out (redact) the number(s) before filing this declaration.*)

   ☐ **I was not paid by an employer** because I was either self-employed only, or not employed.

*Bin Zhang*

Date:  02/02/2026     Bin Zhang
                      Printed name of Debtor 1     Signature of Debtor 1

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

<u>Declaration of Debtor 2 (Joint Debtor) (if applicable)</u>

2.  ☐  I am Debtor 2 in this case, and I declare under penalty of perjury that the following information is true and correct:

**During the 60-day period before the Petition Date** (*Check only ONE box below*):

☐  **I was paid by an employer**.  Attached are copies of all statements of earnings, pay stubs, or other proof of employment income I received from my employer during this 60 day period.  (*If the Debtor's social security number or bank account is on a pay stub or other proof of income, the Debtor must cross out (redact) the number(s) before filing this declaration.*)

☐  **I was not paid by an employer** because I was either self-employed only, or not employed.

Date: _____    _____    _____
                                Printed name of Debtor 2                        Signature of Debtor 2

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 2                                    **F 1002-1.EMP.INCOME.DEC**

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    In re Bin Zhang; Case Number 6:25-bk-19302 ; Filed: 12/30/2025; Chapter 7;Judge Scott H. Yun; CDCA, Riverside Division; Status: Dismissed; Schedule A/B: 33276 Alagon St, Temecula CA 92592 & 2024 Tesla Model Y

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    None.

3.  (If petitioner is a corporation)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    None.

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    In re Bin Zhang; Case Number 6:25-bk-19302 ; Filed: 12/30/2025; Chapter 7;Judge Scott H. Yun; CDCA, Riverside Division; Status: Dismissed; Schedule A/B: 33276 Alagon St, Temecula CA 92592 & 2024 Tesla Model Y

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at __Temecula_____, California

                                                    _Bin  Zhang_
                                                    _____
                                                    Signature of Debtor 1

Date: __02/02/2026_____

                                                    _____
                                                    Signature of Debtor 2

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Zheng "Andy" Liu (SBN 279327)<br>Aptum Law<br>1660 S Amphlett Blvd Suite 315<br>San Mateo, CA 94402<br>Tel.: (650) 475-6289<br>Email: Andy.Liu@AptumLaw.us<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>Bin Zhang | CASE NO.:<br>CHAPTER: 7 |
|---|---|
| | **VERIFICATION OF MASTER MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
| Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __2__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: ___02/02/2026___

*Bin Zhang*
_____
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) (if applicable)

Date: ___02/02/2026___

*Zheng Liu*
_____
Signature of Attorney for Debtor (if applicable)

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

*December 2015*                                          **F 1007-1.MAILING.LIST.VERIFICATION**

American Express

P.O. Box 650448

Dallas, TX 75265-0448


Citibank, N.A.

P.O. Box 790034

Saint Louis, MO 63179-0034


CVS Corporation

1 CVS Drive

Woonsocket, RI 02895


Derek Lee

800 S Barranca Ave Ste 238

Covina, CA 91723


Goldman Sachs Bank USA

Lockbox 6112 P.O. Box 7247

Philadelphia, PA 19170-6112

Kaiser Permanente

P.O. Box 30766

Salt Lake City, UT 84130-0766


Nationstar Mortgage LLC d/b/a Mr. Cooper

8950 Cypress Waters Blvd.

Coppell, TX 75019


Santander Consumer USA Inc.

P.O. Box 961245

Fort Worth, TX 76161-1245


Temecula Modern Dentistry

40705 Winchester Rd, Ste A103

Temecula, CA 92591


Yaqin Liu

2514 Cordoba Ranch Blvd

Lutz, FL 33559