AKERMAN LLP
EVELINA GENTRY (State Bar No. 296796)
evelina.gentry@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Attorneys for Judgment Creditor*
*YAQIN LIU*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT – RIVERSIDE DIVISION**

In re: BIN ZHANG,

Debtor,

Case No. 6:26-bk-10804-SY Chapter 7

The Hon. Scott H. Yun

**NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF [SUBMITTED WITH PROPOSED ORDER]**

Fed. R. Bankr. P. 2004

[No Hearing Required Except if There Is A Response and Request for Hearing Under LBR 9013-1 (o)]

Courtroom: 302
U.S. Bankruptcy Court
3420 Twelfth Street Riverside, CA 92501
The Honorable Scott H. Yun

**TO: THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, THE CHAPTER 7 TRUSTEE, THE UNITED STATES**

1 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TRUSTEE, AND ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Judgment Creditor Yaqin Liu ("Ms. Liu"), hereby moves for an order pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, compelling Debtor Bin Zhang ("Debtor" or "Mr. Zhang") to appear for examination on April 13, 2026, starting at 10:00 a.m. The examination shall take place at the offices of Akerman, LLP, located at 633 West Fifth Street, Suite 6400, Los Angeles, CA, before a duly qualified court reporter utilizing real-time computer transcription[1]. Ms. Liu requests that a Mandarin interpreter be present at the examination to ensure accurate and complete responses. The examination will be continued from day to day (Saturdays, Sundays, and holidays excepted) until completed. Ms. Liu intends the examination to include, but not be limited to, the topics set forth below. Ms. Liu also requests an order that Debtor shall produce, by no later than April 6, 2026, and as necessary thereafter, all documents in his possession, custody, or control identified on **Exhibit "A"** attached hereto.

The scope of the examination will be to inquire into the acts, conduct, property, liabilities, and financial condition of Debtor, including but not limited to: (i) the Debtor's income from all sources, including his YouTube channel and any other online content creation activities; (ii) all bank accounts, brokerage accounts, and stock trading accounts; (iii) cryptocurrency holdings, non-fungible tokens ("NFTs"), and other digital assets; (iv) the Debtor's immigration status in the United States, including any pending Immigration Court matters and credibility determinations; and (v) the transfer of the primary residence located at 33276 Alagon Street, Temecula, CA 92592 to Debtor's wife, Ying Ying Lv, and any subsequent transfers of that property; (vi) recurring payments made by Debtor, including approximately $3,000 monthly payments to his parents-in-law; and (vii) any information relevant to the collection of the $1,625,000.00 judgment that Ms. Liu holds against Debtor (collectively, the "2004 Exam Topics"). The purpose of examination into the 2004 Exam Topics is to elicit information relevant to the administration of the bankruptcy estate and the collection of the judgment.

---

[1] Or some other mutually agreeable date and time.

2 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PURSUANT TO RULES 2004 AND 7030 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DEBTOR IS HEREBY NOTIFIED OF ITS DUTY UNDER THE FOREGOING RULES TO TESTIFY CONCERNING THE 2004 EXAM TOPICS.**

PLEASE TAKE NOTICE that this Motion is brought pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1 on the grounds that the exam shall seek information concerning the acts, conduct, and financial condition of Debtor. The foregoing examination cannot be taken under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure, as there is, at present, no adversary proceeding or contested matter pending in the Chapter 7 case to which this examination relates. Bankruptcy Rule 7030 governs depositions in adversary proceedings and is only applicable where an adversary proceeding has been initiated. No such adversary proceeding has been commenced in this case. Bankruptcy Rule 9014 governs contested matters, and the provisions of Rule 7030 may be applied in contested matters only where a motion has been made and a dispute exists. Ms. Liu has not filed any motion that would give rise to a contested matter. Ms. Liu is a judgment creditor seeking to examine Debtor concerning his assets and financial condition, and at this stage, there is no adversary proceeding or contested matter that would enable Ms. Liu to conduct this examination under Rules 7030 or 9014. Accordingly, the examination must proceed under Rule 2004.

**PLEASE TAKE FURTHER NOTICE** that if you object to the examination, you must file a motion for a protective order setting forth specifically the nature and basis of your objection and serve the undersigned counsel for Ms. Liu, at Akerman, LLP, 633 West Fifth Street, Suite 6400, Los Angeles, CA, no later than 14 days before the date of the examination for which the protective order is being sought, pursuant to Local Bankruptcy Rule 2004-1. In addition, the motion for a protective order must be set for hearing no less than 2 days before the scheduled examination, pursuant to Local Bankruptcy Rule 2004-1.

**AKERMAN LLP**

By: */s/ Evelina Gentry*
Evelina Gentry
*Attorneys for Judgment Creditor YAQIN LIU*

3 Case No. 6:26-bk-10804-SY
NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF
85816612;1

AKERMAN LLP
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

On November 18, 2022, the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida entered a Final Judgment in favor of Ms. Liu and against Debtor Bin Zhang, also known as Alex Chang, in the amount of $1,625,000.00, plus interest at the rate of 4.75% per year (the “Judgment”). A true and correct copy of the Judgment is attached hereto as **Exhibit 1**. The Judgment remains unsatisfied.

