**AKERMAN LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Attorneys for Plaintiff/Judgment Creditor*
*DuoDuo Cao f/k/a Yaqin Liu*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT – RIVERSIDE DIVISION**

| | |
|---|---|
| In re: | Case No.: 6:26-bk-10804-SY |
| BIN ZHANG, | The Hon. Scott H. Yun |
| Debtor | Chapter 7 |
| DUODUO CAO f/k/a YAGIN LIU | Adv. No. |
| Plaintiff, | |
| vs. | **COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(A)(6)** |
| BIN ZHANG, | |
| Defendant. | |

Plaintiff, DuoDuo Cao f/k/a Yaqin Liu ("Plaintiff"), through her undersigned counsel, hereby brings this proceeding against Defendant, Bin Zhang a/k/a Alex Chang ("Defendant"), a debtor in the above-captioned case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), and alleges as follows:

## I.    PARTIES

1.    Plaintiff is an individual residing in Hillsborough County, Florida.

2.    Defendant is a debtor in the above-captioned case under Chapter 7 of the Bankruptcy Code and, as of the commencement of his bankruptcy case, Defendant resided at 33276 Alagon Street,

1

**COMPLAINT**

86399623;2

Temecula, Riverside County, California 92592.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.    Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## III.    BASIS FOR RELIEF REQUESTED

5.    This proceeding is initiated pursuant to Section 523 of the Bankruptcy Code.

## IV.    FACTS

**A.    Defendant's Bankruptcy Case**

6.    On February 3, 2026 (the "Petition Date"), Defendant commenced a case under Chapter 7 of the Bankruptcy Code before this Court and that constituted his second bankruptcy filing.

7.    Defendant previously filed a Chapter 7 petition (Case No. 6:25-bk-19302) on December 30, 2025, which was dismissed on January 14, 2026, for his failure to file schedules among other reasons.

**B.    State Court Action for Defamation *Per Se* Against Defendant**

8.    On or about June 4, 2021, and well before the Petition Date, Plaintiff commenced an action against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, under Case No. 21-CA-004599, and seeking damages for defamation *per se* (the "State Court Action"). A true and correct copy of the Complaint initiating the State Court Action is attached hereto as **Exhibit "A."**

9.    Beginning in or around February 2020, Plaintiff began posting video segments on YouTube in which Plaintiff shared her gratitude for the United States and occasionally offered her opinions on the relationship between the United States and her native country, China.

10.    Plaintiff's video segments were featured on her YouTube channel under the name "Māo Shén (Māoyǎn Kàn Zhōng Guó)" or, in English, "Cat God (Cat Eyes Seeing China)."

11.    As of December 2020, Plaintiff's video segments had earned over 180,000 subscriptions to her YouTube channel, were viewed over 10,000,000 times in the United States, were

**AKERMAN LLP**
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Tel.: (213) 688-9500 – Fax: (213) 627-6342

2

**COMPLAINT**

86399623;2

viewed over 145,000 times in Florida alone, and became a source of recurring income for Plaintiff.

12. At the same time, Defendant posted video segments on YouTube that were broadcast into Florida and in which he provided financial advice, encouraged business inquiries by email, solicited subscriptions to his channel, permitted viewers to post comments, welcomed donations via PayPal, and generated income for Defendant.

13. Beginning on December 17, 2020, and continuing through December 27, 2020, Defendant posted a series of seven video segments on YouTube, as part of his self-proclaimed "Cat Killing Mission," wherein he attacked Plaintiff with defamatory statements that identified Plaintiff in photographs and by her name and her Florida residence, clamored for additional personal information on Plaintiff, declared his objective of having Plaintiff involuntarily repatriated to China, actively encouraged Plaintiff to sue him because of his defamatory statements, and otherwise sought to ruin Plaintiff's channel, viewership, subscriptions, and income for the enhancement of his own YouTube channel, viewership, subscriptions, and income.

14. Defendant's defamatory video segments included false statements asserting, among other hateful assertions, that Plaintiff was the spokesperson for, and mistress of, a supposed spy for the Chinese Communist Party ("CCP") and, together, they were "this adulterer and this whore"; that Plaintiff "has been raped by black men, gang raped"; that Plaintiff was a prostitute and consorted with "white men" and "black men" in the United States; and that Plaintiff was a mistress to corrupt officials in China.

15. Defendant often repeated his objective of having Plaintiff involuntarily repatriated to China and his "Cat Killing Mission."

16. Defendant's statements and video segments were viewed throughout the United States and, more precisely, by Floridians, including Floridians who subsequently notified and questioned Plaintiff about Defendant's misconduct.

