Lynda T. Bui – Bar No. 201002
Rika M. Kido – Bar No. 273780
Yang Yang – Bar No. 361803
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: LBui@shulmanbastian.com;
RKido@shulmanbastian.com
YYang@shulmanbastian.com

Attorneys for Charles W. Daff, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

In re

**BIN ZHANG,**

Debtor.

Case No. 6:26-bk-10804-SY

Chapter 7

**CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR AN ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 FOR AN EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY YING YING LV; DECLARATION OF YANG YANG IN SUPPORT THEREOF**

[No Hearing Required Pursuant to LBR 9013-1(p)]

[Order Lodged Concurrently Herewith]

Document Production Date:
Date: October 5, 2026
Time: 9:00 a.m. PDT

Examination Date:
Date: October 19, 2026
Time: 10:00 a.m. PDT

Place for Document Production
Shulman Bastian Friedman Bui & O'Dea LLP
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

**NOTICE**

**PLEASE TAKE NOTICE** that Charles W. Daff, the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Bin Zhang ("Debtor"), respectfully files this Motion requesting that the Court enter an Order requiring Ying Ying Lv ("Respondent") to produce the documents identified hereafter on October 5, 2026 at 9:00 a.m. PDT, and to appear for examination by the Trustee's counsel on October 19, 2026 at 10:00 a.m. PDT. The examination is requested pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016 and Rules 2004-1 and 9013-1(p) of the Local Bankruptcy Rules ("LBR").

**PLEASE TAKE FURTHER NOTICE** that:

1. The examination will be conducted in person at the office of Shulman Bastian Friedman Bui & O'Dea LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618.

2. The court reporter will report the deposition and will administer the oath to the respondent at the office of Shulman Bastian Friedman Bui & O'Dea LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618.

3. Respondent will be required to provide government-issued identification satisfactory to the court reporter.

4. Exhibits will be provided simultaneously to Respondent and all participants; and

5. Counsel for all parties, and/or parties who are pro se, may be required to stipulate on the record: (i) their consent to this manner of deposition; and (ii) their waiver of any objection to this manner of deposition, including any objection to the admissibility of this testimony based on this manner of deposition.

///

///

///

**PLEASE TAKE FURTHER NOTICE** that if you seek a protective order, you must file a motion for protective order not less than fourteen (14) days before the date of the examination listed above, and set for hearing not less than two (2) days before the scheduled examination, unless an order setting hearing on shortened notice is granted by the court pursuant to LBR 9075-1. *See* LBR 2004-1(f).

The examination is requested pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and LBRs 2004-1 and 9013-1(p). This Motion is based upon the accompanying Declaration of Yang Yang, and all documents on file in this case.

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

DATED: September 15, 2026

By: *_/s/ Yang Yang_*
Lynda T. Bui
Rika M. Kido
Yang Yang
Attorneys for Charles W. Daff, Chapter 7 Trustee

## I. INTRODUCTION

A Chapter 7 trustee may conduct examinations under Federal Rule of Bankruptcy Procedure ("FRBP") 2004 relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Charles W. Daff is the duly appointed, qualified, and acting Chapter 7 trustee ("Trustee") for Bin Zhang's ("Debtor") bankruptcy estate ("Estate").

In the course of the Trustee's investigation and efforts to identify potential sources of recovery for the Estate, the Trustee learned that Debtor transferred his interest ("Transfer") in the real property located at 33276 Alagon Street, Temecula, California 92592 (the "Temecula Property") to Ying Ying Lv ("Respondent"). On October 5, 2022, Respondent subsequently transferred the Temecula Property to the LV Trust dated August 3, 2022 ("LV Trust") and a Deed of Trust was recorded against the Temecula Property in favor of Ruiling Ren ("Ren"). Debtor's Schedules identify Respondent as Debtor's spouse or former spouse and a prior co-owner of the Temecula Property. The Schedules further disclose a pending action in the Riverside County Superior Court, *Yaqin Liu v. Bin Zhang and Ying Ying Lv*, involving claims arising from the Transfer.