On February 3, 2026, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court. This is Debtor’s second bankruptcy filing; he previously filed a Chapter 7 petition (Case No. 6:25-bk-19302) on December 30, 2025, which was dismissed.[2] Debtor’s schedules indicate that he operates a YouTube channel and has income from that source as well as from employment listed on his Schedules. Additionally, the United States Court of Appeals for the Ninth Circuit denied a petition for review of a Board of Immigration Appeals decision denying applications for asylum and withholding of removal, based on adverse credibility findings. Based on available information, the petitioner may be the Debtor, though this has not been confirmed. A true and correct copy of the Immigration Order is attached hereto as **Exhibit 2**.

At the Section 341 meeting of creditors held on March 11, 2026, Debtor appeared evasive and provided vague, inconsistent, and at times contradictory responses. Debtor testified regarding the transfer of his primary residence at 33276 Alagon Street, Temecula, California 92592 to his wife, Ying Ying Lv, claiming his wife paid the down payment and all mortgage obligations despite the property being purchased during the marriage. Debtor denied receiving any consideration for this transfer. The Trustee indicated his intention to file an adversary proceeding against Debtor’s wife to recover the residence as property of the estate. Additionally, what appear to be Debtor’s immigration filings reflect discrepancies with his bankruptcy petition, including references to two children whereas Debtor’s

---

[2] Because this is Debtor’s second filing, the automatic stay is limited to 30 days absent a court extension, and Debtor has filed a motion seeking to extend the stay. (ECF No. 11)

4 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

petition lists only one, and indications that his wife does not reside in the United States, which conflicts with Debtor's testimony that she lives at the Temecula residence.

Ms. Liu now seeks to conduct a Rule 2004 examination of Debtor to obtain information relevant to the administration of the estate and the collection of the Judgment, including information about Debtor's financial condition, income sources, digital assets, the property transfer to his wife, recurring payments to third parties, and his immigration status.

## II. ARGUMENT.

### A. Scope and Purpose of the Examination.

Bankruptcy Rule 2004(a) provides that "[o]n a party in interest's motion, the court may order the examination of any entity." Under Bankruptcy Rule 2004(b), the scope of said examination must relate to the debtor's "acts, conduct, or property, liabilities and financial condition, [and] any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge." Ms. Liu, as a judgment creditor holding a $1,625,000.00 judgment against Debtor, is a party in interest with standing to seek a Rule 2004 examination.

In this case, the scope of the examination is to inquire into the acts, conduct, property, liabilities, and financial condition of Debtor. More specifically, the examination will cover: (i) Debtor's income from all sources, including his YouTube channel and any other online content creation or social media activities; (ii) all bank accounts, both domestic and foreign; (iii) all brokerage accounts and stock trading accounts; (iv) all cryptocurrency holdings, including but not limited to Bitcoin, Ethereum, and any other digital currencies; (v) all non-fungible tokens ("NFTs") and other digital assets; (vi) the transfer of the primary residence located at 33276 Alagon Street, Temecula, CA 92592 to Debtor's wife, Ying Ying Lv, including the circumstances of the transfer, any consideration received, and any subsequent transfers of that property; (vii) recurring payments made by Debtor to third parties, including but not limited to the approximately $3,000 monthly payments to his parents-in-law that have been made consistently for approximately ten years; (viii) any other transfers of assets made by Debtor within the relevant period; (ix) Debtor's immigration status in the United States;

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

including any pending matters before the Immigration Court and any credibility findings; (x) potential discrepancies between Debtor's bankruptcy petition and what appear to be his other filings, including the reported number of children and the stated residence of his wife; and (xi) any other matters relevant to the collection of the Judgment or the administration of this estate (collectively, the "2004 Exam Topics").

The purpose of examination into the 2004 Exam Topics is to obtain information relevant to: (a) the potential recovery of assets for the benefit of the estate and creditors, such as Ms. Liu; (b) whether Debtor has made any fraudulent or preferential transfers that may be avoided, including the transfer of the primary residence to his wife and any subsequent transfers (c) whether Debtor has fully and accurately disclosed all assets, income, and liabilities in his bankruptcy schedules, particularly given the discrepancies between his bankruptcy petition and his immigration filings regarding the number of his children and his wife's residence; (d) the recurring $3,000 monthly payments to Debtor's parents-in-law, which may constitute preferential or fraudulent transfers; and (e) and the collection of the Judgment (collectively, the "2004 Exam Purpose"). Given Debtor's evasive and contradictory testimony at the Section 341 meeting, operation of a YouTube channel, potential receipt of income from digital content creation, the possibility of cryptocurrency and NFT holdings, and the significant questions surrounding the property transfer and ongoing payments to third parties, a thorough examination is necessary to ensure complete disclosure of assets.

### B. The Location of the Examination is Proper.

Bankruptcy Rule 2004(d) provides in pertinent part that "[t]he court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district where the case is pending." The location of the examination will be at the offices of Akerman, LLP, 633 West Fifth Street, Suite 6400, Los Angeles, CA, before a duly qualified court reporter utilizing real-time computer transcription ("Place of Examination"). The Place of Examination is located no more than 100 miles from Debtor's residence at 33276 Alagon Street, Temecula, California 92592, as indicated on the Debtor's bankruptcy petition

6 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and schedules.