17. Defendant's statements and video segments exposed Plaintiff to hatred, distrust, ridicule, contempt, and disgrace, injured her in the exercise of her business on YouTube, and attributed unchastity, acts in concert with the CCP, criminal misconduct, unfitness in her chosen occupation, and

**AKERMAN LLP**
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Tel.: (213) 688-9500 – Fax: (213) 627-6342

3

**COMPLAINT**

86399623;2

other loathsome acts and characteristics.

18.     Defendant's statements and video segments were defamatory *per se* and, thus, Defendant's malice and intent to harm Plaintiff were conclusively presumed under the law.

19.     Plaintiff also suffered actual damages because of Defendant's willful and malicious statements, including Plaintiff's hospitalization for suicidal ideation.

20.     Defendant repeatedly encouraged Plaintiff to sue him, stating "I am waiting for you to sue me. If you do not sue me, you are a son of a bitch," and "I have full legal responsibility to all the content I said, right? I am not afraid of losing money or anything."

21.     Defendant retained counsel and initially defended against the State Court Action, filed an answer and affirmative defenses, and filed a counterclaim against Plaintiff.

22.     The state court subsequently struck Defendant's answer, affirmative defenses, and counterclaim due to his misconduct during the litigation and, as a consequence, Defendant was deemed to have admitted the allegations in Plaintiff's Complaint, except those pertaining to the amount of damages, which was reserved for the jury's determination at trial.

**C.     Verdict and Judgment Against Defendant**

23.     A trial was conducted, and on November 18, 2022, the jury returned a verdict of $1,625,000 in favor of Plaintiff and against Defendant.

24.     The jury awarded damages to Plaintiff as follows: (a) $100,000.00 for medical expenses incurred in the past and to be incurred in the future; (b) $1,400,000.00 for loss of earnings in the past and loss of earning capacity in the future; and (c) $125,000.00 for shame, humiliation, and mental anguish experienced in the past and to be experienced in the future. A copy of the jury's verdict is attached hereto as **Exhibit "B."**

25.     On November 18, 2022, the state court entered a Final Judgment in favor of Plaintiff on her defamation *per se* claim and against Defendant Bin Zhang, also known as Alex Chang, in the amount of $1,625,000, plus interest at the rate of 4.75% per year pursuant to Florida Statutes, § 55.03 (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit "C."**

26.     The Judgment remains completely unsatisfied.

**COMPLAINT**

86399623;2

**AKERMAN LLP**
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Tel.: (213) 688-9500 – Fax: (213) 627-6342

**FIRST CAUSE OF ACTION**

**(For Determination That the Debt Due to Plaintiff Is**

**Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6))**

27.     Plaintiff repeats and realleges each of the allegations set forth above as though fully set forth herein.

28.     Section 523(a)(6) of the Bankruptcy Code excepts from discharge "any debt…for willful and malicious injury by the debtor to another entity or to the property of another entity."

29.     Defendant willfully and maliciously injured Plaintiff by publishing false and hateful statements about Plaintiff that were viewed throughout the United States and deliberately exposed Plaintiff to hatred, distrust, ridicule, contempt, and disgrace, injured her in the exercise of her business, and attributed unchastity, acts in concert with the CCP, criminal misconduct, unfitness in her chosen occupation, and other loathsome acts and characteristics.

30.     Defendant's statements, when read or heard plainly, demonstrated his intent to injure Plaintiff: Defendant proclaimed a "Cat Killing Mission," referenced Plaintiff's full name and residence in Florida, featured photographs of her, declared his objective of having Plaintiff involuntarily repatriated to China, clamored for more personal information about Plaintiff, and repeatedly encouraged Plaintiff to sue him, boasting that he had "full legal responsibility" for his statements and was "not afraid of losing money."

31.     Defendant's defamatory statements were highly personal and intended to harm Plaintiff, which they did in many ways, including her hospitalization for suicidal ideation.

32.     As determined by a jury and based upon the evidence, Defendant is liable to Plaintiff for defamation *per se* in an amount not less than $1,625,000, plus accrued interest at the rate of 4.75% per year from November 18, 2022.

33.     The entire Judgment, including damages for lost earnings and earning capacity, medical expenses, and shame, humiliation, and mental anguish, arises from Defendant's willful and malicious injury to Plaintiff and is nondischargeable.

34.     Defendant's conduct, as alleged above, precludes him from obtaining a discharge of

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5

**COMPLAINT**

86399623;2

his debt to Plaintiff pursuant to Section 523(a)(6) of the Bankruptcy Code.

### **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For a determination that the debt owed by Defendant to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

2. Awarding prejudgment interest to Plaintiff;

3. Awarding to Plaintiff the costs of suit incurred herein; and

4. For such other relief as the Court may find just and proper.

Date:  April 29, 2026                          **AKERMAN LLP**


By: */s/ Evelina Gentry*
    Evelina Gentry
    *Attorneys for Plaintiff/Judgment Creditor*
    *DUODUO CAO F/K/A YAQIN LIU*

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

6

**COMPLAINT**

86399623;2