Accordingly, the Trustee seeks an examination of Respondent pursuant to FRBP 2004, together with the production of documents, to obtain information concerning the ownership and financing of the Temecula Property, the nature and validity of the asserted obligation to Ren, the creation and administration of the LV Trust, and any transfers of money or assets among Debtor, Respondent, Ren, and the LV Trust. Such information is necessary for the Trustee to investigate Debtor's financial affairs, identify potential assets and claims of the Estate, and properly administer the Estate.

///

///

///

## II. CASE BACKGROUND

### A. Commencement of the Bankruptcy Case

On February 3, 2026 (the "Petition Date"), Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code [Dkt. No. 1].

Charles W. Daff is the duly appointed, qualified, and acting Chapter 7 Trustee for the Estate.

### B. Debtor's Interest in the Temecula Property and Relationship with Ying Ying Lv

In his Schedule A/B, despite the Transfer, Debtor listed an interest in the Temecula Property. Debtor scheduled the value of the Temecula Property at $659,000 and the value of his interest in the Temecula Property at $180,099.76 [Dkt. No. 1].

In his Schedule D, Debtor identified a secured claim held by Nationstar Mortgage LLC in the amount of approximately $298,800.48, secured by the Temecula Property [Dkt. No. 1]. Debtor also identified Respondent on his Schedule H as his "spouse, former spouse, or legal equivalent" [Dkt. No. 1].

During his investigation of Debtor's assets and financial affairs, the Trustee discovered the Transfer, the subsequent transfer of Respondent's interest in the Temecula Property to the LV Trust on October 5, 2022, and a deed of trust recorded against the Temecula Property on October 5, 2022, as Instrument No. 2022-0418937 in the Official Records of Riverside County ("Deed of Trust"). The Deed of Trust secures an alleged obligation in the principal amount off $500,000 in favor of Ren and references a promissory note dated August 1, 2022. The Trustee has been unable to verify Ren's identity or other identifying information, and has been unable to determine the source, disposition, or flow of the $500,000 referenced in the Deed of Trust.

In his Statement of Financial Affairs, the Debtor also disclosed a pending action in the Riverside County Superior Court, *Yaqin Liu v. Bin Zhang and Ying Ying Lv*, Case No. CVSW2302837 ("Riverside Case") [Dkt. No. 1]. Based on the Trustee's further investigation, the Riverside Case claims the Transfer was a fraudulent transfer.

Based on the foregoing, questions have arisen concerning, among other things, the respective interests of Debtor and Respondent in the Temecula Property; the creation, ownership, and administration of the LV Trust; the nature and validity of the asserted $500,000 obligation to Ren;

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

the source and use of any funds allegedly provided by Ren; and any transfers of money or property among Debtor, Respondent, Ren, and the LV Trust. These matters directly concern Debtor's assets and financial condition, and the administration of the Estate.

**C. Respondent to be Examined**

Respondent is believed to have substantial knowledge of the topics identified below because of her relationship with Debtor and her interests in or connection to the Temecula Property, the LV Trust, the Deed of Trust, and Ren. Respondent is identified in Debtor's Schedules as a codebtor on the mortgage secured by the Temecula Property and as Debtor's spouse or former spouse. Respondent also participated in the successive transfers of the Temecula Property, first as a transferee and then as a transferor. These transfers are the subject of the fraudulent transfer claims asserted in the Riverside Case.

Accordingly, Respondent is likely to possess information and documents concerning the ownership and financing of the Temecula Property, the scheduled obligation to Ren, and transfers of money or assets among Debtor, Respondent, Ren, and the LV Trust.

## III. REQUEST FOR EXAMINATION

**A. Scope of Examination Rule 2004(b) of the FRBP**

Rule 2004(b) of the FRBP provides that the scope of examination must relate to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration or the debtor's estate, or to the debtor's right to a discharge." But "[t]he scope of a 2004 examination is 'unfettered and broad' and is akin to a 'fishing expedition.'" *In re Subpoena Duces Tecum & Ad Testificandum Pursuant to Fed. R. Bankr. Proc.* 2004, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011). An examination under Rule 2004 is proper even if a debtor has already received his discharge. *See*, e.g., *Vaughan v. Weinstein* (*In re Vaughan*), 2016 Bankr. LEXIS 717 at *3 (B.A.P. 9th Cir. 2016).