**C. Examination Cannot Proceed Under Rules 7030 or 9014.**

Local Bankruptcy Rule 2004-1(b) requires that the motion explain why the examination cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014. Rule 7030 incorporates Federal Rule of Civil Procedure 30, which governs depositions in adversary proceedings. *See* Fed. R. Bankr. P. 7030. Rule 7030 applies only in adversary proceedings, and there is no adversary proceeding currently pending in this case. Ms. Liu, as a judgment creditor, has not initiated an adversary proceeding against Debtor and is not currently a party to any adversary proceeding in this bankruptcy case.

Rule 9014 governs contested matters and provides that certain rules applicable to adversary proceedings, including Rule 7030, may be applied in contested matters. *See* Fed. R. Bankr. P. 9014(c). However, a contested matter arises only when a motion is made in a bankruptcy case, and an objection or response is filed that creates a dispute. See Fed. R. Bankr. P. 9014(a). Ms. Liu has not filed any motion that would give rise to a contested matter. The present Motion for Rule 2004 Examination does not itself constitute a contested matter that would permit discovery under Rule 7030 through Rule 9014.

In short, because no adversary proceeding has commenced and no contested matter exists in which Ms. Liu is a party, the only mechanism available to Liu to examine Debtor at this stage of the bankruptcy case is a Rule 2004 examination. The broad scope of Rule 2004 is specifically designed to allow parties in interest to examine debtors regarding their acts, conduct, property, liabilities, and financial condition without the necessity of first initiating an adversary proceeding or contested matter. *See* Fed. R. Bankr. P. 2004(b). Accordingly, the examination sought by this Motion must proceed under Rule 2004.

**D. Compliance With Local Rule 2004-1.**

Local Rule 2004-1(a). Conference Required. Counsel for Ms. Liu met and conferred with counsel for Debtor. *See* Declaration of Evelina Gentry, attached hereto ("Gentry Decl."). As of the

7 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

filing of this Motion, counsel for the Debtor has not consented to the scheduling of a Rule 2004 examination of the Debtor.

Additionally, given the language difficulties experienced at the Section 341 meeting, Ms. Liu requests that a Mandarin interpreter be present at the 2004 examination.

Local Rule 2004-1(b). Motion. The examinee is the Debtor, Bin Zhang. Debtor's address is 33276 Alagon Street, Temecula, California 92592. Debtor is represented by Zheng "Andy" Liu of Aptum Law, 1660 S Amphlett Blvd, Suite 315, San Mateo, CA 94402.

A summary of the effort to hold a conference, and a certificate of counsel addressing such effort, is attached hereto in the Gentry Decl. Finally, no adversary proceeding or contested matter is currently pending, which would afford Ms. Liu the opportunity to conduct the examination under Bankruptcy Rules 7030 and 9014.

Local Rule 2004-1(c). Notice and Service. The Motion will be served on the Debtor, Debtor's counsel, and the Office of the United States Trustee. Not less than 21 days' notice of the examination will be provided, calculated from the date of service of the Motion.

Local Rule 2004-1(d). Order. This Motion may be granted by entered Court order without a hearing.

## III. CONCLUSION.

Liu respectfully requests this Court issue an order compelling the Debtor, Bin Zhang, to appear for examination pursuant to Bankruptcy Rule 2004 and produce the requested documents.

DATED: March 16, 2026

**AKERMAN LLP**

By: */s/ Evelina Gentry*
Evelina Gentry
*Attorneys for Judgment Creditor*
*YAQIN LIU*

8 Case No. 6:26-bk-10804-SY

**NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF**

85816612;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DECLARATION OF EVELINA GENTRY**

I, Evelina Gentry, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and am a partner with the law firm Akerman, LLP, counsel of record for Judgment Creditor Yaqin Liu ("Liu"). The facts herein recited are of my own personal knowledge, and if called as a witness I could and would competently testify to the following.

2. Pursuant to Local Bankruptcy Rule 2004-1(a), my partner, Brett Marks of Akerman, LLP and I explained the purpose of my call and our desire to schedule a Rule 2004 examination of the Debtor. Mr. Liu declined to consent to the scheduling of a Rule 2004 examination of the Debtor. He further indicated his intention to remove the state-court lawsuit (Case No. CVSW2302837) pending against the Debtor to this Bankruptcy Court and referred to the "pending proceeding rule."

3. I attended the Section 341 meeting of creditors on March 11, 2026. At the meeting, Debtor appeared evasive and provided vague, inconsistent, and at times contradictory responses. Communication was difficult due to apparent language barriers, and Debtor often gave incomplete answers. I observed that Debtor was hesitant to respond to questions about his immigration status and denied making any property transfers despite documentation and testimony indicating the contrary regarding the property located at 33276 Alagon Street, Temecula, CA 92592 ("Alagon Street Property").