In this case, the Trustee seeks to examine Respondent to obtain any and all information in Respondent's possession or within Respondent's knowledge regarding ownership and financing of the Temecula Property, the obligation to Ren, transfers of money or assets among Debtor, Respondent, Ren, and the LV Trust, and related topics concerning the administration of the Estate.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Accordingly, the Trustee seeks an order under FRBP 2004 requiring Respondent to sit for examination and to provide documentation to the Trustee relating to the matter listed above. The proposed examination directly relates to the Estate's assets, claims, and matters which may affect the administration of the Estate.

**B. <u>Location of Examination</u>**

The Trustee proposes that the examination be conducted in person on October 16, 2026, at 10:00 a.m. PDT, at the offices of Shulman Bastian Friedman Bui & O'Dea LLP, located at 100 Spectrum Center Drive, Suite 600, Irvine, California 92618. A court reporter will attend the examination, administer the oath to Respondent, and transcribe the examination.

With respect to producing the documents identified in **Exhibit 1**, the production may take place, at Respondent's option, by producing original documents for inspection and copying at the offices of Shulman Bastian Friedman Bui & O'Dea LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618 or by emailing copies of the documents to YYang@shulmanbastian.com, provided that they are received no later than October 16, 2026 at 9:00 a.m. PDT.

**C. <u>Compliance with LBR 2004-1</u>**

Local Bankruptcy Rule ("LBR") 2004-1 provides that:

> (a) Conference Required. Prior to filing a motion for examination or for production of documents under FRBP 2004, the moving party must attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of an examination or production.
>
> (b) Motion. A motion for examination under FRBP 2004 must be filed stating the name, place of residence, and the place of employment of the entity to be examined, if known. The motion must include a certification of counsel stating whether the required conference was held and the efforts made to obtain an agreeable date, time, place, and scope of an examination or production. The motion must also explain why the examination cannot proceed under FRBP 7030 or 9014.

LBR 2004-1(a-b).

In good faith, the Trustee's counsel has attempted to meet and confer with Respondent. On August 24, 2026, the Trustee's counsel sent Respondent a letter ("<u>Letter</u>") concerning the proposed date, time, place, and scope of Respondent's examination and expressly advised Respondent that the letter was intended to serve as the Trustee's meet-and-confer effort. *See* Declaration of Yang

Yang ("Yang Decl."), Exhibit 2, ¶ 4. The Letter was sent to Respondent via first-class mail on August 24, 2026 and the Trustee's counsel requested that Respondent contact him no later than September 7, 2026. Yang Decl., ¶ 4. As of the date of this Motion, the Trustee's counsel has not received a response to from Respondent to the Letter and as such has proposed a date approximately thirty (30) days from the date of this Motion. . Yang Decl., ¶ 5-6. If necessary, the Trustee is willing to reschedule the dates for the document production and Rule 2004 examination as necessary to accommodate Respondent's schedule.

The examination cannot proceed through formal discovery under Federal Rules of Bankruptcy Procedure 7030 or 9014 because Respondent is not a party to any pending adversary proceeding or contested matter concerning the subjects of the proposed examination. Although certain transfers involving the Temecula Property are also at issue in the Riverside Case, the proposed examination is not intended to obtain discovery for that action. Rather, the Trustee seeks to independently investigate the Debtor's interest in and transfers of the Temecula Property, the circumstances surrounding the asserted $500,000 obligation, and potential assets or claims of the Estate.

Accordingly, an examination pursuant to Rule 2004 is appropriate and will assist the Trustee in investigating the Debtor's financial affairs and administering the Estate.

## IV. CONCLUSION

**WHEREFORE**, Trustee requests that the Court enter an order as follows:

1. Authorizing Trustee to proceed with a subpoena to compel Respondent to produce the documents identified in **Exhibit 1** on October 2, 2026, at 9:00 a.m. PDT, at the office of Shulman Bastian Friedman Bui & O'Dea LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618 through United States mail, personal delivery, or electronic transmission; and

2. Compelling Respondent to appear for an in-person examination on October 16, 2026, at 10:00 a.m. PDT, at the offices of Shulman Bastian Friedman Bui & O'Dea LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618.

3. Authorizing the Trustee to reschedule the date and time of the production of documents and examination for a later date, upon two (2) days written notice to Respondent.