4. During the Section 341 meeting, the Trustee focused significant attention on the transfer of the Alagon Property, which Debtor transferred to his wife, Ying Ying Lv. This transfer is the subject of an ongoing but stayed California state court lawsuit. According to Debtor's testimony, the residence was purchased during the marriage, but Debtor claimed that his wife paid the down payment and all subsequent mortgage obligations. Debtor denied receiving any consideration for the transfer. The Trustee indicated his intention to file an adversary proceeding against Debtor's wife to recover the residence as property of the estate.

9 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

Main Document Page 10 of 30

AKERMAN LLP
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5. Additionally, Debtor acknowledged at the 341 meeting that he has been making recurring payments of approximately $3,000 per month to his parents-in-law, and that these payments have continued consistently for roughly ten years since the couple moved to the United States.

6. On November 18, 2022, the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida entered a Final Judgment in favor of Liu and against Debtor Bin Zhang, also known as Alex Chang, in the amount of $1,625,000.00, plus interest at the rate of 4.75% per year. A true and correct copy of the Judgment is attached hereto as **Exhibit 1**. The Judgment remains unsatisfied.

7. During my review of federal court filings, I located a May 16, 2022, decision by the United States Court of Appeals for the Ninth Circuit denying a petition for review of a Board of Immigration Appeals ("BIA") decision regarding applications for asylum and withholding of removal. It appears that the petitioner may be the Debtor, although this has not been confirmed. The Ninth Circuit upheld the BIA's adverse credibility determination, citing inconsistencies within the petitioner's testimony and between his testimony and supporting documentation. A copy of the Ninth Circuit's memorandum disposition is attached as **Exhibit 2**. The immigration record refers to two children, whereas the Debtor's current bankruptcy petition lists only one. In addition, the immigration filing indicates that the petitioner's spouse resides outside the United States, which conflicts with the Debtor's testimony at the Section 341 meeting that his wife currently lives at the Temecula residence and is employed at a local casino.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 16, 2026, at Los Angeles, California.

*__/s/ Evelina Gentry__*
Evelina Gentry

10 Case No. 6:26-bk-10804-SY
NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF
85816612;1

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

YAQIN LIU,

Plaintiff,

v.

BIN ZHANG,

Defendant.
_______________________________/

CASE NO. 21-CA-004599

DIVISION J

CLERK OF CIRCUIT COURT
NOV 18 2022 PM12:16

**FINAL JUDGMENT**

Pursuant to the verdict rendered in this action, it is hereby ORDERED and ADJUDGED that Plaintiff, YAQIN LIU, whose address is 218 East Bearss Avenue, Unit 140, Tampa, Florida 33613, shall have and recover from Defendant, BIN ZHANG, who is also known as Alex Chang and whose last known address is 33276 Alagon Street, Temecula, California 92592, a final judgment for the sum of $ 1,625,000.00, which shall immediately begin to bear interest at the rate of 4.75% per year pursuant to Florida Statutes, § 55.03, and for which execution shall now issue.

This Court further reserves its jurisdiction to enforce this Final Judgment and to enter any additional orders as may be necessary and appropriate, including, but not limited to, any order on Plaintiff's entitlement to the recovery of costs pursuant to Florida Statutes, § 57.041.

DONE and ORDERED in Chambers in Hillsborough County, Florida, this 18th day of November, 2022.

Chet A. Tharpe
CIRCUIT COURT JUDGE

I hereby certify that the foregoing is a true and correct copy of the unredacted document on file in my office. Witness my hand and Official Seal this 18 day of November 20 22.

Hillsborough County, State of Florida
Clerk of the Circuit Court and Comptroller
By: Samantha Hermann
Print: Samantha Hermann Deputy Clerk

# EXHIBIT 2

**NOT FOR PUBLICATION**

FILED

MAY 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIN ZHANG,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 16-71930<br><br>Agency No. A089-992-910<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022**
San Francisco, California

Before: W. FLETCHER and BUMATAY, Circuit Judges, and SILVER, *** District Judge.

Bin Zhang petitions for review of a Board of Immigration Appeals ("BIA")

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

decision denying his applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252(a). Reviewing the BIA's adverse credibility determination for substantial evidence, *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), we deny the petition.

1. Substantial evidence supports the BIA's affirmation of the Immigration Judge's ("IJ") adverse credibility finding against Zhang. "[C]redibility determinations [are] made on the basis of the 'totality of the circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). In determining that Zhang lacked credibility, the IJ noted internal inconsistencies in Zhang's testimony and inconsistencies between Zhang's testimony and his supporting documents. The BIA reviewed the inconsistencies identified by the IJ and found no evidence of clear error. Specifically, the BIA evaluated inconsistencies relating to Zhang's claims that (1) he and his family were mistreated by the local family planning authorities in China for violating China's one child policy, and (2) he was persecuted for his Christian faith.

The record shows that Zhang was inconsistent in testifying whether his wife was on birth control when she became pregnant with their second child. Initially,

[1] Before the BIA and in his Opening Brief, Zhang failed to pursue his application for relief under the Convention Against Torture, and thus waived it. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

Zhang testified that his wife had been taking a birth control pill until she found out she was pregnant.  But later during questioning, Zhang changed course, stating that his wife had stopped taking birth control before getting pregnant.  The BIA was not required to accept Zhang's explanation for the inconsistency. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (holding that even if the petitioner's explanation of inconsistencies in her testimony was reasonable, the BIA was not compelled to accept her explanation).