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

DATED: September 15, 2026

By: */s/ Yang Yang*

Lynda T. Bui
Rika M. Kido
Yang Yang
Attorneys for Charles W. Daff, Chapter 7 Trustee

**DECLARATION OF YANG YANG**

I, Yang Yang, declare as follows:

1. I am an associate with Shulman Bastian Friedman Bui & O'Dea LLP, counsel for Charles W. Daff, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Bin Zhang ("Debtor"). I am an attorney at law licensed to practice before the Courts for the Central District of California and if called upon to do so, I could and would competently testify as to the facts contained herein as they are personally known to me to be true

2. I make this declaration in support of the Trustee's Motion for an Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016 for an Examination of Ying Ying Lv ("Respondent") and for Production of Documents. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

3. In order to assist in the investigation of the Debtor's financial affairs, the Trustee will need Respondent to produce the "Documents" requested in the Motion as that term is defined in **Exhibit 1** attached hereto.

4. On August 24, 2026, I sent Respondent a meet-and-confer letter ("Letter") regarding a Rule 2004 examination and the production of documents. The Letter expressly stated that it was intended to serve as the Trustee's formal request to meet and confer regarding the date, time, place, and scope of the proposed Rule 2004 examination and document production concerning the topics identified therein. A true and correct copy of the Letter is attached hereto as **Exhibit 2**.

5. The Letter requested that Respondent contact me no later than September 7, 2026, to discuss the proposed examination and document production, and advised that, if no response was received by that date, the Trustee would proceed with seeking Court approval for the Rule 2004 examination and production of documents using the dates proposed in the Letter.

6. As of the date of this Declaration, I have not received any response from Respondent to the Letter, whether by telephone, email, mail, in person, or by any other means.

7. I believe that examination of the Respondent under Rule 2004(b) of the FRBP will assist the Trustee in identifying further assets of the Estate.

8. The purpose of this Motion and the requested examination is to facilitate the Trustee's investigation into the Debtor's financial affairs and the transfers of valuable assets. Accordingly, the Trustee seeks an order under FRBP 2004 requiring Respondent to provide documentation to the Trustee relating to the Debtor. As such, the proposed examination directly relates to the Estate's assets and matters which may affect the administration of the estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2026, at Irvine, California.

*/ /s/ Yang Yang*
Yang Yang

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# EXHIBIT 1

**EXHIBIT 1**

Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, Charles W. Daff, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Bin Zhang ("Debtor"), hereby propounds his Request for Production and Inspection of Documents as follows:

**Definitions**

1. The terms "YOU" and "YOUR" means and refers to Ying Ying Lv, including agents and anyone acting on YOUR behalf.

2. The term "DEBTOR" means and refers to Bin Zhang, including agents and anyone acting on DEBTOR's behalf.

3. The term "LV TRUST" means and refers to LV Trust, dated on August 3, 2022, including agents and anyone acting on LV TRUST's behalf.

4. The term "REN" means and refers to Ruiling Ren, including agents and anyone acting on REN's behalf.

5. The term "TEMECULA PROPERTY" means and refers to the real property located at 33276 Alagon St, Temecula, CA 92592.

6. The term "DEED OF TRUST" means the refers to the Deed of Trust for Five Hundred Thousand Dollars ($500,000.00) in favor of REN recorded against the TEMECULA PROPERTY on October 5, 2022 in the Official Records of the County of Riverside, Instrument No. 2022-0418937.

7. The term "BANKRUPTCY CASE" means and refers to Bankruptcy Case No. 6:26-bk-10840-SY, filed by Debtor on February 3, 2026.

8. The terms "COMMUNICATION" or "COMMUNICATIONS" mean any transmission, relation or delivery of things, facts, thoughts or ideas by any means, method, or medium on or by which intelligence or information can be delivered, transported, recorded, maintained or retrieved, including telephonic face to face conversation, without limitation, any handwritten, typed, printed, graphic, electric, magnetic, or illustrative material of any kind or description, including drafts and final versions, originals and reproductions, signed and unsigned versions, however produced or reproduced, and regardless of whether approved, signed, sent,

received, redrafted, prepared by or for, or in the possession, custody or control of the party to whom this discovery is propounded or any other person(s) acting or purporting to act on behalf of such party.