Zhang next challenges the finding that he lacked credibility for failing to disclose in his asylum application that his wife was forcibly subjected to a birth control procedure after his second child was born. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (holding that a key omission from an asylum application can support an adverse credibility determination).  Zhang asserts that he did not know his wife was subjected to the procedure when he submitted his application. But as the IJ and BIA noted, Zhang had an opportunity to update his application, yet he did not disclose the information until the hearing. Nor did Zhang submit any corroborating evidence that his wife had actually been subjected to the procedure. Zhang's testimony is further weakened because he claimed that he speaks with his wife every two or three days on the phone since coming to the United States, which shows that he had the opportunity to learn of the procedure and update his asylum application but failed to do so.

Zhang also challenges the finding that it was implausible that he was able to travel over 200 kilometers to Beijing for a visa interview when he was purportedly under house arrest and subject to daily surveillance by police. The "inherent plausibility of the applicant's . . . account" is enough to "base a credibility determination." *Wang*, 861 F.3d at 1008 (simplified). It was not unreasonable for the IJ and BIA to be skeptical of Zhang's account of evading police oversight to travel over 100 miles to obtain visa approval.

Zhang asserts that the BIA erred by concluding that Zhang lacked sufficient documentary evidence corroborating his claims. However, the BIA was less concerned by Zhang's lack of documentation than by the apparent inconsistencies between the documents and Zhang's testimony. For example, Zhang claimed to have been a member of the Living Water Church in the United States since 2009; however, he submitted letters from the church stating that he had been a member since either September 2011 or January 2013. When "the IJ adequately identified problems with [the petitioner's] testimony and documentary evidence, . . . we are not compelled to conclude that [the petitioner] was credible." *Id.*

2. Zhang argues that, notwithstanding the BIA's adverse credibility finding, the documentary evidence he provided is sufficient to corroborate his claims and make him eligible for asylum. But Zhang's proffered passport and ID cards only verify his identity and do not provide evidence backing up his claims. The fine

receipts Zhang produced for having an unauthorized second child and for attending an illegal church in China are not determinative given the discrepancies in Zhang's testimony about his family planning and church attendance.    Finally, the letters verifying Zhang's attendance at a church in China are not persuasive because the authors were not available for cross-examination.  *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (upholding BIA determination that corroborating documents failed to rehabilitate adverse credibility determination because the preparers were not available for cross-examination).

**PETITION DENIED.**

Main Document Page 19 of 30

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**EXHIBIT "A"**

**SCHEDULE OF DOCUMENTS TO BE PRODUCED**

**INSTRUCTIONS**

The following instructions apply to all demands for production of documents contained herein:

A. In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, accountants, or by your attorneys or their agents, employees, representatives or investigators.

B. In producing documents, any comment, notation, or marking appearing on any documents, and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C. In producing documents, all documents should be produced in the same order as they are kept or maintained.

D. In producing documents, all documents should be produced in the file, folder, envelope or other container in which the documents are kept or maintained. If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E. In producing documents, documents attached to each other must not be separated.

F. Produce each requested document in its entirety including all attachments and enclosures even if only a portion of the document is responsive to the request.

G. In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response the precise grounds for objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or

1 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

contention. Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any copies of it, the name of each person with whom it was discussed, and a general description of the nature and contents of the documents. Finally, you should identify and produce for inspection and copying all documents which fit the description set forth below as to which you do not assert any such privilege, objection or contention.

H. In producing documents, you are to consider this request a continuing request, and you are obligated to supplement your response by identifying and producing responsive documents that come to your attention, or into your possession, custody or control, subsequent to your response and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

I. Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is responsive to more than one request, it is sufficient to identify only the first request to which the document is responsive.

## DEFINITIONS

As used herein, unless otherwise specified:

A. The term "Person" includes a natural person or any legal or informal entity including but not limited to a firm, association, organization, business, trust, corporation or public entity.

B. "You" and "Your" refers to Debtor.

C. The terms "Document" or "Documents" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including without limitation tape recordings and computer tapes and discs), however printed, produced or reproduced, coded or stored, of any kind or description, regardless of author or origin and whether or not sent or received, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including, without limitation: papers; books; accounts; letters; prospectuses; offering memoranda; solicitations; disclosures; models; photographs; correspondence; telegrams; telex messages; memoranda; notes; notations; work papers; routing slips; intra and interoffice communications; intra-

2 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

Main Document Page 21 of 30

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and interdepartmental communications; communications to, between or among directors, officers, agents and/or employees; transcripts, minutes, agendas, reports, notes or recordings of telephone or other conversations, or of interviews, or conferences, or of board, committee or subcommittee meetings, or of other meetings; affidavits; drawings; sketches; blueprints; statements; reports; summaries; indices; opinions; court pleadings (whether or not on file); studies; analysis; forecasts; evaluations; contracts; invoices; purchase orders; requisitions; notebooks; entries; ledgers; journals; books or records of accounts; balance sheets; income statements; questionnaires; answers to questionnaires; statistical records; petitions; advertisements; brochures; circulars; bulletins; pamphlets; trade letters; desk calendars; appointment books; telephone logs; diaries; expense accounts or vouchers; policy statements; manuals; rules; regulations; guidelines; newspaper stories; financial or market reports; computer tapes and discs; magnetic tapes; punch cards; computer printouts; microfilm or microfiche; all other records kept by electronic, photographic or mechanical means; and any material underlying, supporting, or used in the preparation of any such document, however produced or reproduced, which is in your possession, custody or control or to which you have a right or privilege to examine upon request or demand.