9. The terms and phrases "REFER," "REFLECT," "RELATE TO," "RELATE", "RELATED TO", "RELATING TO", "SUPPORT", "EVIDENCE", "EVIDENCING" or "REFERRED" shall mean referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

10. The terms "WRITINGS" or "DOCUMENTS" shall mean and include any medium upon which intelligence or information can be recorded, maintained or retrieved, including, without limitation, the original and each copy, regardless of origin and location, of any correspondence (including any written memorandum of a telephone conversation, other communication, discussion, agreement and any other act, transaction or activity), book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), contract, agreement, study, report, analysis, invoice, bill, time sheet, time cards, expense voucher, receipt, book of account (including cash disbursement journal, cash receipt journal, income statement or reconciliation statement), financial statement, order form, record, bond, requisition, plan, drawing, specification, sound recording, minutes, diary, bylaws, articles of incorporation, calendar, telegram, message, handwritten note, draft working paper, photostat, microfilm, film, photograph, comparison, print, graph, drawing, sketch, chart, summary, data sheet, data processing card, tape, advertisement, and any other written, recorded, transcribed, punched, taped, filmed or graphic, photographic or electronic matter of any kind or nature (including marginal comments appearing on any WRITING or any other DOCUMENT) however produced or reproduced, which is in YOUR possession, custody or control, or which YOU have a right or privilege to examine upon request or demand. DOCUMENTS expressly include all ELECTRONIC RECORDS.

///

///

**Documents**

1. All DOCUMENTS RELATING TO the LV TRUST.

2. All DOCUMENTS RELATING TO the DEED OF TRUST, including but not limited to the Promissory Note dated August 1, 2022 referenced in the DEED OF TRUST and any extension of renewal thereof.

3. All YOUR COMMUNICATIONS with DEBTOR RELATING TO the LV TRUST.

4. All YOUR COMMUNICATIONS with DEBTOR RELATING TO REN.

5. All YOUR COMMUNICATIONS with DEBTOR RELATING TO the BANKRUPTCY CASE.

6. All DOCUMENTS RELATING TO any gifts, loans, or transfers from REN to DEBTOR.

7. All DOCUMENTS RELATING TO any property purchased, titled, or held in YOUR name using funds derived from DEBTOR.

8. All DOCUMENTS RELATING TO any property purchased, titled, or held in YOUR name.

9. All federal and state tax returns filed by the LV TRUST, including all schedules and attachments, for the period 2023 through the present.

10. All DOCUMENTS RELATING TO any transfers of money or assets between DEBTOR and REN, including the source and use of such funds.

11. All DOCUMENTS RELATING TO any loans, advances, or transfers of money or assets from DEBTOR to YOU.

12. All DOCUMENTS RELATING TO any transfers of money or assets between REN and YOU, including the source and use of such funds.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

EXHIBIT 2

shulman bastian
friedman bui & o'dea LLP

Yang Yang
Attorney at Law
yyang@shulmanbastian.com

Please reply to Irvine

James C. Bastian, Jr.
Shane M. Biornstad*
Lynda T. Bui
Bryan W. Cabrera
Max Casal
Franklin J. Contreras, Jr.
Melissa Davis Lowe
Alan J. Friedman**
Yaritza A. Gruber
J. Ronald Ignatuk
Rika M. Kido
Mimi Lin
Ryan D. O'Dea
Holly M. Ratzlaff
Leonard M. Shulman
Brooke S. Thompson
Yang Yang

Of Counsel to the Firm
Eric D. Dean

*Also admitted to practice in Nevada

**Also admitted to practice in Texas

August 24, 2026

Via First Class Mail

Ying Ying Lv
33276 Alagon St.
Temecula, CA 91592

Re: In re Bin Zhang
Case No. 6:26-bk-10840-SY

Dear Ms. Lv:

This firm is counsel to the Chapter 7 Trustee, Charles W Daff ("Trustee") in the above captioned bankruptcy case. If you are represented by counsel, please immediately advise.

In the Trustee's efforts to investigate potential sources of recovery for creditors of the bankruptcy estate ("Estate") of Bin Zhang ("Debtor"), certain questions have arisen pertaining to your relationship with Debtor, the LV Trust, dated on August 3, 2022 ("LV Trust"), and your loan from Ruiling Ren ("Ren"). The Trustee requires information from you necessary to assist the Trustee with the administration of the Estate.