D. The phrase "Pertaining To" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing or course of dealing.

E. The conjunctions "And" and "Or" shall be interpreted inclusively so as not to exclude any information or documents otherwise within the scope of any request.

F. The term "Petition Date" refers to the date on which the Petitioner filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

G. The term "Communication(s)" is used in these requests in a comprehensive sense, and means any instance in which information was transmitted between two or more persons, including any oral or written utterance, notation, or statement of any nature whatsoever, including but not limited to

3 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

documents, correspondence, email, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more persons.

H. The term "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

**DOCUMENTS TO BE PRODUCED**

**Income Tax Documents:**

1. Your tax returns, including state, federal, and foreign, for 2022, 2023, 2024, and 2025.

2. All K-1 forms, W-2 forms, 1099 forms, and any other tax forms You received or issued in 2022, 2023, 2024, and 2025.

**Banking Accounts:**

3. Your checking account statements, savings account statements, credit union statements, money-market account statements, both foreign and domestic, since January 1, 2022.

4. Your credit and/or debit card statements, both foreign and domestic, since January 1, 2022.

**Brokerage and Investment Accounts:**

5. All documents referring, relating, and/or pertaining to any brokerage accounts, stock trading accounts, or investment accounts held by You, including but not limited to accounts with Charles Schwab, Fidelity, TD Ameritrade, E*Trade, Vanguard, Merrill Lynch, Morgan Stanley, Interactive Brokers, Robinhood, Webull, or any other brokerage or investment platform, since January 1, 2022.

6. All brokerage account statements, trade confirmations, monthly statements, annual statements, and 1099-B forms for all brokerage and investment accounts held by You, since January 1, 2022.

7. All documents referring, relating, and/or pertaining to any stocks, bonds, mutual funds, exchange-traded funds (ETFs), options, futures, or other securities owned by You or in which You

4 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

Main Document Page 23 of 30

have any beneficial interest, since January 1, 2022.

8. All documents referring, relating, and/or pertaining to any retirement accounts, including but not limited to 401(k) plans, Individual Retirement Accounts (IRAs), Roth IRAs, SEP-IRAs, pension plans, and any other retirement or deferred compensation accounts, since January 1, 2022.

**Transfers to and/or Involving Third Parties:**

9. All documents referring, relating, and/or pertaining to the real property located at 33276 Alagon Street, Temecula, CA 92592, including but not limited to grant deeds, quitclaim deeds, deeds of trust, mortgages, title insurance policies, escrow documents, purchase agreements, settlement statements, and any other documents evidencing ownership, transfer, or encumbrance of said property, since January 1, 2015.

10. All documents referring, relating, and/or pertaining to the transfer of the real property located at 33276 Alagon Street, Temecula, CA 92592, from You to Your wife, Ying Ying Lv, including but not limited to the deed of transfer, any written agreements regarding the transfer, communications regarding the transfer, and any documents reflecting consideration paid or received in connection with the transfer.

11. All documents referring, relating, and/or pertaining to any subsequent transfer of the real property located at 33276 Alagon Street, Temecula, CA 92592, from Your wife, Ying Ying Lv, to any third party, including but not limited to any Chinese national or foreign person, including the identity of the transferee, the deed of transfer, any written agreements regarding the transfer, and any documents reflecting consideration paid or received.

12. All documents, including communications, referring, relating, and/or pertaining to all payments to any creditor, both foreign and domestic, since January 1, 2022.

13. All documents, including communications, referring, relating, and/or pertaining to any claim against other persons or public or private entity You have currently existing or pending including, but not limited to, any money, both foreign and domestic, since January 1, 2022.

AKERMAN LLP
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5 Case No. 6:26-bk-10804-SY
NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF
85816612;1

14. All documents, including communications, referring, relating, and/or pertaining to any claim against You by other persons or public or private entity currently existing or pending including, but not limited to, any money, both foreign and domestic, since January 1, 2022.

15. All documents, including communications, referring, relating, and/or pertaining to any transfer of money, real property, or personal property to another person or entity or from another person or entity to You including, but not limited to, statements, receipts, title, or deeds, both foreign and domestic, since January 1, 2022.

**Contractual Obligations:**

16. All notes, money orders, drafts, contracts or contractual obligations, negotiable instruments receivable, and/or accounts receivable whether due or not due belonging to You or in which You have or have had any interest, both foreign and domestic, since January 1, 2022.