As such, please allow this letter to serve as our formal request to meet and confer regarding date, time, place, and scope of a Rule 2004 examination of, and production of documents regarding the topics listed below. The purpose of this correspondence is for us to (1) agree to a date convenient to us both for the production of documents and for your examination, and (2) discuss any concerns that you may have related to the scope of the examination and documents being requested.

We have tentatively scheduled the examination for October 2, 2026 at 10:00 a.m. PST in person at our office located at 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618. Please advise if this date is acceptable. If not, alternative dates available are: October 5, 6, 7. The production of documents shall be due on or before September 18, 2026.

The topics to be covered in the examination include, but are not limited to, the following:

**Definitions**

1. The terms "YOU" and "YOUR" means and refers to Ying Ying Lv, including agents and anyone acting on YOUR behalf.

2. The term "DEBTOR" means and refers to Bin Zhang, including agents and anyone acting on DEBTOR's behalf.

3. The term "LV TRUST" means and refers to LV Trust, dated on August 3, 2022, including agents and anyone acting on LV TRUST's behalf

4. The term "REN" means and refers to Ruiling Ren, including agents and anyone acting on REN's behalf.

5. The term "TEMECULA PROPERTY" means and refers to the real property located at 33276 Alagon St, Temecula, CA 92592.

6. The term "DEED OF TRUST" means the refers to the Deed of Trust for Five Hundred Thousand Dollars ($500,000.00) in favor of REN recorded against the TEMECULA PROPERTY on October 5, 2022 in the Official Records of the County of Riverside, Instrument No. 2022-0418937.

7. The term "BANKRUPTCY CASE" means and refers to Bankruptcy Case No. 6:26-bk-10840-SY, filed by Debtor on February 3, 2026.

8. The terms "COMMUNICATION" or "COMMUNICATIONS" mean any transmission, relation or delivery of things, facts, thoughts or ideas by any means, method, or medium on or by which intelligence or information can be delivered, transported, recorded, maintained or retrieved, including telephonic face to face conversation, without limitation, any handwritten, typed, printed, graphic, electric, magnetic, or illustrative material of any kind or description, including drafts and final versions, originals and reproductions, signed and unsigned versions, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, prepared by or for, or in the possession, custody or control of the party to whom this discovery is propounded or any other person(s) acting or purporting to act on behalf of such party.

9. The terms and phrases “REFER,” “REFLECT,” “RELATE TO,” “RELATE”, “RELATED TO”, “RELATING TO”, “SUPPORT”, “EVIDENCE”, “EVIDENCING” or “REFERRED” shall mean referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

10. The terms “WRITINGS” or “DOCUMENTS” shall mean and include any medium upon which intelligence or information can be recorded, maintained or retrieved, including, without limitation, the original and each copy, regardless of origin and location, of any correspondence (including any written memorandum of a telephone conversation, other communication, discussion, agreement and any other act, transaction or activity), book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), contract, agreement, study, report, analysis, invoice, bill, time sheet, time cards, expense voucher, receipt, book of account (including cash disbursement journal, cash receipt journal, income statement or reconciliation statement), financial statement, order form, record, bond, requisition, plan, drawing, specification, sound recording, minutes, diary, bylaws, articles of incorporation, calendar, telegram, message, handwritten note, draft working paper, photostat, microfilm, film, photograph, comparison, print, graph, drawing, sketch, chart, summary, data sheet, data processing card, tape, advertisement, and any other written, recorded, transcribed, punched, taped, filmed or graphic, photographic or electronic matter of any kind or nature (including marginal comments appearing on any WRITING or any other DOCUMENT) however produced or reproduced, which is in YOUR possession, custody or control, or which YOU have a right or privilege to examine upon request or demand. DOCUMENTS expressly include all ELECTRONIC RECORDS.