17. All contracts through which You have performed services or rendered materials since January 1, 2022.

18. All contracts through which You have been making payment since January 1, 2022.

19. All contracts or judgments through which You have been receiving money or benefits since January 1, 2022.

**Real Property Documents, Statements, and Liens:**

20. All grant deeds, quitclaim deeds, promissory notes, deeds of trust or mortgages, contracts of sale, negotiable instruments, both foreign and domestic that refer, relate, and/or pertain to any title or interest You currently hold or held in real property including since January 1, 2022.

21. All bills of sale or other written contracts or evidence demonstrating purchase or sale, both foreign and domestic that refer, relate, and/or pertain to any purchase or sale of real property You made since January 1, 2022.

22. All contracts, mortgages, leases or other documents that that refer, relate, and/or pertain to any loan or lease You hold or held in real property, both foreign and domestic, since January 1, 2022.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

6 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

23. All assessment notices, judgment liens, notices of default, notices of sale or other documents that refer, relate, and/or pertain to any liens or defaults recorded against You or Your real property since January 1, 2022.

**Corporation and Business Documents:**

24. All articles/certificates of incorporation, bylaws, operating agreements, rules, minutes, board of director lists or owner information, shareholdings, shareholder registers, share certificates, power of attorney agreements and other corporate records that refer, relate, and/or pertain to Your formation, regulation or operation since January 1, 2022.

25. All documents that refer, relate, and/or pertain to Your business account statements including, but not limited to, business account payable and receivable ledgers or statements, business income, losses, earnings, assets, and liabilities, both foreign and domestic, since January 1, 2022.

26. All insurance policies You obtained for Your businesses, both foreign and domestic, since January 1, 2022.

**Additional Financial Documents:**

27. All documents referring, relating, and/or pertaining to any PayPal, Venmo, Zelle, Cash App, or other peer-to-peer payment platform accounts owned or controlled by You, including but not limited to account statements and transaction histories, since January 1, 2022.

28. All documents referring, relating, and/or pertaining to any wire transfers, cashier's checks, money orders, or other transfers of funds made by You or on Your behalf, since January 1, 2022.

29. All documents referring, relating, and/or pertaining to any safe deposit boxes or storage facilities rented or used by You, and the contents thereof, since January 1, 2022.

30. All documents referring, relating, and/or pertaining to any trusts, family partnerships, limited liability companies, corporations, or other legal entities in which You have an ownership interest, beneficial interest, or control, since January 1, 2022.

31. All documents referring, relating, and/or pertaining to any recurring payments made to

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

7 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

Main Document Page 26 of 30

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Your parents-in-law, including but not limited to bank statements, wire transfer records, canceled checks, payment receipts, and any communications regarding such payments, since January 1, 2014.

32. All documents referring, relating, and/or pertaining to any gifts, transfers, or conveyances of money, property, or assets made by You to any third party, including but not limited to Your spouse Ying Ying Lv, family members, friends, or business associates, since January 1, 2022.

33. All documents referring, relating, and/or pertaining to any loans You have made to any third party or any loans You have received from any third party, since January 1, 2022.

34. All documents referring, relating, and/or pertaining to any vehicles owned, leased, or operated by You, including but not limited to Your 2024 Tesla Model Y and any other vehicles, since January 1, 2022.

**Judgment-Related Documents:**

35. All documents referring, relating, and/or pertaining to the Final Judgment entered on November 18, 2022, by the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in Case No. 21-CA-004599, in favor of Yaqin Liu and against You.

36. All documents referring, relating, and/or pertaining to any payments made toward satisfaction of the Judgment, including but not limited to payment records, wire transfer confirmations, and any communications regarding payment of the Judgment.

37. All documents referring, relating, and/or pertaining to any assets, funds, or property that could be used to satisfy the Judgment, including but not limited to cash, bank accounts, investments, real property, personal property, vehicles, jewelry, artwork, collectibles, and any other assets of value.

38. All documents referring, relating, and/or pertaining to Your prior bankruptcy case, Case No. 6:25-bk-19302, filed in the United States Bankruptcy Court for the Central District of California on December 30, 2025, including but not limited to the petition, schedules, statements, and any orders entered in that case.

39. All documents referring, relating, and/or pertaining to the California state court lawsuit,

8 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. CVSW2302837, San Bernardino Superior Court, including but not limited to complaints, answers, motions, discovery requests and responses, depositions, and any court orders.

**Immigration Documents:**

40. All documents referring, relating, and/or pertaining to Your immigration status in the United States, including but not limited to visas, visa applications, work permits, employment authorization documents, green card applications, naturalization applications, and any correspondence with United States Citizenship and Immigration Services ("USCIS") or any other immigration authority.

41. All documents referring, relating, and/or pertaining to any immigration proceedings, including but not limited to asylum applications, withholding of removal applications, appeals to the Board of Immigration Appeals, petitions for review to any federal court, and any orders or decisions issued in such proceedings.

42. All documents referring, relating, and/or pertaining to Your current legal authorization to remain in the United States and Your current legal authorization to work in the United States.

43. All documents referring, relating, and/or pertaining to any removal proceedings, deportation proceedings, or voluntary departure agreements.

**YouTube Channel and Social Media Documents**

44. All documents referring, relating, and/or pertaining to any YouTube channel or channels owned, operated, or controlled by You, including but not limited to YouTube Partner Program agreements, channel analytics, subscriber data, video performance data, and content management records, since January 1, 2022.

45. All documents referring, relating, and/or pertaining to any income, revenue, or payments received from YouTube, Google AdSense, or any other source related to Your YouTube channel(s), including but not limited to payment statements, revenue reports, and bank deposit records showing YouTube-related income, since January 1, 2022.

46. All documents referring, relating, and/or pertaining to any sponsorship agreements,

9 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

Main Document Page 28 of 30

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

brand deals, affiliate marketing arrangements, paid promotions, or other commercial arrangements related to Your YouTube channel(s) or social media presence, since January 1, 2022.

47. All documents referring, relating, and/or pertaining to any merchandise sales, product sales, or other commercial activities conducted through or promoted on Your YouTube channel(s) or social media accounts, since January 1, 2022.

48. All documents referring, relating, and/or pertaining to any other social media accounts owned or controlled by You, including but not limited to accounts on TikTok, Instagram, Facebook, Twitter/X, Twitch, Patreon, or any other social media or content creation platform, and any income derived therefrom, since January 1, 2022.

49. All documents referring, relating, and/or pertaining to any Multi-Channel Network ("MCN") agreements, content licensing agreements, or syndication agreements related to Your online content, since January 1, 2022.

**Cryptocurrency and Digital Asset Documents:**

50. All documents, including communications, statements, records, and receipts, referring, relating, and/or pertaining to any cryptocurrency, virtual currency, or digital currency holdings, including but not limited to Bitcoin, Ethereum, Litecoin, Ripple, Dogecoin, Solana, Cardano, and any other cryptocurrency or digital tokens, since January 1, 2022.

51. All documents referring, relating, and/or pertaining to any cryptocurrency exchange accounts, including but not limited to accounts with Coinbase, Binance, Kraken, Gemini, FTX, Crypto.com, eToro, Robinhood, or any other cryptocurrency exchange platform, since January 1, 2022.

52. All documents referring, relating, and/or pertaining to any cryptocurrency wallet addresses, private keys, seed phrases, hardware wallets, software wallets, or any other means of storing or accessing cryptocurrency, since January 1, 2022.

53. All documents referring, relating, and/or pertaining to any non-fungible tokens ("NFTs"), digital collectibles, or other blockchain-based digital assets, including but not limited to

10 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

records of purchase, sale, transfer, minting, or ownership of NFTs on any platform including OpenSea, Rarible, Foundation, SuperRare, or any other NFT marketplace, since January 1, 2022.

54. All documents referring, relating, and/or pertaining to any transactions involving the purchase, sale, exchange, transfer, gifting, or receipt of cryptocurrency or NFTs, since January 1, 2022.

55. All documents referring, relating, and/or pertaining to any decentralized finance ("DeFi") platforms, staking, yield farming, liquidity pools, or lending platforms involving cryptocurrency or digital assets, since January 1, 2022.

**Payments to Family Members:**

56. All documents referring, relating, and/or pertaining to any payments, transfers, or gifts made by You to Your parents-in-law, including but not limited to bank statements, wire transfer records, checks, cashier's checks, money orders, and any other records reflecting payments of approximately $3,000 per month or any other amounts, since January 1, 2015.

57. All documents referring, relating, and/or pertaining to any payments, transfers, or gifts made by You to Your spouse, Ying Ying Lv, or any member of Your spouse's family, including but not limited to bank statements, wire transfer records, checks, cashier's checks, money orders, and any other records reflecting such payments, since January 1, 2015.

58. All documents referring, relating, and/or pertaining to any loans from Your parents-in-law, Your spouse, or any other family member, including but not limited to promissory notes, loan agreements, and any communications regarding such loans.

**Family and Household Documents:**

59. All documents referring, relating, and/or pertaining to Your children, including but not limited to birth certificates, school records, medical records, custody agreements, child support orders, and any other documents identifying or relating to Your minor and adult children.

60. All documents referring, relating, and/or pertaining to the residence and whereabouts of Your spouse, Ying Ying Lv, including but not limited to residential lease agreements, utility bills, bank statements showing address, driver's license, and any other documents reflecting her residence

11 Case No. 6:26-bk-10804-SY

NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF

85816612;1

Main Document Page 30 of 30

AKERMAN LLP
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

since January 1, 2020.

61. All documents referring, relating, and/or pertaining to the employment of Your spouse, Ying Ying Lv, including but not limited to employment agreements, pay stubs, W-2 forms, 1099 forms, and any documents reflecting her employment at any casino or any other employer, since January 1, 2020.

62. All documents referring, relating, and/or pertaining to Your household expenses and the sources of funds used to pay such expenses, including but not limited to rent, mortgage, utilities, groceries, insurance, and any other recurring expenses, since January 1, 2022.

DATED: March 16, 2026

**AKERMAN LLP**

By: */s/ Evelina Gentry*
Evelina Gentry
*Attorneys for Judgment Creditor*
*YAQIN LIU*

12 Case No. 6:26-bk-10804-SY

**NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF DEBTOR; REQUEST FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVELINA GENTRY IN SUPPORT THEREOF**

85816612;1