**<u>Topics</u>**

1. YOUR relationship with DEBTOR.

2. YOUR relationship with REN.

3. YOUR relationship with LV TRUST.

4. DEBTOR’s relationship with REN.

5. REN’s current address and contact information.

6. Information, including the TEMECULA PROPERTY.

7. YOUR COMMUNICATIONS with DEBTOR RELATED TO REN.

8. YOUR COMMUNICATIONS with DEBTOR RELATED TO the TEMECULA PROPERTY.

9. YOUR COMMUNICATIONS with DEBTOR RELATED TO the LV TRUST.

10. Information RELATED TO the DEED OF TRUST.

11. Information RELATED TO transfers of the TEMECULA PROPERTY.

12. Information RELATED TO transfers of assets from DEBTOR to YOU.

13. Information RELATED TO transfers of assets from DEBTOR to LV TRUST

14. Information RELATED TO transfers of assets from YOU to LV TRUST.

15. Information RELATED TO transfers of money from REN to DEBTOR.

16. Information RELATED TO transfers of money from REN to YOU.

17. YOUR COMMUNICATIONS with DEBTOR RELATED TO the BANKRUPTCY CASE.

18. REN's COMMUNICATIONS with DEBTOR RELATED TO the BANKRUPTCY CASE.

19. YOUR COMMUNICATIONS with REN RELATED TO the DEED OF TRUST.

The documents that will be requested in the 2004 Motion are as follows, using the same Definitions from above:

**Documents**

1. All DOCUMENTS RELATING TO the LV TRUST.

2. All DOCUMENTS RELATING TO the DEED OF TRUST, including but not limited to the Promissory Note dated August 1, 2022 referenced in the DEED OF TRUST and any extension of renewal thereof.

3. All YOUR COMMUNICATIONS with DEBTOR RELATING TO the LV TRUST.

4. All YOUR COMMUNICATIONS with DEBTOR RELATING TO REN.

5. All YOUR COMMUNICATIONS with DEBTOR RELATING TO the BANKRUPTCY CASE.

6. All DOCUMENTS RELATING TO any gifts, loans, or transfers from REN to DEBTOR.

7. All DOCUMENTS RELATING TO any property purchased, titled, or held in YOUR name using funds derived from DEBTOR.

8. All DOCUMENTS RELATING TO any property purchased, titled, or held in YOUR name.

9. All federal and state tax returns filed by the LV TRUST, including all schedules and attachments, for the period 2023 through the present.

10. All DOCUMENTS RELATING TO any transfers of money or assets between DEBTOR and REN, including the source and use of such funds.

11. All DOCUMENTS RELATING TO any loans, advances, or transfers of money or assets from DEBTOR to YOU.

12. All DOCUMENTS RELATING TO any transfers of money or assets between REN and YOU, including the source and use of such funds.

**Please contact me no later than September 7, 2026, to discuss the foregoing.**

If we do not hear from you by then, we will have no choice but to utilize the dates set forth above in our Rule 2004 motion seeking Court approval for the examination and production of documents.

Thank you in advance for your professional courtesy and prompt attention to this matter.

Very truly yours,

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

Yang Yang

YY/tmw

cc: Charles W. Daff, Chapter 7 Trustee (Via Email)
Rika M. Kido, Esq. (i/o)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3550 Vine Street, Suite 200B, Riverside, CA 92507.

A true and correct copy of the foregoing document entitled (*specify*): CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR AN ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 FOR AN EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY YING YING LV; DECLARATION OF YANG YANG IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 15, 2026 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Chapter 7 Trustee: Charles W Daff (TR)** charleswdaff@gmail.com, c122@ecfcbis.com
- **Request for Notice: Evelina Gentry** evelina.gentry@akerman.com, eileen.lewis@akerman.com; reyko.delpino@akerman.com
- **Attorney for Trustee: Rika Kido** rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **Attorney for Debtor: Zheng Liu** Andy.Liu@AptumLaw.us, 4662851420@filings.docketbird.com, bjliuzheng@recap.email,hkoscarlam@gmail.com
- **Interested Party: United States Trustee (RS)** ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 15, 2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
**Bin Zhang**
33276 Alagon St
Temecula, CA 92592

**Respondent/Examinee**
Ying Ying Lv
3376 Alagon St
Temecula, CA 91592

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 15, 2026 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott H. Yun
U.S. Bankruptcy Court
Bin outside of Courtroom 302
3420 Twelfth Street
Riverside, CA 92501

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 15, 2026 | Tonia Wooten | */s/ Tonia Wooten* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |